IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER L. DODGE, Personal Representative of the Estate of Ann Day Wallick, and Individually<br>7214 Chestnut Street<br>Chevy Chase, Maryland  20815<br><br>and<br><br>JONATHAN F. DODGE<br>310 Belvedere Avenue<br>Cambridge, Maryland  21613,<br><br>            Plaintiffs,<br><br>v.<br><br>STEPTOE & JOHNSON, LLP PROFIT SHARING PLAN FOR CLASS O EMPLOYEES<br>1330 Connecticut Avenue, N.W.<br>Washington, DC  20036<br><br>SERVE:   PAUL KRUSE, Administrator,<br>              Steptoe & Johnson, LLP Profit<br>              Sharing Plan for Class O Employees<br>              1330 Connecticut Avenue, N.W.<br>              Washington, DC  20036<br><br>and<br><br>STEPTOE & JOHNSON, LLP CASH OR DEFERRED PROFIT SHARING PLAN<br>1330 Connecticut Avenue, N.W.<br>Washington, DC  20036<br><br>SERVE:   PAUL KRUSE, Administrator,<br>              Steptoe & Johnson, LLP Cash or<br>              Deferred Profit Sharing Plan<br>              1330 Connecticut Avenue, N.W.<br>              Washington, DC  20036 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. _____ |

and                                                              )
                                                                 )
PAUL KRUSE, Plan Administrator for the                           )
Steptoe & Johnson, LLP Profit Sharing Plan                       )
for Class O Employees and for the                                )
Steptoe & Johnson, LLP Cash or Deferred                          )
Profit Sharing Plan                                              )
1330 Connecticut Avenue, N.W.                                    )
Washington, DC   20036                                           )
                                                                 )
and                                                              )
                                                                 )
STEPTOE & JOHNSON, LLP GROUP                                     )
LIFE INSURANCE PLAN                                              )
1330 Connecticut Avenue, N.W.                                    )
Washington, DC   20036                                           )
                                                                 )
SERVE:   STEPTOE & JOHNSON, LLP, Plan                            )
         Administrator                                           )
         1330 Connecticut Avenue, N.W.                           )
         Washington, DC   20036                                  )
                                                                 )
and                                                              )
                                                                 )
STEPTOE & JOHNSON, LLP, Plan                                     )
Administrator of the Steptoe & Johnson,                          )
LLP Group Life Insurance Plan                                    )
1330 Connecticut Avenue, N.W.                                    )
Washington, DC   20036                                           )
                                                                 )
SERVE:   DAVID ROLL, Registered Agent                            )
         1330 Connecticut Avenue, N.W.                           )
         Washington, DC   20036,                                 )
                                                                 )
         Defendants.                                             )

## **COMPLAINT**
**(Action for ERISA Benefits and Related Relief)**

COME NOW the plaintiffs, Christopher L. Dodge and Jonathan F. Dodge, by and

through the undersigned counsel, and make their Complaint against the defendants as follows:

2

**Parties**

1. Plaintiff Christopher L. Dodge is the duly appointed personal representative of the Estate of Ann Day Wallick, Deceased. Plaintiff Christopher L. Dodge is an adult citizen of the United States and a resident of the State of Maryland.

2. Plaintiff Jonathan F. Dodge is an adult citizen of the United States and a resident of the State of Maryland.

3. Defendant Steptoe & Johnson, LLP Profit Sharing Plan for Class O Employees (hereinafter "Class O Plan") is a welfare benefit plan providing profit sharing benefits for certain employees of Steptoe & Johnson, LLP. The Class O Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), Title 29 U.S.C. Sections 1001, *et seq*.

4. The Steptoe & Johnson, LLP Cash or Deferred Profit Sharing Plan (hereinafter "Cash or Deferred Plan") is a welfare benefit plan providing profit sharing benefits for certain employees of Steptoe & Johnson, LLP. The Cash or Deferred Plan is an employee benefit plan as defined by ERISA.

5. Defendant Paul Kruse is the plan administrator for the Class O Plan and the Cash or Deferred Plan. Defendant Kruse is an ERISA fiduciary with respect to said plans.

6. Defendant Steptoe & Johnson, LLP Group Life Insurance Plan (hereinafter "Life Insurance Plan") is a welfare benefit plan providing group life insurance benefits for certain employees of Steptoe & Johnson, LLP. The plan is an employee benefit plan as defined by ERISA.

7.	Defendant Steptoe & Johnson, LLP (hereinafter "Steptoe & Johnson") is a District of Columbia limited liability partnership that serves as plan administrator of the Life Insurance Plan. Steptoe & Johnson is an ERISA fiduciary with respect to said plan.

## Jurisdiction and Venue

8.	This Court has jurisdiction of this matter under Title 29 U.S.C. Sections 1132(e) and (f) (ERISA jurisdiction), as well as Title 28 U.S.C. Section 1331 (federal question jurisdiction).

9.	Venue is proper pursuant to Title 29 U.S.C. Section 1332(e)(2), as it is being brought in the district where the plan is administered, where the breaches took place, and where one or more defendants reside or may be found.

## Facts Common to All Counts

10.	Robert D. Wallick died on December 26, 2004, in Washington, D.C. Prior to his death, Mr. Wallick was a senior partner at the law firm of Steptoe & Johnson and was a former managing partner at that law firm.

11.	At the time of his death, Robert D. Wallick was a plan participant in the Class O Plan, the Cash or Deferred Plan, and the Life Insurance Plan.

12.	At the time of his death, Robert D. Wallick had accumulated certain vested benefits in the Class O Plan and the Cash or Deferred Plan, and he was entitled to certain death benefits under the Life Insurance Plan.

13.	At the time of his death, Robert D. Wallick was married to Ann Day Wallick, his wife of some 35 years.

14.	Ann Day Wallick died May 15, 2006, in Washington, D.C.

## COUNT I
### (Claim for ERISA Benefits-Class O Plan)

15.     All previous paragraphs are realleged as if fully set forth hereat.

16.     On or about September 20, 2005, Ann Day Wallick filed a written claim for benefits with defendant Paul Kruse, plan administrator of the Class O Plan.

17.     The Class O Plan provides that, when a plan participant dies, a death benefit shall be paid to his or her beneficiary.

18.     Under Sections 3.1(c) and 9.7 of the Class O Plan, when a plan participant is legally married on the date of his death, his beneficiary shall be his surviving spouse unless he has filed a sufficient written election otherwise.

19.     Robert D. Wallick had filed no sufficient written election for the Class O Plan as of the date of his death.

20.     Upon information and belief, no person other than Ann Day Wallick has filed a written claim for benefits under the Class O Plan with respect to benefits attributable to the participation of Robert D. Wallick in the Class O Plan.

21.     Contrary to ERISA and its regulations, defendant Paul Kruse, plan administrator of the Class O Plan, has failed and refused to take any action on the claim of Ann Day Wallick.

22.     Defendant Paul Kruse did not pay any of the benefits under the Class O Plan to Ann Day Wallick to which she was entitled.

23.     Defendant Paul Kruse did not serve upon Ann Day Wallick any written decision with regard to benefits, as is required by ERISA and its regulations.

24.   Defendant Paul Kruse has not sought to extend time to render his decision with respect to Class O Plan benefits, and he has not sought additional information concerning the claim for benefits from Ann Day Wallick.

25.   By the acts and omissions of its plan administrator as aforesaid, defendant Class O Plan has failed to follow reasonable claims procedures as mandated by ERISA and its regulations.

26.   By the acts and omissions of its plan administrator as aforesaid, defendant Class O Plan is deemed to have denied the written claim of Ann Day Wallick for benefits, and she is deemed to have exhausted her administrative remedies under ERISA and its regulations.

27.   The failure and refusal of defendant Class O Plan to pay benefits to Ann Day Wallick or her Estate is wrongful and contrary to law.

28.   As a direct and proximate result of the acts and omissions as aforesaid, plaintiff Christopher L. Dodge, as personal representative of the Estate of Ann Day Wallick, has been damaged in the amount of $500,000.

WHEREFORE, plaintiff Christopher L. Dodge, as personal representative, prays for the entry of an injunction, both preliminary and permanent, against defendants Class O Plan and Paul Kruse, directing said defendants to provide all accrued Class O Plan benefits attributable to Robert D. Wallick to the plaintiff; that, in the alternative, judgment be awarded plaintiff Christopher L. Dodge, as personal representative, against defendants Class O Plan and Paul Kruse, jointly and severally, for the payment of benefits due under the terms of the Class O Plan in the amount of $500,000, plus prejudgment interest; that plaintiff Christopher L. Dodge be awarded attorneys' fees as provided under ERISA, as well as payment of his costs of this action;

and that plaintiff Christopher L. Dodge have all such other and further relief as the Court may deem just and proper.

## COUNT II
### (Claim for ERISA Benefits-Cash or Deferred Plan)

29. All previous paragraphs are realleged as if fully set forth hereat.

30. On or about September 20, 2005, Ann Day Wallick filed a written claim for benefits with defendant Paul Kruse, plan administrator of the Cash or Deferred Plan.

31. The Cash or Deferred Plan provides that, when a plan participant dies, a death benefit shall be paid to his or her beneficiary.

32. Under Sections 10.5(a) and 10.9 of the Cash or Deferred Plan, when a plan participant is legally married on the date of his death, his beneficiary shall be his surviving spouse unless he has filed a sufficient written election otherwise.

33. Robert D. Wallick had filed no sufficient written election for the Cash or Deferred Plan as of the date of his death.

34. Upon information and belief, no person other than Ann Day Wallick has filed a written claim for benefits under the Cash or Deferred Plan with respect to benefits attributable to the participation of Robert D. Wallick in the Cash or Deferred Plan.

35. Contrary to ERISA and its regulations, defendant Paul Kruse, plan administrator of the Cash or Deferred Plan, has failed and refused to take any action on the claim of Ann Day Wallick.

36. Defendant Paul Kruse did not pay any of the benefits under the Cash or Deferred Plan to Ann Day Wallick to which she was entitled.

37. Defendant Paul Kruse did not serve upon Ann Day Wallick any written decision with regard to benefits, as is required by ERISA and its regulations.

38. Defendant Paul Kruse has not sought to extend time to render his decision with respect to Cash or Deferred Plan benefits, and he has not sought additional information concerning the claim for benefits from Ann Day Wallick.

39. By the acts and omissions of its plan administrator as aforesaid, defendant Cash or Deferred Plan has failed to follow reasonable claims procedures as mandated by ERISA and its regulations.

40. By the acts and omissions of its plan administrator as aforesaid, defendant Class O Plan is deemed to have denied the written claim of Ann Day Wallick for benefits, and she is deemed to have exhausted her administrative remedies under ERISA and its regulations.

41. The failure and refusal of defendant Cash or Deferred Plan to pay benefits to Ann Day Wallick or her Estate is wrongful and contrary to law.

42. As a direct and proximate result of the acts and omissions as aforesaid, plaintiff Christopher L. Dodge, as personal representative of the Estate of Ann Day Wallick, has been damaged in the amount of $2,000,000.

WHEREFORE, plaintiff Christopher L. Dodge, as personal representative, prays for the entry of an injunction, both preliminary and permanent, against defendants Cash or Deferred Plan and Paul Kruse, directing said defendants to provide all accrued Cash or Deferred Plan benefits attributable to Robert D. Wallick to the plaintiff; that, in the alternative, judgment be awarded plaintiff Christopher L. Dodge, as personal representative, against defendants Class O Plan and Paul Kruse, jointly and severally, for the payment of benefits due under the terms of the Cash or

Deferred Plan in the amount of $2,000,000, plus prejudgment interest; that plaintiff Christopher L. Dodge be awarded attorneys' fees as provided under ERISA, as well as payment of his costs of this action; and that plaintiff Christopher L. Dodge have all such other and further relief as the Court may deem just and proper.

## COUNT III
### (Claim for ERISA Benefits-Life Insurance Plan)

43.     All previous paragraphs are realleged as if fully set forth hereat.

44.     On or about September 20, 2005, Ann Day Wallick filed a written claim for benefits in accordance with the requirements of the Life Insurance Plan.

45.     The Life Insurance Plan provides that, when a plan participant dies, a death benefit shall be paid either to such participant's estate or to surviving family members in a listed order of priority. A plan participant's surviving spouse has the highest priority on said list.

46.     Upon information and belief, no person other than Ann Day Wallick has filed a written claim for benefits under the Life Insurance Plan with respect to benefits attributable to the participation of Robert D. Wallick in the Life Insurance Plan.

47.     Contrary to ERISA and its regulations, defendant Steptoe & Johnson, plan administrator of the Life Insurance Plan, has failed and refused to take any action on the claim of Ann Day Wallick.

48.     Defendant Steptoe & Johnson did not pay any of the benefits under the Life Insurance Plan to Ann Day Wallick to which she was entitled.

49.     Defendant Steptoe & Johnson did not serve upon Ann Day Wallick any written decision with regard to benefits, as is required by ERISA and its regulations.

50. Defendant Steptoe & Johnson has not sought to extend time to render its decision with respect to Life Insurance Plan benefits, and it has not sought additional information concerning the claim for benefits from Ann Day Wallick.

51. By the acts and omissions of its plan administrator as aforesaid, defendant Life Insurance Plan has failed to follow reasonable claims procedures as mandated by ERISA and its regulations.

52. By the acts and omissions of its plan administrator as aforesaid, defendant Life Insurance Plan is deemed to have denied the written claim of Ann Day Wallick for benefits, and she is deemed to have exhausted her administrative remedies under ERISA and its regulations.

53. The failure and refusal of defendant Life Insurance Plan to pay benefits to Ann Day Wallick or her Estate is wrongful and contrary to law.

54. As a direct and proximate result of the acts and omissions as aforesaid, plaintiff Christopher L. Dodge, as personal representative of the Estate of Ann Day Wallick, has been damaged in the amount of $250,000.

WHEREFORE, plaintiff Christopher L. Dodge, as personal representative, prays for the entry of an injunction, both preliminary and permanent, against defendants Life Insurance Plan and Steptoe & Johnson, directing said defendants to provide all accrued Life Insurance Plan benefits attributable to Robert D. Wallick to the plaintiff; that, in the alternative, judgment be awarded plaintiff Christopher L. Dodge, as personal representative, against defendants Life Insurance Plan and Steptoe & Johnson, jointly and severally, for the payment of benefits due under the terms of the Life Insurance Plan in the amount of $250,000, plus prejudgment interest; that plaintiff Christopher L. Dodge be awarded attorneys' fees as provided under ERISA, as well

as payment of his costs of this action; and that plaintiff Christopher L. Dodge have all such other and further relief as the Court may deem just and proper.

## COUNT IV
### (Alternative Claim for ERISA Benefits-Class O Plan)

55. Paragraphs 1 through 28 are realleged as if fully set forth hereat.

56. Plaintiffs Christopher L. Dodge and Jonathan F. Dodge are the only children of Ann Day Wallick, deceased.

57. On November 29, 2005, Ann Day Wallick executed a Beneficiary Designation Form for Beneficiaries for Steptoe & Johnson, LLP Retirement Plans.

58. Said Beneficiary Designation Form for Beneficiaries designated plaintiffs Christopher L. Dodge and Jonathan F. Dodge as the beneficiaries of Ann Day Wallick with respect to the Class O Plan and the Cash or Deferred Plan.

59. Said Beneficiary Designation Form for Beneficiaries was mailed on or about November 30, 2005, to Paul Kruse, Plan Administrator of said plans.

60. Said Beneficiary Designation Form for Beneficiaries was received by Paul Kruse in or about the first week of December 2005.

61. Said Beneficiary Designation Form for Beneficiaries was in all respects effective to properly designate the beneficiaries of Ann Day Wallick with respect to the Class O Plan and the Cash or Deferred Plan.

62. Said Beneficiary Designation Form for Beneficiaries was, and is, binding upon the Class O Plan and the Cash or Deferred Plan.

63. In the event that it is determined that the Beneficiary Designation Form for Beneficiaries serves to divest the Estate of Ann Day Wallick of rights in the Class O Plan, the plaintiffs then plead in the alternative that they are each entitled to fifty percent (50%) of the benefits in the Class O Plan to which Ann Day Wallick was entitled upon the death of Robert D. Wallick.

64. As a direct and proximate result of the acts and omissions of the Class O Plan and Paul Kruse as aforesaid, the plaintiffs have been damaged in the amount of $500,000.

WHEREFORE, plaintiffs Christopher L. Dodge, individually, and Jonathan F. Dodge pray for the entry of an injunction both preliminary and permanent, against defendants Class O Plan and Paul Kruse, directing said defendants to provide all accrued Class O Plan benefits attributable to Robert D. Wallick to the plaintiffs; that, in the alternative, judgment be awarded to Christopher L. Dodge, individually, and Jonathan F. Dodge against defendants Class O Plan and Paul Kruse, jointly and severally, for payments of benefits due under the terms of the Class O Plan in the amount of $500,000, plus prejudgment interest; that plaintiff Christopher L. Dodge, individually, and Jonathan F. Dodge be awarded attorneys' fees as provided under ERISA, as well as payment of their costs of this action; and that plaintiffs Christopher L. Dodge, individually, and Jonathan F. Dodge have all such other and further relief as the Court may deem just and proper.

## COUNT V
### (Alternative Claim for ERISA Benefits-Cash or Deferred Plan)

65. Paragraphs 1 through 14, 29 through 42, and 55 through 64 are realleged as if fully set forth hereat.

66.     In the event that it is determined that the Beneficiary Designation Form for Beneficiaries serves to divest the Estate of Ann Day Wallick of rights in the Cash or Deferred Plan, the plaintiffs then plead in the alternative that they are each entitled to fifty percent (50%) of the benefits in the Cash or Deferred Plan to which Ann Day Wallick was entitled upon the death of Robert D. Wallick.

67.     As a direct and proximate result of the acts and omissions of the Cash or Deferred Plan and Paul Kruse aforesaid, plaintiffs Christopher L. Dodge and Jonathan F. Dodge have been damaged in the amount of $2,000,000.

WHEREFORE, Christopher L. Dodge, individually, and Jonathan F. Dodge pray for the entry of an injunction, both preliminary and permanent, against defendants Cash or Deferred Plan and Paul Kruse, directing said defendants to provide all accrued Cash or Deferred Plan benefits attributable to Robert D. Wallick to the plaintiffs; that, in the alternative, judgment be awarded plaintiff Christopher L. Dodge, individually, and Jonathan F. Dodge against defendants Cash or Deferred Plan and Paul Kruse, jointly and severally, for the payment of benefits due under the terms of the Cash or Deferred Plan in the amount of $2,000,000, plus prejudgment interest; that plaintiff Christopher L. Dodge, individually, and Jonathan F. Dodge, be awarded attorneys' fees as provided under ERISA, as well as payments of their costs of this action; and that plaintiffs Christopher L. Dodge, individually, and Jonathan F. Dodge have all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BORING & PILGER, P.C.


　/s/ Karl W. Pilger
Karl W. Pilger (Bar #941955)
307 Maple Avenue West, Suite D
Vienna, Virginia   22180-4307
Phone: (703) 281-2161
Fax:    (703) 281-9464
*Counsel for Christopher L. Dodge,*
*Personal Representative of the Estate of*
*Ann Day Wallick, and individually;*
*Counsel for Jonathan F. Dodge*