IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER L. DODGE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-01368 (RBW) |
| | ) | |
| STEPTOE & JOHNSON, LLP PROFIT SHARING | ) | |
| PLAN FOR CLASS O EMPLOYEES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ANSWER AND COUNTERCLAIM IN INTERPLEADER

Defendants Steptoe & Johnson, LLP, Steptoe & Johnson, LLP Profit Sharing Plan for

Class O Employees, Steptoe & Johnson, LLP Cash or Deferred Profit Sharing Plan, Paul Kruse,

and Steptoe & Johnson, LLP Group Life Insurance Plan (collectively "Defendants"), by their

undersigned attorneys, hereby answer Plaintiffs' Complaint as follows:

PARTIES

1.      In answering paragraph 1 of Plaintiffs' Complaint, Defendants are without

sufficient knowledge and/or information to admit or deny, and thus deny, the allegations

contained therein.

2.      In answering paragraph 2 of Plaintiffs' Complaint, Defendants are without

sufficient knowledge and/or information to admit or deny, and thus deny, the allegations

contained therein.

3.      In answering paragraph 3 of Plaintiffs' Complaint, Defendants admit the

allegations contained in the second sentence therein, but deny the remaining allegations

contained in paragraph 3 of Plaintiffs' Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

CHRISTOPHER L. DODGE, *et al.*,    )
                                   )
            Plaintiffs,            )
                                   )
        v.                         )    Civil Action No. 06-01368 (RBW)
                                   )
STEPTOE & JOHNSON, LLP PROFIT SHARING )
PLAN FOR CLASS O EMPLOYEES, *et al.*  )
                                   )
            Defendants.            )
                                   )

ANSWER AND COUNTERCLAIM IN INTERPLEADER

Defendants Steptoe & Johnson, LLP, Steptoe & Johnson, LLP Profit Sharing Plan for

Class O Employees, Steptoe & Johnson, LLP Cash or Deferred Profit Sharing Plan, Paul Kruse,

and Steptoe & Johnson, LLP Group Life Insurance Plan (collectively "Defendants"), by their

undersigned attorneys, hereby answer Plaintiffs' Complaint as follows:

PARTIES

1.      In answering paragraph 1 of Plaintiffs' Complaint, Defendants are without

sufficient knowledge and/or information to admit or deny, and thus deny, the allegations

contained therein.

2.      In answering paragraph 2 of Plaintiffs' Complaint, Defendants are without

sufficient knowledge and/or information to admit or deny, and thus deny, the allegations

contained therein.

3.      In answering paragraph 3 of Plaintiffs' Complaint, Defendants admit the

allegations contained in the second sentence therein, but deny the remaining allegations

contained in paragraph 3 of Plaintiffs' Complaint.

4.    In answering paragraph 4 of Plaintiffs' Complaint, Defendants admit the allegations contained in the second sentence therein, but deny the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.    Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.    Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.    Defendants admit the allegations contained in paragraph 7 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

8.    In answering paragraph 8 of Plaintiffs' Complaint, Defendants admit that Plaintiffs claim that jurisdiction is proper in this Court, but deny that they have engaged in any wrongdoing as alleged by Plaintiffs' Complaint.

9.    In answering paragraph 9 of Plaintiffs' Complaint, Defendants admit that Plaintiffs claim that venue is proper in this Court, but deny that they have engaged in any wrongdoing as alleged by Plaintiffs' Complaint.

## FACTS COMMON TO ALL COUNTS

10.    In answering paragraph 10 of Plaintiffs' Complaint, Defendants admit the allegations contained in the second sentence therein.  Defendants are without sufficient knowledge and/or information to admit or deny, and thus deny, the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.    Defendants admit the allegations contained in paragraph 11 of Plaintiffs' Complaint.

DC1 30172205.3

12.     Defendants admit the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.     In answering paragraph 13 of Plaintiffs' Complaint, Defendants are without sufficient knowledge and/or information to admit or deny, and thus deny, the allegations contained therein.

14.     In answering paragraph 14 of Plaintiffs' Complaint, Defendants are without sufficient knowledge and/or information to admit or deny, and thus deny, the allegations contained therein.

COUNT I
(Claim for ERISA Benefits-Class O Plan)

15.     In answering paragraph 15 of Plaintiffs' Complaint, Defendants incorporate by reference their answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

16.     Defendants admit the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     In answering paragraph 17 of Plaintiffs' Complaint, because Plaintiffs paraphrase rather than quote directly from the referenced sections and document, Defendants deny the allegations contained therein.

18.     In answering paragraph 18 of Plaintiffs' Complaint, Because Plaintiffs paraphrase rather than quote directly from the referenced sections and document, Defendants deny the allegations contained therein.

19.     The allegations in paragraph 19 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

DC1 30172205.3

20.     Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.  Defendants further deny the allegations contained in the "wherefore" clause that follows paragraph 28 and that Plaintiffs are entitled to any of the relief requested therein or any other relief.

<u>COUNT II</u>
(Claim for ERISA Benefits-Cash or Deferred Plan)

4

29.     In answering paragraph 29 of Plaintiffs' Complaint, Defendants incorporate by reference their answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

30.     Defendants admit the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Defendants admit the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     In answering paragraph 32 of Plaintiffs' Complaint, Because Plaintiffs paraphrase rather than quote directly from the referenced sections and document, Defendants deny the allegations contained therein.

33.     In answering paragraph 33 of Plaintiffs' Complaint, Because Plaintiffs paraphrase rather than quote directly from the referenced sections and document, Defendants deny the allegations contained therein.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiffs'
Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiffs'
Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiffs'
Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiffs'
Complaint.  Defendants further deny the allegations contained in the "wherefore" clause that
follows paragraph 42 and that Plaintiffs are entitled to any of the relief requested therein or any
other relief.

COUNT III
(Claim for ERISA Benefits-Life Insurance Plan)

43.     In answering paragraph 43 of Plaintiffs' Complaint, Defendants incorporate by
reference their answers to each of the preceding paragraphs of the Complaint as if fully set forth
herein.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiffs'
Complaint.

45.     Because Plaintiffs paraphrase rather than quote directly from the referenced
document, Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiffs'
Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiffs'
Complaint.

DC1 30172205.3

48.     Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of Plaintiffs' Complaint.  Defendants further deny that Plaintiffs are entitled to any of the relief requested in their prayer for relief, or any other relief.

<u>COUNT IV</u>
(Alternative Claim for ERISA Benefits-Class O Plan)

55.     In answering paragraph 55 of Plaintiffs' Complaint, Defendants incorporate by reference their answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

56.     In answering paragraph 56 of Plaintiffs' Complaint, Defendants are without sufficient knowledge and/or information to admit or deny, and thus deny, the allegations contained therein.

7

57.     In answering paragraph 57 of Plaintiffs' Complaint, Defendants are without sufficient knowledge and/or information to admit or deny, and thus deny, the allegations contained therein.

58.     In answering paragraph 58 of Plaintiffs' Complaint, Defendants are without sufficient knowledge and/or information to admit or deny, and thus deny, the allegations contained therein.

59.     In answering paragraph 59 of Plaintiffs' Complaint, Defendants are without sufficient knowledge and/or information to admit or deny, and thus deny, the allegations contained therein.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     The allegations in paragraph 61 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.     The allegations in paragraph 62 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.     In answering paragraph 63 of Plaintiffs' Complaint, Defendants admit that Plaintiffs are pleading in the alternative that they are each entitled to 50% of the benefits in the Class O Plan, but deny that Plaintiffs are entitled to any of the relief requested therein or any other relief.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.  Defendants further deny the allegations contained in the "wherefore" clause that

8

follows paragraph 64 and that Plaintiffs are entitled to any of the relief requested therein or any other relief.

COUNT V

(Alternative Claim for ERISA Benefits-Cash or Deferred Plan)

65.     In answering paragraph 65 of Plaintiffs' Complaint, Defendants incorporate by reference their answers to each of the preceding paragraphs of the Complaint as if fully set forth herein.

66.     In answering paragraph 66 of Plaintiffs' Complaint, Defendants admit that Plaintiffs are pleading in the alternative that they are each entitled to 50% of the benefits of the Cash or Deferred Plan, but deny that Plaintiffs are entitled to any of the relief requested therein or any other relief.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint. Defendants further deny the allegations contained in the "wherefore" clause that follows paragraph 67 and that Plaintiffs are entitled to any of the relief requested therein or any other relief.

DEFENSES AND AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have. Defendants expressly reserve its right to assert additional defenses should the precise nature of Plaintiffs' claims become clear. By pleading the following as Affirmative Defenses, Defendants do not concede that each of the matters covered by the numbered defenses are to be proven by Defendants, and Defendants reserve their position that Plaintiffs retain the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish their alleged damages.

9

1.    All or a portion of Plaintiffs' claims are barred by the doctrine of unjust enrichment.

2.    Plaintiffs have not exhausted their administrative remedies in accordance with the governing ERISA plans' current claims and appeal procedures.

3.    Plaintiffs are not entitled to damages because the alleged benefit funds have been withheld pursuant to a bona fide dispute between Plaintiffs and Defendants as to who is the rightful recipient of the funds, and because there is no statutory availability for punitive damages in an ERISA action.

4.    Under ERISA, Plaintiffs are barred from seeking compensatory, punitive, or any other monetary damages.  Accordingly, Plaintiffs are barred from asserting any damages or remedies that extend beyond the recovery of benefits due under the terms of the Plans.

5.    Under ERISA, plan administrators cannot be held personally liable for the payment of benefits.  Therefore, Plaintiffs are prohibited from seeking benefit payments from Defendants Paul Kruse and Steptoe & Johnson LLP in their individual capacities.

6.    Plaintiffs are barred from seeking life insurance benefit payments from Defendants, as none of the Defendants have control of or authority to distribute benefit payments from the Steptoe & Johnson LLP Group Life Insurance Plan and Plaintiffs' claims for life insurance benefits against Defendants must be dismissed because all claims for the decedent's life insurance must be filed with the claims administrator, Unum Life Insurance Company of America.

Defendants reserve the right to amend this Answer to add or delete affirmative defenses as further investigation, discovery, and circumstances may warrant.

DC1 30172205.3

**WHEREFORE**, Defendants pray that:

1.      Plaintiffs' Complaint be dismissed with prejudice in its entirety, and that judgment be entered in Defendants' favor.

2.      The Court deny Plaintiffs' requested relief.

3.      The Court award Defendants their costs and attorneys' fees.

DC1 30172205.3

## COUNTERCLAIM IN INTERPLEADER

**COMES NOW** Defendants and Counterclaim-Plaintiffs Steptoe & Johnson LLP and

Paul Kruse ("Interpleader Plaintiffs"), in their capacities as Plan Administrators for Steptoe &

Johnson LLP Group Life Insurance Plan and Steptoe & Johnson LLP Profit Plan for Class O

Employees, Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan respectively, and bring

this Counterclaim in Interpleader pursuant to Rules 13 and 22 of the Federal Rules of Civil

Procedure and 28 U.S.C. § 1335, and against Christopher L. Dodge individually and in his

capacity as the Personal Representative of the Estate of Ann Day Wallick, Jonathan F. Dodge in

his individual capacity, Robert D. Wallick, Jr., Jennifer Wallick Nelson, Jonathan R. Wallick,

and Peter Wellington, in his capacity as both the Trustee of that certain 1999 Robert D. Wallick

Marital Trust and the Personal Representative of the Estate of Robert D. Wallick, and for their

claims for relief state as follows:

## JURISDICTION AND VENUE

1.      This Counterclaim in Interpleader seeks to determine who is entitled to benefits

under certain employee benefit plans governed by the Employee Retirement Income Security Act

of 1974 ("ERISA"), codified at 29 U.S.C. §§ 1001, *et seq.*, in which Robert D. Wallick was a

participant.

2.      This Court has ancillary jurisdiction over the claims in this compulsory

counterclaim. "If a counterclaim is compulsory, the federal court will have ancillary jurisdiction

over it even though ordinarily it would be a matter for state court." Baker v. Gold Seal Liquors,

417 U.S. 467 (1974). "[F]ederal courts have long entertained compulsory counterclaims without

requiring an independent basis of subject matter jurisdiction." Fiondella v. Tidwell, No. 95-535,

1996 U.S. Dist. LEXIS 17462 (D.D.C. Nov. 13, 1996) (citing Owen Equipment & Erection Co.

v. Kroger, 437 U.S. 365 (1978). See also Commercial Union Ins. Co. v. U.S., 999 F.2d 581

(D.C. Cir. 1993).

3.    This Court also has subject matter jurisdiction over the claims in this counterclaim

under the federal interpleader statute. 28 U.S.C. § 1335.

4.    This Court also has federal subject matter jurisdiction under 29 U.S.C. §

1132(e)(1) and 28 U.S.C. § 1331. An interpleader action is an authorized action for equitable

relief by a fiduciary to enforce employee benefit plans' terms under ERISA § 502(a)(3)(B)(ii),

codified at 29 U.S.C. § 1132(a)(3)(B)(ii).

5.    This Court also has supplemental jurisdiction over the claims in this counterclaim

under 28 U.S.C. §§ 1367.

6.    Venue is proper under ERISA § 502(e)(2), codified at 29 U.S.C. § 1132(e)(2),

because the employee benefits plans are administered in this District. Venue is also proper under

28 U.S.C. § 1397 as the estates of Ann Day Wallick and Robert Wallick reside in this District.

<u>THE PARTIES, THE PLANS AND THE DECEDENT</u>

7.    Steptoe & Johnson LLP ("Steptoe") is the plan administrator of the Steptoe &

Johnson LLP Group Life Insurance Plan ("Life Insurance Plan"). Steptoe is an ERISA fiduciary

under 29 U.S.C. § 1002(21)(A)(iii), and it brings this counterclaim in its capacity as Plan

Administrator of the Life Insurance Plan, an ERISA employee benefit plan. A true copy of the

most recent revision of the Life Insurance Plan Summary of Benefits is attached as Exhibit 1.

8.    Paul Kruse ("Kruse") is Chief Operating Officer of the Washington, D.C.-based

law firm of Steptoe & Johnson LLP. Kruse is an ERISA fiduciary under 29 U.S.C. §

1002(21)(A)(iii), and he brings this counterclaim in his capacity as Plan Administrator of: 1) The

Steptoe & Johnson LLP Profit Sharing Plan for Class O Employees (the "Class O Plan"); and 2)

13

The Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan (the "Cash or Deferred Plan") (collectively the "Plans"). A true copy of the Class O Plan is attached hereto as Exhibit 2. A true copy of the Cash or Deferred Plan is attached as Exhibit 3.

9.      Decedent Robert D. Wallick ("Mr. Wallick") was a partner of Steptoe & Johnson LLP and a participant in the Plans.

10.      Upon information and belief, Robert D. Wallick was married to Edith Helmbold Wallick, his first wife, prior to 1969. The following children, now adults, were conceived from this marriage: Robert D. Wallick, Jr., Jennifer Wallick Nelson, and Jonathan R. Wallick (collectively the "Wallick Children"). Upon information and belief, the three Wallick Children are residents of Massachusetts, California and West Virginia, respectively.

11.      Upon information and belief, Mr. Wallick subsequently became married to Ann Day Wallick in or about 1969. Ann Day Wallick conceived the following children, now adults, from a previous marriage: Christopher L. Dodge and Jonathan F. Dodge (collectively the "Dodge Children"). Upon information and belief, Christopher Dodge is also the personal representative of Ann Day Wallick's estate and both of the Dodge Children are residents of Maryland.

12.      Mr. Wallick is not the biological father of the Dodge Children.

13.      Peter Wellington ("Wellington") is, on information and belief, the Trustee of the 1999 Robert D. Wallick Marital Trust (the "1999 Trust"), and Wellington is sued in that capacity. The 1999 Trust is a marital trust created by Mr. Wallick's last will and testament dated August 30, 1999 (the "1999 Will"). A true copy of a December 14, 2000 memo from Mr. Wallick, enclosing the 1999 Will creating the 1999 Trust, is attached as Exhibit 4.

14.    Wellington is also, on information and belief, the Personal Representative of the Estate of Robert D. Wallick (the "Wallick Estate"), and Wellington is sued in that capacity as well.

## PLAN BENEFITS AND BENEFICIARY DESIGNATIONS

15.    The Plans each provide that, when a participant dies, a benefit shall be paid to his or her beneficiary.

16.    Under Sections 3.1(c) and 9.7 of the Class O Plan, when a participant is legally married on the date of death, his beneficiary shall be his surviving spouse unless he has filed a sufficient written election otherwise.  In that election, the spouse must expressly waive his or her right to be the beneficiary before a plan representative witness or a notary, acknowledging the effect of the waiver and agreeing to a specific alternate beneficiary or the participant's designation of beneficiaries without further consent by the spouse. *See* Exhibit 2 at 5, 35.

17.    Sections 10.5(a) and 10.9 of the Cash or Deferred Plan require the benefit be paid to the participant's surviving spouse, unless that spouse consents in writing, witnessed by the Plan Administrator, the Plan Administrator's designee or a notary, to the participant's naming another person as primary beneficiary. *See* Exhibit 3 at 44-46, 50.

18.    The summary plan description for the Life Insurance Plan provides that the benefit be paid to the participant's beneficiary.  If a beneficiary is unnamed or the named beneficiary does not survive the participant, then the participant's benefit is paid to the estate.  A participant may change the beneficiary by filing a form approved by Unum Life Insurance Company of America ("Unum"), the insurer and claims administrator of Mr. Wallick's life insurance policy, with the Employer (*i.e.* Steptoe & Johnson LLP).  The beneficiary change is

15

effective as of the date the form is signed. A true copy of relevant portions of the summary plan description is attached as Exhibit 1.

19.    Mr. Wallick executed a beneficiary designation form in April 1991 naming Ann Day Wallick his primary beneficiary, and the Wallick Children his equal contingent beneficiaries, for all plans in which he participated, including the Life Insurance Plan. A true copy of the April 1991 Designation is attached as Exhibit 5.

20.    Mr. Wallick executed a beneficiary designation form dated February 1992, naming the trustees of a marital trust created by a 1991 will his primary beneficiaries and his surviving issue as contingent beneficiaries, *per stirpes*, for the Cash and Deferred Plan and the Life Insurance Plan. This February 1992 Designation made no reference to the Class O Plan, which had not been created in 1992. Ann Day Wallick's notarized signature appears in the spousal consent portion of the February 1992 Designation. A true copy of the February 1992 Designation is attached as Exhibit 6.

21.    In his 1999 Will, Mr. Wallick revoked and replaced the 1991 will and created the 1999 Trust as a new marital trust, for the benefit of Ann Day Wallick during her lifetime, with the remainder to be distributed to the surviving Wallick Children upon her death. *See* Exhibit 5 (1999 Will) at 1, 6-16.

22.    In December 2000, Mr. Wallick signed and sent a memorandum to Kruse, stating he had named the 1999 Trust as his beneficiary under both Plans and enclosing a copy of his 1999 Will creating the 1999 Trust. *See* Exhibit 4 (1999 will cover memorandum).

23.    Kruse has no executed beneficiary designation form for Mr. Wallick after the 1992 Designation and no evidence that any such later-executed form exists.

16

24.    On information and belief, certain papers were found in personal files Mr. Wallick kept at his home, including a new, unexecuted beneficiary designation form for both Plans, naming the trustees of the 1999 Trust as primary beneficiary and Mr. Wallick's surviving issue as contingent beneficiaries, *per stirpes*. A true copy of those papers is attached as Exhibit 7. The papers have been numbered for the Court's convenience and ease of reference to the unexecuted beneficiary designation form. *See id.* at. 7-8.

25.    In August 1999, Mr. Wallick and Ann Day Wallick executed a postnuptial agreement in which each relinquished rights to the other's property and estate. Mr. Wallick's Steptoe & Johnson LLP retirement accounts are listed in an exhibit to the August 1999 postnuptial agreement, and the agreement bears Ann Day Wallick's notarized signature. A true copy of the August 1999 postnuptial agreement is attached as Exhibit 8.

26.    The summary plan description for the Life Insurance Plan provides that all claims for benefits arising out of Steptoe's life insurance plans must be filed and sought from Unum. *See* Exhibit 1.

## THE CONFLICTING CLAIMS TO THE PLAN FUNDS

27.    In September 2005, Ann Day Wallick submitted a Beneficiary's Benefit Election Form, requesting benefits under the Cash or Deferred and Class O Plans be distributed by direct rollover to her individual retirement account. In the certification section of the form, Ann Day Wallick asserted she was "sole default beneficiary in the absence of a valid beneficiary designation." A true copy of this Beneficiary's Benefit Election Form is attached Exhibit 9. Because of Ann Day Wallick's death in 2006, Christopher Dodge, as the personal representative of Ann Day Wallick's estate and as potential beneficiaries of Ann Day Wallick's estate, are now pursuing her claims through the Complaint pending before this Court.

17

28.    In or around November 2005, attorneys for the Wallick Estate drafted a complaint on behalf of Wellington, as personal representative of the Wallick Estate. In that unfiled complaint, Wellington asserts the Wallick Children claim the Wallick Estate (and presumably the 1999 Trust) is entitled to the benefits under the Cash or Deferred and Class O Plans and asks the District of Columbia Probate Division to issue instructions as to the extent of the alleged entitlement. A true copy of the draft complaint for instructions is attached as Exhibit 10.

29.    Given the assertions in the draft complaint for instructions, the terms of the 1999 Will, and Wellington's role as personal representative of the Wallick Estate and trustee of the 1999 Trust, it appears that Wellington, on behalf of the Wallick Estate and the 1999 Trust, and the Wallick Children are aligned in claiming Mr. Wallick's benefits under all Plans to the exclusion of the Dodge Children.

30.    In addition to the conflict with the Dodge Children's claim, there is a conflict to the extent those otherwise aligned defendants seek different or inconsistent distributions of the benefits among them. Wellington's draft complaint asks for instructions as to the Wallick Estate's (and presumably the 1999 Trust's) entitlement to the benefits. *See* Exhibit 10 at 8-9. On information and belief, the Wallick Children asserted in an August 2005 email forwarded to Steptoe & Johnson LLP partner Thomas M. Barba, substantially in the form attached as Exhibit 11, that the 1999 Trust is the proper beneficiary, based on the August 1999 postnuptial agreement and the 1999 Will. It appears the Wallick Children alternatively have asserted in an August 2005 letter to Wellington, substantially in the form attached as Exhibit 12, that they are the proper beneficiaries, based on being named contingent beneficiaries in the February 1992 Designation.

18

### FIRST CLAIM FOR RELIEF
(Interpleader as to the Class O Plan Benefit)
(Against All Counterclaim Defendants)

31.     Counterclaim-Plaintiffs incorporate by reference each of the preceding paragraphs of the Counterclaim as if fully set forth herein.

32.     Kruse is the Plan Administrator for the Class O Plan, which is in possession of Mr. Wallick's benefit (the Class O Plan benefit), which had a market value of $301,003.68 on December 1, 2005.

33.     The Dodge Children's claim, on the one hand, and Wellington's (on behalf of the Wallick Estate and the 1999 Trust), and the Wallick Children's claims, on the other hand, conflict in that each side seeks the Class O Plan benefit.

34.     Likewise, while Wellington (on behalf of the Wallick Estate and the 1999 Trust) and the Wallick Children may be aligned, their claims conflict to the extent they seek different or inconsistent distributions of the Class O Plan benefit among them.

35.     The Class O Plan may be exposed to double or multiple liability with respect to the claimants' conflicting claims.  Accordingly, Kruse asks for the Court's assistance in determining the claimants' rights with respect to the Class O Plan benefit.

36.     To avoid possible adverse tax consequences to whichever claimant is ultimately determined entitled to the Class O Plan benefit, Kruse is prepared to post an appropriate bond in lieu of depositing that Benefit in the Court's Registry.

### SECOND CLAIM FOR RELIEF
(Interpleader as to the Cash or Deferred Plan Benefit)
(Against All Counterclaim Defendants)

37.     Counterclaim-Plaintiffs incorporate by reference each of the preceding paragraphs of the Counterclaim as if fully set forth herein.

DC1 30172205.3

38.     Kruse is the Plan Administrator for the Cash or Deferred Plan, which is in possession of Mr. Wallick's benefit (the Cash or Deferred Plan benefit), which had a market value of $1,652,322.91 on December 1, 2005.

39.     The Dodge Children's claim, on the one hand, and Wellington's (on behalf of the Wallick Estate and the 1999 Trust), and the Wallick Children's claims, on the other hand, conflict in that each side seeks the Cash or Deferred Plan benefit.

40.     Likewise, while Wellington (on behalf of the Wallick Estate and the 1999 Trust) and the Wallick Children may be aligned, their claims conflict to the extent they seek different or inconsistent distributions of the Cash or Deferred Plan benefit among them.

41.     The Cash or Deferred Plan may be exposed to double or multiple liability with respect to the claimants' conflicting claims.  Accordingly, Kruse asks for the Court's assistance in determining the claimants' rights with respect to the Cash or Deferred Plan benefit.

42.     To avoid possible adverse tax consequences to whichever claimant is determined entitled to the Cash or Deferred Plan benefit, Kruse is prepared to post an appropriate bond in lieu of depositing that benefit in the Court's Registry.

### THIRD CLAIM FOR RELIEF
(Interpleader as to the Life Insurance Benefit)
(Against All Counterclaim Defendants)

43.     Counterclaim-Plaintiffs incorporate by reference each of the preceding paragraphs of the Counterclaim as if fully set forth herein.

44.     Steptoe & Johnson LLP is the Plan Administrator for the Life Insurance Plan. Unum is the Claims Administrator for the Life Insurance Plan.  The life insurance benefit is in the possession of Unum.

45.    The Dodge Children's claim, on the one hand, and Wellington's (on behalf of the Wallick Estate and the 1999 Trust), and the Wallick Children's claims, on the other hand, conflict in that each side seeks the life insurance benefit.

46.    Likewise, while Wellington (on behalf of the Wallick Estate and the 1999 Trust) and the Wallick Children may be aligned, their claims conflict to the extent they seek different or inconsistent distributions of the life insurance benefit among them.

47.    The Life Insurance Plan may be exposed to double or multiple liability with respect to the claimants' conflicting claims.  Accordingly, Steptoe asks for the Court's assistance in determining the claimants' rights with respect to the life insurance benefit.

**WHEREFORE**, the Counterclaim Plaintiffs Steptoe & Johnson LLP and Paul Kruse, respectfully pray that:

1.    The Court order the Dodge Children, Wellington (on behalf of the Wallick Estate and the 1999 Trust), and the Wallick Children to interplead their respective claims;

2.    The Court adjudge the extent to which any of the claimants are entitled to Mr. Wallick's Class O Plan benefits;

3.    The Court adjudge the extent to which any of the claimants are entitled to Mr. Wallick's Cash or Deferred Plan benefits;

4.    The Court adjudge the extent to which any of the claimants are entitled to Mr. Wallick's Life Insurance Plan benefit;

5.    The Court enter appropriate preliminary and/or permanent injunctive relief restraining claimants from instituting or prosecuting any proceeding in state or federal court affecting the subject matter of this action or in which a claim to the plan funds at issue in this action is asserted;

21

6.    The Court enter judgment on this counterclaim in the Counterclaim-Plaintiffs favor and dismiss them from this action;

7.    The Court award Counterclaim-Plaintiffs' their reasonable attorneys' fees and costs incurred by them herein; and

8.    The Court award Counterclaim-Plaintiffs such other and further relief as it may deem appropriate.

Respectfully submitted,

STEPTOE & JOHNSON, LLP, STEPTOE & JOHNSON, LLP PROFIT SHARING PLAN FOR CLASS O EMPLOYEES, STEPTOE & JOHNSON, LLP CASH OR DEFERRED PROFIT SHARING PLAN, PAUL KRUSE, STEPTOE & JOHNSON, LLP GROUP LIFE INSURANCE PLAN


By:   /s/ Karla Grossenbacher
      Karla Grossenbacher, DC Bar No. 442544
      Jessica R. Hughes, DC Bar No. 468853
      Eyana J. Smith, DC Bar No. 489466*
      SEYFARTH SHAW LLP
      815 Connecticut Avenue, N.W., Suite 500
      Washington, D.C. 20006-4004
      (202) 463-2400
      Attorneys for Defendants

      *U.S.D.D.C admission pending

Dated:  September 22, 2006

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Answer and Counterclaim in Interpleader was

served by first-class mail, postage prepaid, this 22nd day of September, 2006, upon:

David E. Constine, III, Esquire
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
P. O. Box 1122
Richmond VA 23218-1122
Attorney for Unum Provident Life Insurance Company.

William E. Davis, Esquire
Ross, Marsh & Foster
2001 L Street, NW., Ste. 400
Washington, D. C. 20036
Attorney for Robert D. Wallick, Jr., Jennifer Wallick Nelson, Jonathan R. Wallick

James P. Head, Esquire
Karen A. Doner, Esquire
Williams Mullen
8279 Greensboro Drive, Suite 700
McClean, VA 22102

Susan G. Blumenthal, Esquire
Williams Mullen
1666 K Street, Suite 1200
Washington D.C. 20036
Attorneys for Peter Wellington as Personal Representative of the Estate of Robert D. Wallick

                                        /s/ Karla Grossenbacher
                                        Karla Grossenbacher

DC1 30172205.3