# Exhibit 2

# Class O Plan

## ARTICLE III

### Construction

3.1.    <u>Definitions</u>.  As used in this Plan and Trust Agreement, the following words and terms shall have the meaning hereinafter set forth unless the context clearly indicates otherwise:

(a)  <u>Administrator</u>.  The word "Administrator" shall mean the Executive Director or such other person as is appointed by the Executive Committee to administer the Plan.

(b)  <u>Appropriate Form</u>.  The words "Appropriate Form" shall mean the form provided or prescribed by the Administrator for the particular purpose.

(c)  <u>Beneficiary</u>.  The word "Beneficiary" shall mean the person or persons or legal entity designated by the Participant or former Participant to receive benefits under the Plan in the event of the Participant's death.  If the Participant is married and designates someone other than his legal spouse, his Beneficiary designation must include the written consent of his legal spouse at the time the designation is made.  Such written consent must either be notarized by a notary public or witnessed by an authorized representative of the Plan.  If no valid Beneficiary designation is in effect at the time of the Participant's death, Beneficiary shall mean the Participant's spouse, if he is married at the time of his death, or otherwise the Participant's estate.

(d)  <u>Class O Employees</u>.  The words "Class O Employees" shall mean Partners and all non-Partner Employees other than those Employees excluded from participation in the Plan pursuant to Section 5.1(c).

(e)  <u>Compensation</u>.  The word "Compensation" shall mean the total amount of wages or salary, within the meaning of Code § 3401(a), and all other payments of

5

ARTICLE IX

Distribution of Benefits

9.1.    Commencement of Benefits.  A Participant or, if applicable, his Beneficiary shall be entitled upon the earlier of his separation from the service of the Employer, Total and Permanent Disability, attainment of age 59 1/2 or death to receive any amounts in his Employer Account.

9.2.    Method of Payment.  All distributions to a Participant pursuant to Section 9.1 shall be made, at the election of the Participant, in cash or in kind, in a lump sum.

9.3.    Application For Benefits.  Except as otherwise provided herein, benefits shall not be distributed to a Participant or, if applicable, his Beneficiary, who is otherwise entitled to a distribution in accordance with Section 9.1 or 9.6, until such Participant or Beneficiary has filed with the Administrator an application for benefits in the form and manner prescribed by the Administrator.  An application by a Beneficiary shall include notice of the Participant's death.

9.4.    Time of Payment.  An Employee's right to all amounts credited to his or her accounts shall be nonforfeitable on attainment of normal retirement age, as defined in Code § 411(a)(8).  Unless otherwise elected by the Participant, or if applicable, his Beneficiary, distribution shall commence no later than 60 days after the close of the Plan Year in which (1) the Participant attains age 65, (2) the 10th anniversary of the Participant's commencement of participation occurs, or (3) the

33

Participant terminates employment, whichever is later. Notwithstanding anything herein to the contrary, benefits must be distributed no later than the April 1st following the later of the calendar year in which the Participant attains age 70 1/2 or separates from service, in accordance with Treasury regulations § 1.401(a)(9)-1 and -2; provided, however, that the benefits of a Participant who is a 5% owner (as defined in Code § 416) with respect to the Plan Year ending in the calendar year in which the Participant attains age 70 1/2 must be distributed no later than the April 1st following the calendar year in which the Participant attains age 70 1/2. Any benefits which are allocated after benefits commence shall be added to benefits being paid, beginning as of the first of the Plan Year following the Plan Year of the allocation.

9.5.     Distribution of Small Amounts. Notwithstanding anything herein to the contrary, if at any time after a Participant's retirement, separation from service, Total and Permanent Disability or death, the value of a Participant's account does not exceed $3,500, the entire balance in his account shall be distributed in a single lump sum payment within a reasonable time following the event which gave rise to the distribution. Effective January 1, 1998, "$5,000" shall be substituted for each reference to "$3,500" in this Section.

9.6.     Death Benefits. In the event of the death of a Participant prior to the distribution of the entire balance in his account, his account shall be paid to his Beneficiary in

34

accordance with the requirements of Code § 401(a)(9).  If the
Beneficiary shall die subsequent to the death of the
Participant, but prior to receiving the full death benefit
hereunder, any remaining benefit shall be paid to the
Beneficiary's designated beneficiary.  In the absence of such
designation, any remaining benefit will be paid to the
Beneficiary's estate.

    9.7.    <u>Designation of Beneficiary</u>.  Each Participant
shall have the right, by written notice to the Administrator, to
designate or to change the Beneficiary to receive any benefit
payable in the event of the Participant's death prior to
distribution.  Notwithstanding the foregoing, the Beneficiary of
a Participant who is legally married at the date of death shall
be the surviving spouse of such Participant, unless the
Participant has filed a written election with the Administrator
which is notarized by a notary public or witnessed by an
authorized representative of the Plan, under which such spouse
has expressly waived the right to be the Beneficiary of the
Participant, has acknowledged the effect of such waiver and has
agreed to a specific alternate Beneficiary or the designation by
the Participant of Beneficiaries without any requirement for
further consent by the spouse.  The consent shall not be
required if it is established to the satisfaction of the
Administrator that it cannot be obtained because there is no
spouse, the spouse cannot be located, or under such other
circumstances as may be prescribed by the Treasury regulations.

5.    Section 3.1 is amended by adding the following new definition of "Normal Retirement Age":

> (___)  <u>Normal Retirement Age</u>.  The words "Normal Retirement Age" shall mean age 62.

6a.  Section 9.4 is amended by revising the first sentence to read as follows:

> An Employee's right to all amounts credited to his or her accounts shall be nonforfeitable on attainment of Normal Retirement Age.

b.    Section 9.4 is further amended by replacing "65" in clause (1) with the following:  "62".

7a.  Section 9.5 is amended by adding after the word "retirement" in the third line the following "on or after Normal Retirement Age".

b.    Section 9.5 is further amended by adding the following new sentence after the first sentence:

> If the value of the Participant's account exceeds $3,500, the account may not be distributed without the Participant's consent, except as required by Section 9.4.

8.    Section 9.6 is amended by adding at the end thereof the following:

> If the Participant dies after the Participant has begun to receive distributions, any remaining portion of the Participant's account shall be distributed at least as rapidly as under the method being used as of the date of the Participant's death.

If the Participant dies before distributions commence, any portion of the Participant's interest that is not payable to a Beneficiary designated by the Participant will be distributed within five (5) years after the Participant's death. Any portion of the Participant's interest that is payable to a Beneficiary designated by the Participant will be distributed either within five (5) years after the Participant's death, or over the life of the Beneficiary or over a period certain not extending beyond the life expectancy of the Beneficiary, commencing not later than the end of the calendar year following the calendar year in which the Participant died (or, if the designated Beneficiary is the Participant's surviving spouse, commencing not later than the end of the calendar year following the calendar year in which the Participant would have attained age 70-1/2).

9a.   Section 11.2 is amended by adding after the words "Employer Contributions" in the fourth line the following: "(other than elective contributions)".

b.   Section 11.2 is further amended by adding after the words "Employer Contributions" in the twelfth line the following:  "(including elective contributions)".

c.   Section 11.2 is further amended effective January 1, 2000 by eliminating the clause "(four percent (4%) in a case where the Plan is a Super Top Heavy Plan)".

10.   Section 3.1(cc) is amended by adding at the end thereof the following:

The Required Aggregation Group is each plan of the Employer in which a Key Employee is a Participant and each other plan of the Employer which enables any such plan to meet the

<u>STEPTOE & JOHNSON LLP</u>

<u>CERTIFICATE OF PARTNERSHIP ACTION</u>

The undersigned, being the duly authorized partner of the above-mentioned Partnership (the "Firm"), upon due consideration and consultation, does hereby certify that the Firm, through action of the Firm's Executive Committee, adopted the following Amendment Number 3 to the Steptoe & Johnson LLP Profit Sharing Plan for Class O Employees ("Plan") and that said Amendment Number 3 be, and it hereby is, adopted effective as of the dates specified below.

<u>AMENDMENT NUMBER 3</u>

WHEREAS, in order to maintain tax-qualified status under section 401(a) of the Internal Revenue Code of 1986, as amended (the "Code"), the Plan must be amended promptly to comply with current law; and

WHEREAS, the Firm desires that the Plan continue to retain its favorable tax treatment,

NOW, THEREFORE, the Plan is hereby amended, effective January 1, 2003, by adding a new Section 9.10 that reads as follows:

9.10 MINIMUM DISTRIBUTION REQUIREMENTS

(a)   <u>General Rules</u>

(1)   <u>Effective Date</u>.   The provisions of this Section 9.10 will apply for purposes of determining required minimum distributions on and after January 1, 2003.

(2)   <u>Precedence</u>.   The requirements of this Section will take precedence over any inconsistent provisions of the Plan.

(3)   <u>Requirements of Treasury Regulations Incorporated</u>.   All distributions required under this Section will be determined and made in accordance with the Treasury regulations under Code Section 401(a)(9).

(b)    Time and Manner of Distribution

(1)    Required Beginning Date.  The Participant's entire interest will be distributed to the Participant no later than the Participant's required beginning date.

(2)    Death of Participant Before Distributions Begin.  If the Participant dies before distributions begin, the Participant's entire interest will be distributed, or begin to be distributed, no later than as follows:

(i)  If the Participant's surviving spouse is the Participant's sole designated beneficiary, then, except as provided in Subsection (b)(2)(v), the Participant's entire interest will be distributed to the spouse by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

(ii)  If the Participant's surviving spouse is not the Participant's sole designated beneficiary, then, except as provided in Subsection (b)(2)(v), the Participant's entire interest will be distributed to the designated beneficiary by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

(iii)  If there is no designated beneficiary as of September 30 of the year following the year of the Participant's death, the Participant's entire interest will be distributed by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

(iv)  If the Participant's surviving spouse is the Participant's sole designated beneficiary and the surviving spouse dies after the Participant but before distributions to the surviving spouse begin, this Subsection (b)(2) will apply as if the surviving spouse were the Participant.

(v)  A designated beneficiary may elect, in lieu of applying the 5-year rule in Subsection (b)(2) for a lump sum distribution, to have

- 2 -

benefits paid out in accordance with Section 9.6.
Upon such an election, distributions will begin
by December 31 of the calendar year immediately
following the calendar year in which the
Participant died, or by December 31 of the
calendar year in which the Participant would have
attained age 70 ½, if later (but only if the
beneficiary is the Participant's spouse and not
if Subsection (b)(2)(iv) applies).  The election
must be made no later than the earlier of
September 30 of the calendar year in which
distribution would be required to begin under the
preceding sentence or by September 30 of the
calendar year which contains the fifth
anniversary of the Participant's (or, if
applicable, surviving spouse's) death.  If a
designated beneficiary fails to make an election
under this Subsection (b)(2)(v), an election will
be deemed to have been made to receive a
distribution of all benefits as a lump sum under
the 5-year rule.

For purposes of this Subsection (b)(2), distributions
are considered to begin on the Participant's required
beginning date (or, if Subsection (b)(2)(iv) applies,
the date distributions are required to begin to the
surviving spouse under Subsection (b)(2)(i)).

(3)  Form of Distribution.  Unless the
Participant's interest is distributed in the form of a
single sum on or before the required beginning date,
as of the first distribution calendar year minimum
distributions will be made in accordance with
Subsection (d).

(c)  Required Minimum Distributions During
Participant's Lifetime.  The Participant's entire interest
will be distributed to the Participant no later than the
Participant's required beginning date.

(d)  Required Minimum Distributions After
Participant's Death - Death Before Lump-Sum Distribution to
Participant

(1)  Participant Survived by Designated
Beneficiary.  In the event the special election in
Subsection (b)(2)(v) is chosen, if the Participant
dies before the date distributions begin and there is

- 3 -

a designated beneficiary, the minimum amount that will be distributed for each distribution calendar year after the year of the Participant's death is the quotient obtained by dividing the Participant's account balance by the remaining life expectancy of the Participant's designated beneficiary, determined as follows:

(i) If the Participant's surviving spouse is the Participant's sole designated beneficiary, the remaining life expectancy of the surviving spouse is calculated for each distribution calendar year after the year of the Participant's death using the surviving spouse's age as of the spouse's birthday in that year. For distribution calendar years after the year of the surviving spouse's death, the remaining life expectancy of the surviving spouse is calculated using the age of the surviving spouse as of the spouse's birthday in the calendar year of the spouse's death, reduced by one for each subsequent calendar year.

(ii) If the Participant's surviving spouse is not the Participant's sole designated beneficiary, the designated beneficiary's remaining life expectancy is calculated using the age of the beneficiary in the year following the year of the Participant's death, reduced by one for each subsequent year.

(2) <u>No Designated Beneficiary</u>. If the Participant dies before the date distributions begin and there is no designated beneficiary as of September 30 of the year following the year of the Participant's death, distribution of the Participant's entire interest will be completed by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

- 4 -

(3)  <u>Death of Surviving Spouse Before
Distributions to Surviving Spouse Are Required to
Begin</u>.  If the Participant dies before the date
distributions begin, the Participant's surviving
spouse is the Participant's sole designated
beneficiary, and the surviving spouse dies before
distributions are required to begin to the surviving
spouse under Subsection (b), this Subsection (d) will
apply as if the surviving spouse were the Participant.

(e)  <u>Definitions</u>

(1)  <u>Designated Beneficiary</u>.  The individual who
is designated as the Beneficiary under the Plan and is
the designated beneficiary under Code Section
401(a)(9) and Section 1.401(a)(9)-4, Q&A-1 of the
Treasury regulations.

(2)  <u>Distribution Calendar Year</u>.  A calendar year
for which a minimum distribution is required.  For
distributions beginning before the Participant's
death, the first distribution calendar year is the
calendar year immediately preceding the calendar year
which contains the Participant's required beginning
date.  For distributions beginning after the
Participant's death, the first distribution calendar
year is the calendar year in which distributions are
required to begin under Subsection (b)(2).  The
required minimum distribution for the Participant's
first distribution calendar year will be made on or
before the Participant's required beginning date.  The
required minimum distribution for other distribution
calendar years, including the required minimum
distribution for the distribution calendar year in
which the Participant's required beginning date
occurs, will be made on or before December 31 of that
distribution calendar year.

(3)  <u>Life Expectancy</u>.  Life expectancy as
computed by use of the Single Life Table in Section
1.401(a)(9)-9 of the Treasury regulations.

(4)  <u>Participant's Account Balance</u>.  The account
balance as of the last valuation date in the calendar
year immediately preceding the distribution calendar
year (valuation calendar year) increased by the amount
of any contributions made and allocated or forfeitures
allocated to the account balance as of dates in the

valuation calendar year after the valuation date and
decreased by distributions made in the valuation
calendar year after the valuation date.  The account
balance for the valuation calendar year includes any
amounts rolled over or transferred to the Plan either
in the valuation calendar year or in the distribution
calendar year if distributed or transferred in the
valuation calendar year.

(5)  Required Beginning Date.  The date specified
in Section 9.4 of the Plan.

Dated:                          Approved:

___12-22-03___                  _____

- 6 -