# Exhibit 3

# Cash or Deferred Plan

STEPTOE & JOHNSON LLP
CASH OR DEFERRED PROFIT SHARING PLAN
AND TRUST AGREEMENT

Amended and Restated
Effective January 1, 1997

ARTICLE III

Construction

3.1.    Definitions. As used in this Plan and Trust Agreement, the following words and terms shall have the meaning hereinafter set forth unless the context clearly indicates otherwise:

(a) Administrator. The word "Administrator" shall mean the Executive Director or such other person as is appointed by the Executive Committee to administer the Plan.

(b) Appropriate Form. The words "Appropriate Form" shall mean the form provided or prescribed by the Administrator for the particular purpose.

(c) Beneficiary. The word "Beneficiary" shall mean such person or persons or legal entity or entities as may be designated by a Participant to receive benefits hereunder after such Participant's death, or the legal or personal representative of the Participant, all as herein described and provided.

(d) Compensation. The word "Compensation" shall mean the total amount of wages or salary, within the meaning of Code § 3401(a), and all other payments of compensation paid to the Employee by any Employer (in the course of the Employer's trade or business) for the Plan Year, including overtime pay and bonuses, for which the Employer is required to furnish the Employee a written statement under Code §§ 6401(d) and 6051(a)(3). Compensation shall also include contributions made to qualified plans of any Employer with respect to which the Employee had the right to elect to have the contribution made to such plan or paid as wages, and salary reduction contributions which are not currently includible in the Participant's gross income by reason of the application of Code § 125 or 132(f). The Compensation of Participants who are Partners shall be their net earnings from self-employment accrued in the Plan Year

Participant and his designated Beneficiary as that term is defined by Code § 401(a)(9)(E), or

 (c) in a combination of (a) and (b).

If installment payments are made under the Plan, the minimum amount to be distributed each year shall be an amount equal to the quotient obtained by dividing the total value of the amounts remaining in the Participant's accounts to be distributed as of the last valuation date by the life expectancy of the Participant or by the joint lives and last survivor expectancy of the Participant and his spouse or the joint lives and last survivor expectancy of the Participant and a designated Beneficiary (whichever is applicable), such period to be determined at the time the distribution of the Participant's interest under the Plan commences. The final installment paid under this Section, or the number of installments paid, shall be adjusted to reflect the earnings, gains or losses of the investments in the Participant's Accounts during the payout period.

 10.5. <u>Distribution Upon Death</u>.

 (a) If any Participant who is entitled to benefits out of amounts in his Employer Account, Employee Account or Deferred Account should die before distribution of his benefits has been completed, then the remaining amount of benefits due him and all earnings thereon shall be distributed in accordance with the requirements of Code § 401(a)(9). Except as provided in Section 10.9, distribution of the remaining amounts in the

Account of a married Participant, shall be made to the Participant's spouse. Notwithstanding anything herein to the contrary, the spouse or Beneficiary may disclaim any benefit under the Plan.

(b) If the distribution has not yet begun and the distribution is to be made in monthly installments to a Beneficiary other than the Participant's spouse, the payout period shall not exceed five years unless: (1) the Administrator has on file a valid election of a longer payout period pursuant to Section 10.2; or (2) the Participant has pursuant to Section 10.9 identified a "designated Beneficiary" to receive payments over the life expectancy of the Beneficiary and payments to such Beneficiary will begin within one (1) year after the Participant's death.

(c) If the distribution has not yet begun and is to be made in monthly installments to a Participant's spouse, the balance may be spread over the life of the surviving spouse but payments need not begin until the date the deceased Participant would have reached age 70 1/2. If the surviving spouse wishes, he or she may designate a Beneficiary to be the recipient of the death benefits under this Plan in the event the surviving spouse dies before distributions begin. If the surviving spouse wishes to have benefits paid to his or her Beneficiary over a period longer than five years, the Beneficiary must be a "designated Beneficiary" under Code § 401(a)(9)(E).

(d) If the Beneficiary named by a deceased Participant dies before the Participant and there is no living contingent Beneficiary named by such Participant, or if no Beneficiary has been named, payment shall be made in the following order of preference:

(1) the spouse;

(2) the Estate of the Participant.

10.6.   <u>Latest Time for Commencement of Benefits</u>. Distribution of amounts in a Participant's Employer Account, Employee Account and Deferred Account under this Article shall begin as soon as practicable, but in no event later than sixty (60) days following the time the Participant becomes entitled to receive such amounts under this Article. The Administrator shall permit a Participant to elect to postpone the commencement of any benefit payable under the Plan to a time later than that prescribed by this Section, subject to the limits set forth in Sections 10.1 and 10.2.

10.7.   <u>In-Service Withdrawals</u>. Notwithstanding anything herein to the contrary, Participants who have attained age 59 1/2 but have not separated from the service of the Employer may withdraw part or all of their Employer Account, Deferred Cash Account or Employee Account, in accordance with procedures established by the Administrator. In addition, Participants may withdraw their Rollover Contributions or voluntary contributions at any time, in accordance with procedures established by the Administrator.

through (A) reimbursement or compensation by insurance or otherwise, (B) reasonable liquidation of the Participant's assets and those assets of his spouse or child that are reasonably available to the Participant, to the extent that such liquidation is feasible and does not itself cause an immediate and heavy financial need, (C) cessation of the Participant's voluntary contributions under Section 7.1 and the Participant's Deferred Cash Contributions, (D) other distributions or nontaxable loans from plans maintained by any employer, or (E) borrowing from commercial sources on reasonable commercial terms.

10.9.    <u>Designation of Non-Spouse as Primary Beneficiary</u>. Notwithstanding anything herein to the contrary, if a Participant is married at the time of his death and has named a person other than his surviving spouse as primary Beneficiary in a designation pursuant to Section 10.4 or 10.5, such designation shall be invalid and the surviving spouse shall be deemed to be the primary Beneficiary unless such designation includes the written consent of the surviving spouse witnessed by either a notary public, the Administrator, or a person designated by the Administrator. Such consent shall only be effective as to the spouse who signs the consent. The consent shall not be required if it is established to the satisfaction of the Administrator that it cannot be obtained because there is no spouse, the spouse cannot be located, or other circumstances as may be prescribed by the Treasury regulations.

## STEPTOE & JOHNSON LLP

## CERTIFICATE OF PARTNERSHIP ACTION

The undersigned, being the duly authorized partner of the above-mentioned Partnership (the "Firm"), upon due consideration and consultation, does hereby certify that the Firm, through action of the Firm's Executive Committee, adopted the following Amendment Number 1 to the Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan ("Plan") and that said Amendment Number 1 be, and it hereby is, adopted effective as of January 1, 1997, except as otherwise provided herein.

## AMENDMENT NUMBER 1

WHEREAS, in order to receive a favorable determination from the Internal Revenue Service ("IRS") as to the qualification of the Plan, the IRS required that certain amendments be made; and

WHEREAS, the Firm desires that the Plan receive favorable tax treatment,

NOW, THEREFORE, the Plan is hereby amended as follows:

1.  Section 3.1 is amended by reinstating the definition of "Leased Employee," revised to read as follows:

>   (___) <u>Leased Employee</u>. The words "Leased Employee" shall mean a person who is not a common law employee of a recipient but who provides

>commenced participation in the Plan, or the Participant terminates his service with the Employer.

8. Section 10.10 is amended by adding at the end thereof the following:

>For purposes of this Article, normal retirement age is age 62.

9. Section 10.5(b) is amended by adding at the beginning thereof the following:

>If the Participant dies before distributions commence, any portion of the Participant's interest that is payable in a lump sum or that is not payable to a Beneficiary designated by the Participant will be distributed within five (5) years after the Participant's death.

10a. Section 12.2 is amended by adding after the words "Employer Contributions" in the fourth line the following: "(other than elective contributions)".

b. Section 12.2 is further amended by adding after the words "Employer Contributions" in the tenth and eleventh lines the following: "(including elective contributions)".

c. Section 12.2 is further amended effective January 1, 2000 by eliminating the clause "(four percent (4%) in a case where the Plan is a Super Top Heavy Plan)".

11. Section 3.1(ee) is amended by adding at the end thereof the following:

>The Required Aggregation Group is each plan of the Employer in which a Key Employee is a

- 4 -

<u>STEPTOE & JOHNSON LLP</u>

<u>CERTIFICATE OF PARTNERSHIP ACTION</u>

The undersigned, being the duly authorized partner of the above-mentioned Partnership (the "Firm"), upon due consideration and consultation, does hereby certify that the Firm, through action of the Firm's Executive Committee, adopted the following Amendment Number 3 to the Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan ("Plan") and that said Amendment Number 3 be, and it hereby is, adopted effective as of the dates specified below.

<u>AMENDMENT NUMBER 3</u>

WHEREAS, in order to maintain tax-qualified status under section 401(a) of the Internal Revenue Code of 1986, as amended (the "Code"), the Plan must be amended promptly to comply with current law; and

WHEREAS, the Firm desires that the Plan continue to retain its favorable tax treatment,

NOW, THEREFORE, the Plan is hereby amended, effective January 1, 2003, by adding a new Section 10.12 to read as follows:

    10.12    MINIMUM DISTRIBUTION REQUIREMENTS

    (a)  <u>General Rules</u>

        (1)  <u>Effective Date</u>.  The provisions of this Section 10.12 will apply for purposes of determining required minimum distributions on and after January 1, 2003.

        (2)  <u>Precedence</u>.  The requirements of this Section will take precedence over any inconsistent provisions of the Plan.

        (3)  <u>Requirements of Treasury Regulations Incorporated</u>.  All distributions required under this Section will be determined and made in accordance with the Treasury regulations under Code Section 401(a)(9).

(4) <u>TEFRA Section 242(b)(2) Elections</u>. Notwithstanding the other provisions of this Section, distributions may be made under a designation made before January 1, 1984, in accordance with section 242(b)(2) of the Tax Equity and Fiscal Responsibility Act (TEFRA) and the provisions of the Plan that relate to section 242(b)(2) of TEFRA.

(b) <u>Time and Manner of Distribution</u>

(1) <u>Required Beginning Date</u>. The Participant's entire interest will be distributed, or begin to be distributed, to the Participant no later than the Participant's required beginning date.

(2) <u>Death of Participant Before Distributions Begin</u>. If the Participant dies before distributions begin, the Participant's entire interest will be distributed, or begin to be distributed, no later than as follows:

(i) If the Participant's surviving spouse is the Participant's sole designated beneficiary, then, except as provided in Subsection (b)(2)(v), the Participant's entire interest will be distributed to the spouse by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

(ii) If the Participant's surviving spouse is not the Participant's sole designated beneficiary, then, except as provided in subsection (b)(2)(v), the Participant's entire interest will be distributed to the designated beneficiary by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

(iii) If there is no designated beneficiary as of September 30 of the year following the year of the Participant's death, the Participant's entire interest will be distributed by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

(iv) If the Participant's surviving spouse is the Participant's sole designated beneficiary and the surviving spouse dies after the

- 2 -

(c) <u>Required Minimum Distributions During Participant's Lifetime</u>

(1) <u>Amount of Required Minimum Distribution for Each Distribution Calendar Year</u>. During the Participant's lifetime, a Participant shall receive a distribution of amounts attributable to allocations made after December 31, 1984 in a lump sum on or before his required beginning date. With respect to amounts attributable to allocations made before January 1, 1985, the minimum amount that will be distributed for each distribution calendar year is the lesser of:

(i) the quotient obtained by dividing the Participant's account balance by the distribution period in the Uniform Lifetime Table set forth in section 1.401(a)(9)-9 of the Treasury regulations, using the Participant's age as of the Participant's birthday in the distribution calendar year; or

(ii) if the Participant's sole designated beneficiary for the distribution calendar year is the Participant's spouse, the quotient obtained by dividing the Participant's account balance by the number in the Joint and Last Survivor Table set forth in section 1.401(a)(9)-9 of the Treasury regulations, using the Participant's and spouse's attained age as of the Participant's and spouse's birthdays in the distribution calendar year.

(2) <u>Lifetime Required Minimum Distributions Continue Through Year of Participant's Death</u>. Required minimum distributions will be determined under this Subsection (c) beginning with the first distribution calendar year and up to and including the distribution calendar year that includes the Participant's date of death.

(d) <u>Required Minimum Distributions After Participant's Death</u>

(1) <u>Death On or After Date Distributions Begin</u>

(i) <u>Participant Survived by Designated Beneficiary</u>. If the Participant dies on or after the date distributions begin and there is a designated beneficiary, the minimum amount that will be distributed for each distribution calendar year after the year of the Participant's death is the quotient

- 4 -

obtained by dividing the Participant's account balance by the longer of the remaining life expectancy of the Participant or the remaining life expectancy of the Participant's designated beneficiary, determined as follows:

(A) The Participant's remaining life expectancy is calculated using the age of the Participant in the year of death, reduced by one for each subsequent year.

(B) If the Participant's surviving spouse is the Participant's sole designated beneficiary, the remaining life expectancy of the surviving spouse is calculated for each distribution calendar year after the year of the Participant's death using the surviving spouse's age as of the spouse's birthday in that year. For distribution calendar years after the year of the surviving spouse's death, the remaining life expectancy of the surviving spouse is calculated using the age of the surviving spouse as of the spouse's birthday in the calendar year of the spouse's death, reduced by one for each subsequent calendar year.

(C) If the Participant's surviving spouse is not the Participant's sole designated beneficiary, the designated beneficiary's remaining life expectancy is calculated using the age of the beneficiary in the year following the year of the Participant's death, reduced by one for each subsequent year.

(ii) <u>No Designated Beneficiary</u>. If the Participant dies on or after the date distributions begin and there is no designated beneficiary as of September 30 of the year after the year of the Participant's death, the minimum amount that will be distributed for each distribution calendar year after the year of the Participant's death is the quotient obtained by dividing the Participant's account balance by the Participant's remaining life expectancy calculated using the age of the Participant in the year of death, reduced by one for each subsequent year.

(2) <u>Death Before Date Distributions Begin</u>

- 5 -

(i) <u>Participant Survived by Designated Beneficiary</u>. In the event the special election in Subsection (b)(2)(v) is chosen, if the Participant dies before the date distributions begin and there is a designated beneficiary, the minimum amount that will be distributed for each distribution calendar year after the year of the Participant's death is the quotient obtained by dividing the Participant's account balance by the remaining life expectancy of the Participant's designated beneficiary, determined as provided in Subsection (d)(1).

(ii) <u>No Designated Beneficiary</u>. If the Participant dies on or after the date distributions begin and there is no designated beneficiary as of September 30 of the year after the year of the Participant's death, distribution of the Participant's entire interest will be completed by December 31 of the calendar year containing the fifth anniversary of the Participant's death.

(iii) <u>Death of Surviving Spouse Before Distributions to Surviving Spouse Are Required to Begin</u>. If the Participant dies before the date distributions begin, the Participant's surviving spouse is the Participant's sole designated beneficiary, and the surviving spouse dies before distributions are required to begin to the surviving spouse under Subsection (b), this Subsection (d)(2) will apply as if the surviving spouse were the Participant.

(e) <u>Definitions</u>

(1) <u>Designated Beneficiary</u>. The individual who is designated as the Beneficiary under the Plan and is the designated beneficiary under Code Section 401(a)(9) and Section 1.401(a)(9)-4, Q&A-1 of the Treasury regulations.

(2) <u>Distribution Calendar Year</u>. A calendar year for which a minimum distribution is required. For distributions beginning before the Participant's death, the first distribution calendar year is the calendar year immediately preceding the calendar year which contains the Participant's required beginning date. For distributions beginning after the Participant's death, the first distribution calendar

- 6 -