# Exhibit 4

# 12/14/00 Memorandum & 1999 Will

ATTACHMENT C

MEMORANDUM

*To: Major Lamont*
*Martin*
*Paul*
December 14, 2000

TO:       Paul Kruse

FROM:     Bob Wallick    *Robert L. Wallick*

RE:       Beneficiary Designation for Cash or Deferred Profit Sharing Plan and Profit
          Sharing Plan for Class O Employees

---

I have named a marital trust under my Will as the beneficiary of the two plans

referenced above.  Under the IRS regulations, in order for the trust to be a "designated

beneficiary," I am required to supply a copy of the trust document to the plan administrator.  I

am therefore providing you with a copy of my current Will.  I would appreciate it if you would

keep this document in a confidential place.

Thank you.

*— OVER —*

# ROBERT D. WALLICK
## ATTACHMENT TO BENEFICIARY DESIGNATION

       I hereby certify that the attached copy of my Last Will and Testament dated August 30, 1999, is a true and complete copy of my current Will.  I hereby agree that, if my Will is amended or revoked at any time in the future, I will, within a reasonable time, provide a copy of each Codicil to my Will and/or of any new Will.  A copy of my Will, with all Codicils, will be provided to the plan administrator or custodian upon demand.


Date:  12/14/00

_Robert D. Wallick_
Robert D. Wallick

— CERT —



**STEPTOE & JOHNSON** LLP

ATTORNEYS AT LAW

1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Telephone 202.429.3000
Facsimile 202.429.3902
www.steptoe.com

## WILL AND TRUST EXECUTION MEMORANDUM

**Last Will and Testament of:**  Robert D. Wallick

**Date of Execution:**  August 30, 1999

**Place of Execution:**  Steptoe & Johnson, LLP
Washington, D.C.

**Disposition - Original:**  Sent to S&J Safe Deposit box
**Copies:**  2 conformed copies sent to
Robert D. Wallick

**Notes or Comments:**  Attached Last Will and Testament of
Robert D. Wallick.

**This memo prepared by:**  Virginia Smith

Attachment

— MEMO —

LAST WILL AND TESTAMENT

OF

ROBERT D. WALLICK

I, ROBERT D. WALLICK, a resident of the District of Columbia, hereby make and publish this Will, revoking all Wills and Codicils heretofore made by me.

FIRST: I direct my Personal Representatives, hereinafter named, to pay out of my estate, as soon after my death as may be practicable, (1) all of my debts (except mortgage debts, the payment of which shall be discretionary unless otherwise required by law or by this Will) and (2) the outstanding expenses of my last illness, funeral and burial, including a grave site, grave stone and perpetual care, in such amount as they may deem proper, without regard to any limitations imposed by law or rule of court and without necessity of prior court approval.

SECOND: A. I give and bequeath to my children who shall survive me the tangible personal property identified as separately owned by me in Exhibit B, Part 1, of the Postnuptial Agreement executed by my wife and me on this same day prior to the execution of this Will (the "Postnuptial Agreement"), subject to my wife's rights under paragraph 1 of the Postnuptial

— 1 —

RDW

Agreement.  Such property shall be divided among my children as they shall agree.  In the event that my children are unable to agree upon a division of these items within six (6) months after my death, I direct my Personal Representatives to divide and distribute the same among my children in shares of approximately equal value.

B.  I give and bequeath to my wife, ANN DAY WALLICK, if she shall survive me, all of the remainder of my tangible personal property (together with any policies of insurance thereon), subject to the rights of my issue and her issue under paragraph 1 of the Postnuptial Agreement.

C.  If my wife shall not survive me, I give and bequeath the remainder of my tangible personal property as follows:

1.  I give and bequeath the tangible personal property identified as separately owned by my wife in Exhibit B, Part 2, of the Postnuptial Agreement to my wife's children who shall survive me, to be divided among them as they shall choose. In the event that my wife's children are unable to agree upon a division of these items within six (6) months after my death, I direct my Personal Representatives to divide and distribute the same among my wife's children in shares of approximately equal value.

RDW

2. I direct that the tangible personal property identified in Exhibit 3, Part B, of the Postnuptial Agreement be sold and that the proceeds thereof be distributed equally among those of my children and my wife's children who shall survive me.

3. I give and bequeath all of my remaining tangible personal property to my children who shall survive me, to be divided among them as provided in paragraph A of this Article SECOND, subject, however, to rights in my wife similar to those provided in paragraph 1 of the Postnuptial Agreement.

D. Notwithstanding anything hereinabove to the contrary, if any child of mine or my wife shall predecease me leaving issue who shall survive me, the share of the tangible personal property or its sales proceeds to which such child would have been entitled had he or she survived me shall be distributed to his or her then living issue, per stirpes.

E. I direct that all transportation, insurance, storage and other charges and expenses reasonably incurred in effecting the bequests made by this Article shall be paid out of my residuary estate.

F. All determinations by my Personal Representatives as to the property to which this Article is applicable and as to any division thereof shall be conclusive and binding upon all

- 3 -

RDW

persons having or claiming any interest in such property or in my estate.

THIRD:  I give and bequeath the following:

A.  To each of my children, ROBERT D. WALLICK, JR., JENNIFER WALLICK NELSON, and JONATHAN R. WALLICK, who shall survive me, a sum equal to One Hundred Fifty Thousand Dollars ($150,000), minus any amounts passing to such child pursuant to any policies of insurance which are includible in my estate for federal estate tax purposes; provided, however, that if any child of mine shall predecease me leaving issue who shall survive me, the bequest to which such child would have been entitled had he or she survived me (unreduced by any insurance proceeds not received by such child's issue) shall be distributed to such child's issue, per stirpes.

B. To each of my wife's children, JONATHAN FISHER DODGE and CHRISTOPHER LOCKWOOD DODGE, who shall survive me, the sum of Twenty-Five Thousand Dollars ($25,000); provided, however, that if any child of my wife shall predecease me leaving issue who shall survive me, the bequest to which such child would have been entitled had he or she survived me shall be distributed to such child's issue, per stirpes.

- 4 -

RDW

C.  To each of my grandchildren and my wife's grandchildren who shall survive me, the sum of Seven Thousand Five Hundred Dollars ($7,500); provided, however, that if any grandchild of mine or my wife shall predecease me leaving issue who shall survive me, the bequest to which such grandchild would have been entitled had he or she survived me shall be distributed to such grandchild's issue, per stirpes.

D.  To my brother, EARLE WALLICK, if he shall survive me, the sum of Five Thousand Dollars ($5,000).

FOURTH:  As of the writing of this Will, my wife and I own the following two residential properties as tenants by the entireties: a cooperative apartment (and the related proprietary lease and shares of stock) at

(hereinafter the "D.C. Residence"), and a residence at

(hereinafter the "Florida Residence") (collectively, "the Residences").  It is our intention to retitle these properties as tenancies in common, so as to allow each of us to control the disposition of our respective interests in the Residences.  If, at the time of my death, either of the above Residences is still titled as a tenancy by the entireties, if my wife shall not survive me, I give and devise all of my right, title and interest in such

RDW

Residence (including, in the case of the D.C. Residence, the related proprietary lease and shares of stock), together with all policies of fire, casualty and similar insurance covering such buildings and improvements and all claims for loss, damage or destruction in respect of such policies of insurance, in equal shares to the following of my children and my wife's children who shall survive me:  ROBERT D. WALLICK, JR., JENNIFER WALLICK NELSON, JONATHAN R. WALLICK, JONATHAN FISHER DODGE and CHRISTOPHER LOCKWOOD DODGE; provided, however, that if any child of mine or my wife shall predecease me leaving issue who shall survive me, the devise to which such child would have been entitled had he or she survived me shall be distributed to such child's issue, _per stirpes_.  If at the time of my death such property is subject to a mortgage, I direct that the property shall pass subject to such mortgage and the devisees of such property shall not be entitled to have the obligation secured thereby paid out of my general estate.  In the event that all of the beneficiaries under this Article FOURTH shall agree, my Personal Representatives shall have the right to sell the Residences or either of them and distribute the net sales proceeds as aforesaid.

        FIFTH:  If my wife, ANN DAY WALLICK, shall survive me, I give and bequeath in trust to my Trustees, hereinafter named,

RDW

a sum equal to the largest amount permitted to pass free of federal estate tax by reason of the unified credit, the state death tax credit and any exclusions available to my estate for federal estate tax purposes, taking into consideration my adjusted taxable gifts. For purposes of determining such amount, (1) the state death tax credit shall be considered only to the extent that its use does not increase the state death tax payable to any state; and (2) such amount shall be reduced by (a) the value for federal estate tax purposes of all other items which pass or have passed under other provisions of this Will or otherwise, which are included in my gross estate and which do not qualify for the (other than assets or amounts which are excluded or deducted from my gross estate for federal estate tax purposes by reason of section 2031(c) of the Code with regard to a conversation easement or section 2057 of the Code with regard to a qualified family owned business interest) and (b) all charges to my estate that are not claimed or allowed as a deductions in computing my federal estate tax. For purposes of determining the amount of any reduction under (1) above, property which would otherwise qualify for the marital deduction but for which no election is made under Section 2056(b)(7) of the Code or any corresponding provision of state law, or which

- 7 -

RDW

is disclaimed or renounced by my wife, shall be deemed to be property which qualifies for the marital deduction.

In making the computations necessary to determine the amount of this bequest, the final determinations for federal estate tax purposes shall control. In the sole power and discretion of my Personal Representatives, the payment of this amount may be made wholly or partly in cash or property as selected by them; provided, however, that any assets distributed in kind shall be valued at their respective fair market values at the date or dates of distribution; and provided further that, to the extent possible, there shall be allocated to this bequest any asset or the proceeds of any asset which does not qualify for the marital or charitable deductions for federal estate tax purposes.

My Trustees shall hold and distribute such amount as follows:

A.    During the lifetime of my wife, my Trustees shall pay the entire net income of the trust to or for the benefit of my wife at least quarterly. In addition to income, my Trustees (other than my wife) shall pay to or apply for the benefit of my wife from time to time such sums from the principal of the trust as my Trustees (other than my wife), in their sole discretion, shall deem necessary for my wife's health, support and

RDW

maintenance in accordance with her accustomed standard of living.  In determining whether and to what extent principal should be so disbursed, my Trustees (other than my wife) shall first consider other resources (if any) reasonably available to my wife, including funds available from any fund established pursuant to sub-paragraph 2.c of the Prenuptial Agreement.

B.    In addition, during the lifetime of my wife, my Trustees (other than my wife) may pay so much of the principal of the trust as they shall deem necessary to provide for any needs of any of my or my wife's issue which arise as a result of any accident, illness, emergency or other catastrophe.

C.    Upon the death of my wife, this trust shall terminate, and my Trustees shall distribute the then remaining principal of the trust, together with any accrued and undistributed income therefrom, to my issue who shall survive my wife, **per stirpes**, subject, however, to the provisions of Article EIGHTH of this Will.

SIXTH:  If my wife, ANN DAY WALLICK, shall survive me, I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, of whatever nature and wherever situated and whether acquired by me before or after the execution of this Will, including any property hereinbefore mentioned but not effectively disposed of, all of which is

- 9 -

RDW

herein called my residuary estate, to my Trustees, hereinafter named, to hold and dispose of as follows:

A.  1.  During the lifetime of my wife, my Trustees shall pay the entire net income at least quarterly to or for the benefit of my wife.  In addition, my Trustees (other than my wife) may pay to or apply for the benefit of my wife at any time or from time to time such sums from the principal of the trust, including the whole thereof, as my Trustees (other than my wife), in their sole discretion, shall deem necessary for my wife's health, support and maintenance in accordance with her accustomed standard of living.  My Trustees, in exercising this discretionary power, shall first consider other resources (if any) reasonably available to my wife, including funds available from any fund established pursuant to subparagraph 2.c of the Prenuptial Agreement.  My wife may at any time by written notice require my Trustees either to make any nonproductive property of this trust productive or to convert such nonproductive property to productive property within a reasonable time.

2.  In the event that this trust owns an interest in one or more residences, my wife shall be entitled to live in the residences for and during the balance of her lifetime remaining after my death.  My wife shall not be responsible for paying any rent, but shall be responsible for

RDW

paying all of the expenses of maintaining such residences
arising during or attributable to such period or periods of her
use of the residences, including, without limitation, water and
sewage fees, real property taxes, expenses of landscape and
maintenance, expenses of trash removal, expenses of heating,
utility expenses and payments required as a result of a mortgage
or other form of loan secured by such premises. If, for any
period of time during the term of this trust, my wife ceases,
voluntarily and on her decision, to use a residence, and so
advises the Trustees in writing, the Trustees, if it shall be
reasonable and possible to do so, shall lease the residence,
with all income received on any such lease to be and become
income of the trust. My Trustees shall have the power to sell
any residence, provided that no such sale shall be effected
without the written consent of my wife or, if she is incapable
of providing such consent, her guardian or similar fiduciary, or
if none, her attorney-in-fact acting under a grant of power of
attorney voluntarily made by my wife when she was competent to
do so. The net proceeds of any sale of a residence shall be and
become principal of the trust, and the same shall be reinvested,
either in an additional residence for my wife or, if my wife
consents in writing to the Trustees' not reinvesting such

- 11 -

RDW

proceeds in a new residence, in other investments selected by the Trustees.

    3.   If this trust is the beneficiary of any Individual Retirement Account ("IRA") and I die after having reached my required beginning date for distributions, the Trustees of this Marital Trust shall direct that annual distributions from the IRA to this Marital Trust during the lifetime of my wife shall be made in such amount or amounts which shall be not less than the greater of (1) all the income earned by the IRA during the calendar year or (2) the amount required to be paid so that distributions are received as rapidly as under the method of distribution selected by me.  If I die before reaching my required beginning date, the Trustees of this Marital Trust shall direct that annual distributions during the lifetime of my wife shall be not less than the greater of (1) all the income earned by the IRA during the calendar year or (2) the IRA balance payable over the life expectancy of my wife plus any additional annual payment as required under the remainder of this paragraph.  Notwith-standing that the IRA shall be allocated to principal for trust accounting purposes, my Trustees shall allocate to income that portion of each annual installment payment from the IRA equal

RDW

to the income earned by the IRA for such annual period.  If
distributions from the IRA for any annual period are less than
the income earned by the IRA for such annual period, my Trustees
shall demand additional distributions from the IRA so that all
distributions for that annual period equal at least the amount
earned by the IRA for such annual period.  My wife shall have
full power in her discretion to compel the Trustees to demand
such distributions.  Other distributions from the IRA shall be
allocated to principal.

      B.   Upon the death of my wife, this trust shall
terminate, and my Trustees shall pay to my wife's estate any
income of the trust accrued or undistributed at the date of my
wife's death.  In addition, my Trustees shall pay to the legal
representatives of my wife's estate or directly to the
appropriate taxing authority, out of the principal of this
trust, any estate, inheritance, succession, transfer or other
death taxes ("death taxes") imposed by reason of the inclusion
of any of the property of this trust in my wife's gross estate.
Such payment shall equal the amount by which (1) the total of
such death taxes paid by my wife's estate exceeds (2) the total
of such death taxes which would have been payable if the value
of the trust property had not been included in her estate.  My
Trustees may rely conclusively upon the determination of my

- 13 -

RDW

wife's legal representatives as to the amount payable under the preceding two sentences and shall not be liable for any payments made in accordance with such determination.  After making any such payments, my Trustees shall pay the remaining principal of this trust to my issue who shall survive my wife, per stirpes, subject, however, to the provisions of Article EIGHTH of this Will.

C.  My wife (or, in the event of her death, the legal representatives of her estate) shall have the right to disclaim her interest in a part or all of the trust established by this Article, in which event the property so disclaimed and an equivalent portion of the remainder interest in such trust (which interest shall be accelerated) shall be added to the trust established under Article FIFTH of my Will, to be held and administered as a part of said trust.

D.  With reference to the trust established under this Article, I authorize my Personal Representatives to make any election under Section 2056(b)(7) of the Internal Revenue Code of 1986, as amended, and under similar provisions of any successor statute, or any comparable provision of state death tax law, which they may deem advisable.  My Personal Representatives shall not in any event be liable to any beneficiary or to any other person for any additional estate

RDW

taxes or other death taxes, penalties, interest, or other losses
incurred on account of their election or non-election to make
such property deductible for estate tax purposes, unless it can
be established that they acted with gross negligence or in bad
faith.  In the event that a partial election is made and the
trust is divided into separate trusts to reflect this fact, the
trust shall be divided according to the fair market value of the
assets at the time of the division.

E.    It is my primary intent that the bequest made by
this Article and the property comprising the trust estate of the
trust hereby created shall qualify for the federal estate tax
marital deduction, notwithstanding any provision in my Will
that might be construed as compromising this objective.  All
questions regarding the marital deduction gift and this trust
shall be resolved accordingly.  The powers and discretions of
my Personal Representatives and Trustees with respect to the
administration of my estate and this trust shall not be
exercised or exercisable except in a manner consistent with
my intent as expressed in this paragraph.  To the extent that
any other provision of my Will conflicts with my primary intent
as expressed in this paragraph, giving rise to an ambiguity,
the ambiguity shall be resolved as directed in this paragraph.
Should there be an ambiguity as to whether any provision

RDW

necessary for qualification for the marital deduction is
included in my Will, the ambiguity shall be resolved as directed
in this paragraph. As regards the marital deduction, all other
provisions of my Will are subordinate to this provision.

SEVENTH: If my wife, ANN DAY WALLICK, shall not
survive me, I give, devise and bequeath my residuary estate to
my issue who shall survive me, _per stirpes_, subject, however, to
the provisions of Article EIGHTH of this Will.

EIGHTH: If any share of my estate or any trust
established hereunder becomes distributable free of trust to a
beneficiary who has not attained the age of eighteen (18) years
(or twenty-one (21) years if distribution is made pursuant to
paragraph A below and the custodianship can continue to such
age), then such share shall immediately vest in the beneficiary,
but my fiduciary, in his or her discretion, may hold and/or
distribute such share as follows:

A. My fiduciary may pay over such share to a
custodian for such minor under a Uniform Gifts or Transfers to
Minors Act. If such share is paid to a custodian, the custodian
may be appointed by my fiduciary and the custodianship shall
continue for the maximum period allowable under the applicable
Uniform Act.

RDW

B.   My fiduciary may retain possession of such share during the period in which the beneficiary is under the age of eighteen (18) years.   If the share is retained by my fiduciary, then during such retention, my fiduciary shall use and expend so much of the net income and principal of each such share as my fiduciary, in his or her sole discretion, shall deem necessary or desirable for such beneficiary's health, support, education and maintenance, or for any other purpose that will, in the sole discretion of my fiduciary, further the best interests of the beneficiary.   Such payments may be made to the legal guardian, or to the person with whom such beneficiary resides, or directly to him or her, or otherwise, as my fiduciary may from time to time deem advisable, and my fiduciary shall accumulate for the benefit of such beneficiary any income not so applied or paid. When such beneficiary attains the age of eighteen (18) years, the entire amount then held for him or her shall be distributed to him or her, and in case of the death of such beneficiary prior thereto, shall be distributed to his or her estate.

NINTH:  No beneficiary of any trust created hereunder shall have the right or power, without the written consent of my Trustees, to anticipate by promise, assignment, pledge or otherwise, the receipt of any income or principal thereof; nor shall such income or principal, while in the possession of my

RDW

Personal Representatives or Trustees, be liable for, or subject to, the debts, contracts, obligations, liabilities, or torts of any beneficiary.

TENTH: Whenever the Trustees, in their sole discretion, shall determine that the size of any trust held hereunder does not warrant the cost of continuing the administration of such trust or that its continued admini-stration would be impractical, unnecessary or not in the best interests of the current beneficiary thereof, the Trustees, without further responsibility, may terminate such trust and distribute the trust property to the person who is at the time entitled to or eligible to receive the income from it.

ELEVENTH: If any beneficiary and I should die simultaneously or under such circumstances that the order of our respective deaths is uncertain, then it shall be conclusively presumed for the purposes of this Will that said beneficiary predeceased me.

TWELFTH: A. I direct that a proportionate share of the death taxes attributable to the inclusion in my gross estate of the property devised and bequeathed by Article FOURTH of this Will shall be apportioned among the devisees and legatees entitled to such property under Article FOURTH.

RDW

B.  I direct that all other death taxes imposed by any jurisdiction whatsoever in respect of my death, including interest or penalties thereon, whether assessed with respect to property passing under this Will or otherwise, shall be paid out of my residuary estate, and, except as provided above, the provisions of any statute directing tax apportionment shall not apply.

C.  The term "death taxes", as used herein, shall include estate, inheritance, succession, transfer and all other death taxes, including interest or penalties thereon, but shall not include (1) any death tax imposed as a result of the inclusion of property in my estate under Section 2044 of the Code, such taxes instead to be paid as directed by the Last Will and Testament or trust of my wife; (2) any generation-skipping transfer tax; or (3) any death tax imposed as a result of the inclusion of property in my estate subject to the exercise of a power of appointment, whether said power of appointment is exercised by me or not, such taxes instead to be paid out of the property which is subject to the exercise of said power of appointment.  I hereby declare that, except to the extent necessary to pay the taxes imposed on my estate by reason of

RDW

the inclusion of property subject to the exercise of a power
of appointment, I do not by this Will exercise any power of
appointment I may have.

THIRTEENTH:  A.  I hereby nominate, constitute and
appoint my wife, ANN DAY WALLICK, and CAROL A. RHEES as my
Personal Representatives and Trustees.  In the event that my
wife is or becomes unable or unwilling to serve, or upon her
death, my remaining Personal Representative or Trustee may serve
alone.  In the event that CAROL A. RHEES is or becomes unable
or unwilling to serve, or upon her death, then I nominate,
constitute and appoint PETER L. WELLINGTON as my Alternate
Personal Representative and Trustee to serve in her place.  My
Trustees or Trustee shall have the right at any time or times to
appoint another individual or a bank or trust company to serve
as an additional Trustee hereunder; provided, however, that
any child of mine or my wife's who is appointed shall not
participate in any decisions regarding distributions of
principal from the trusts.

B.  Any Trustee serving hereunder shall have the
right to designate his or her own successor who shall serve upon
said Trustee's resignation, refusal or inability to act in the
event that no successor Trustee is appointed by this Will.  In

RDW

the event of the resignation, refusal or inability to act of any Trustee acting or appointed to act hereunder, if no successor Trustee is designated by this Will or by said Trustee, the remaining Trustee may appoint a successor co-Trustee to administer the trusts.  In the event the remaining Trustee fails to designate a successor co-Trustee, then a majority of my and my wife's children may appoint a successor Trustee; provided, however, that the children may not appoint as successor Trustee any of themselves or any person who is an income beneficiary of the trusts or the spouse of an income beneficiary.

C.   I direct that no bond or surety on bond shall be required of any Personal Representative or Trustee appointed hereunder or in accordance herewith for the faithful performance of his or her duties in any fiduciary capacity hereunder in any jurisdiction, or if bond or other security is required by law, it is my request that it shall be a nominal bond or other security.  A successor Personal Representative or Trustee shall succeed to all the powers, duties, and discretionary authority of an original Personal Representative or Trustee.  No successor Personal Representative or Trustee shall be liable or respon-sible in any way for any acts or defaults of any predecessor Personal Representative or Trustee, but such successor Personal Representative or Trustee shall be liable only for his or her

RDW

own acts in default in respect to property actually received by him or her as such Personal Representative or Trustee.

D.    I hereby exonerate my Trustees from all liability to any and all persons interested in my estate or any trust established by me for all sums paid out of the principal of any trust pursuant to the provisions of this Will.  The judgment of my Trustees as to the amount of any such payment from principal, and as to the necessity or advisability thereof, shall be final and conclusive upon all persons interested or who may become interested in my estate.  My Trustees shall be empowered to make such invasion without regard to the degree whereby the principal of any trust hereunder is thereby depleted.  My Trustees shall not be responsible for or required to see to the use of any such payment or application of principal.  Except for willful default or gross negligence, my Personal Representatives and Trustees shall not be liable for any act, omission, loss, damage or expense arising from the performance of their duties hereunder.

E.    Co-fiduciaries serving hereunder may delegate to each other at any time or from time to time, in writing, any or all of their non-discretionary rights, powers, duties and authority, provided, however, that any such delegating instrument may be revoked at any time.  Each fiduciary shall be liable only for such fiduciary's own acts or omissions

RDW

- 22 -

occasioned by his or her own bad faith or willful or gross neglect. No fiduciary shall be responsible for the acts or omissions of another fiduciary; nor in particular shall any fiduciary be liable in regard to the exercise or non-exercise of any rights, powers, duties and authority delegated hereunder to another fiduciary.

F. In the case of co-fiduciaries serving hereunder, the signature of either one of them shall be sufficient in exercising any of the powers referred to in this Will, and the signature of either one of them shall be sufficient when endorsing or otherwise negotiating any checks, stock certificates, shares of investment trusts, stock or bond powers, or any of the other assets that may be held by co-fiduciaries from time to time. The provisions of this paragraph are included for ease of administration only and do not relieve any fiduciary hereunder of his or her duty to obtain the consent or concurrence of any other fiduciary to any proposed action or in any other way alter or expand any of their powers and discretions hereunder.

G. Any Personal Representative or Trustee hereof may resign at any time, without court application, by written instrument setting forth the effective date of such resignation, filed in the office where this Will is admitted to probate

RDW

and delivered personally or sent by mail to the successor or
remaining Personal Representative or Trustee and, in the case
of the Personal Representative resigning, to each of the
ascertained and then living beneficiaries of my estate, or, in
the case of a Trustee resigning, to each of the ascertained and
then living income beneficiaries hereunder.  In the case of a
minor beneficiary, the requisite notice shall be given to the
minor's guardian.  In the event of such resignation, or in the
event any Personal Representative or Trustee shall otherwise
fail or cease to be Personal Representative or Trustee hereof,
the successor or remaining Personal Representative or Trustee
may settle the accounts of the Personal Representative or
Trustee so resigning or otherwise failing or ceasing to be
Personal Representative or Trustee hereof, and any such
settlement shall be conclusive and binding upon all persons
interested in my estate.

FOURTEENTH:  I confer upon my Personal Representatives
and my Trustees, in whatever capacity acting, the right and
power to do any act in connection with the administration and
settlement of my estate or any trust created hereunder which
I might do if I were living.  Without limiting in any way the
general powers possessed by my Personal Representatives and my

RDW

Trustees, I specifically authorize them in whatever capacity acting, and without order or approval of any court:

      A.  To retain any securities or other properties or assets owned by me at the time of my death;

      B.  To sell, lease (whether or not such lease extends beyond the close of administration of my estate or the term of any trust created hereunder) or exchange real or personal property, either publicly or privately, at whatever prices and upon whatever terms they deem advisable;

      C.  To keep all or any portion of my estate or any trust established hereunder in cash and uninvested for such period or periods of time as they deem advisable, without liability for any resulting loss in income;

      D.  To invest or reinvest any available funds in property of any kind, real or personal, irrespective of any statute, case, rule or custom limiting the investment of estate or trust funds and without responsibility for diversification;

      E.  To mortgage, alter or improve any real property upon such terms as they deem advisable;

      F.  To register and hold securities in the name of any duly authorized nominee, and to hold securities in bearer form;

      G.  To vote, in person or by proxy, any stock or securities in my estate or any trust;

      H.  To participate in any plan of liquidation, reorganization, consolidation, or other financial adjustment of any corporation, partnership, joint venture or other business;

      I.  To renew or extend any obligations on which I shall be bound or to borrow;

      J.  To advance income or principal to beneficiaries and secure such advances by a lien on the future benefits of such beneficiaries, and to make loans to beneficiaries;

      K.  To disclaim or renounce on my behalf any gift, bequest, legacy or inheritance;

RDW

L.  To compromise, arbitrate or otherwise adjust or settle claims in favor of or against my estate or any trust;

M.  To make distributions of income and principal to the trust beneficiaries during the period of estate administration;

N.  To divide or allot property among my individual beneficiaries or among the trusts, in kind or in money, or partly in kind and partly in money, or in the form of undivided interests in property;

O.  To allocate particular assets or portions thereof or undivided interests therein to any one or more of the beneficiaries hereunder, even if one or more shares be composed in whole or in part of property different in kind from that of any other share, without taking into account the income tax bases of such assets;

P.  To make such elections under the tax laws applicable to my estate or any trust they determine should be made, without making any compensating or equitable adjustments, and such elections shall be binding upon all beneficiaries;

Q.  In any case where income or principal is payable to or for the benefit of a beneficiary of a trust established hereunder, to apply such income or principal for the benefit of such beneficiary or to pay such income or principal directly to such beneficiary or to the natural or legal guardian, conservator or committee of such beneficiary, and any person to whom any such income or principal shall be so paid shall not be obligated to give any accounting for its use, expenditure or disposition;

R.  In buying and selling assets, in lending and borrowing money, and in all other transactions, irrespective of the occupancy by the same person of dual positions, to deal with themselves in their separate or fiduciary capacity;

S.  To determine, in their sole discretion, what is income or corpus of any trust and what is income and net income; and to determine the manner in which expenses are to be charged and the manner in which receipts are to be credited as between income and principal; provided, however, that this power cannot be exercised in any manner which would depart fundamentally from

RDW

- 26 -

concepts of local law or which would shift any of the beneficial interests in any of the trusts;

T.  To employ agents, accountants, brokers, investment counsel and attorneys, and to charge the expense thereof to my estate or any trust.  Any of my fiduciaries may serve in any such additional capacity and be compensated for services rendered in such additional capacity;

U.  To exercise or refrain from exercising all options, rights and privileges to convert stocks, bonds, notes, mortgages or other property; to subscribe for additional or other stocks, bonds, notes, mortgages or other property; to make such conversions and subscriptions and to make payments thereof, and to hold such stocks, bonds, notes, mortgages or other property so acquired as investments of my estate; and

V.  In general, to exercise all powers in the management of my estate and any trust hereunder which any individual could exercise in his or her own right, upon such terms and conditions as they may deem necessary or proper to carry out the purposes of this my Will.

FIFTEENTH:  A.  The words "Personal Representative," "Personal Representatives," "Trustee," and "Trustees," as used in this Will, and all pronouns and verbs used herein, shall include, where appropriate, the singular, the plural, the masculine, the feminine and the neuter.  The terms "fiduciary" or "fiduciaries," as used in this Will, shall be deemed to include any Personal Representatives or Trustees serving hereunder.

B.  Whenever the term "education" is used herein, such term shall include all tuition, travel, room, board and other costs and expenses related to preparatory, special,

- 27 -

RDW

vocational, business, college, post-graduate, and professional training.

C.    Whenever the term "health" is used herein, such term shall include all medical, psychiatric, dental, hospital and nursing expenses and expenses of invalidism.

D.    The term "Code," as used in this Will, shall mean the Internal Revenue Code of 1986, as amended, and any reference to a particular section of the Code shall include any corresponding provision of state law.

E.    An adopted child shall be deemed to be a natural child of the adopting parent or parents.  A person in gestation who is later born alive shall be considered a person in being.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal this 30th day of August, 1999.


            Robert D. Wallick                     [SEAL]
            ROBERT D. WALLICK


This instrument with this attestation clause, and attached affidavit typewritten on one side of thirty pages numbered from 1 to 30 inclusive, was in our presence signed, sealed, published and declared by the said ROBERT D. WALLICK as his Last Will and Testament, and we, at his request and in his

RDW

presence and in the presence of each other, signed our names thereto as attesting witnesses.


Carol A. Rhees _____ residing at                          _____

                                                          _____


Christie A. Walser _____ residing at                                  _____

                                                                    _____


Gordon M. Clay _____ residing at

RDW

District of Columbia     )    ss
                            )

We, ROBERT D. WALLICK, Carol A. Rhees, Christie A. Walser , and Gordon M. Clay, the testator and the witnesses, respectively, whose names are signed to the foregoing instrument, having been sworn, declared to the undersigned officer that the testator, in the presence of the witnesses, signed the instrument as his Last Will and Testament, that he signed, and that each of the witnesses, in the presence of the testator and in the presence of each other, signed the Will as a witness.

Robert D. Wallick
ROBERT D. WALLICK


Carol A. Rhees
Witness


Christie A. Walser
Witness


Gordon M. Clay
Witness


Subscribed, sworn and acknowledged before me by ROBERT D. WALLICK, the testator, and by Carol A. Rhees, Christie A. Walser and Gordon M. Clay, witnesses, on August 30, 1999.

Virginia Smith
Notary Public


My commission expires:    My Commission Expires
                             January 14, 2002

RDW