IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER L. DODGE, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-01368 (RBW) |
| STEPTOE & JOHNSON, LLP PROFIT SHARING PLAN FOR CLASS O EMPLOYEES, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS'/COUNTERCLAIM-PLAINTIFFS'
MOTION FOR JOINDER OF ADDITIONAL PARTIES

Defendants Steptoe & Johnson LLP ("Steptoe"), Steptoe & Johnson LLP Profit Sharing Plan for Class O Employees ("Class O Plan"), Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan ("Cash or Deferred Plan"), Paul Kruse ("Kruse"), and Steptoe & Johnson LLP Group Life Insurance Plan ("Life Insurance Plan") (collectively the "Steptoe Defendants" or the "Steptoe Counterclaim-Plaintiffs"), by and through their undersigned attorneys and pursuant to Rule 19 of the Federal Rules of Civil Procedure, submit this memorandum in support of their motion for joinder of the following nonparties to this litigation: Robert D. Wallick, Jr., Jennifer Wallick Nelson, Jonathan R. Wallick, Peter Wellington, in his capacity as both the Trustee of the 1999 Robert D. Wallick Marital Trust and the Personal Representative of the Estate of Robert D. Wallick, and Unum Life Insurance Company of America ("Unum").

INTRODUCTION

This dispute involves the distribution of benefits from various employee benefit plans in which deceased Steptoe partner Robert D. Wallick ("Mr. Wallick") was a participant. There are

conflicting claims to these plan benefits among the potential beneficiaries. The above-captioned case was brought by one set of claimants to the plan benefits; however, these claimants did not join as parties to the lawsuit the other adverse claimants to the plan benefits or the stakeholder of Life Insurance Plan benefit. The Steptoe Defendants have raised a compulsory counterclaim of defensive interpleader in which they are the Counterclaim-Plaintiffs and in which they seek to resolve the disputed claims to the plan benefits. Accordingly, the Steptoe Counterclaim-Plaintiffs now move this Court to join the other adverse claimants and the stakeholder of the Life Insurance Plan benefit as necessary parties to the interpleader counterclaim.

## STATEMENT OF FACTS

On December 26, 2004, Mr. Wallick died leaving as his survivors his second wife, Ann Day Wallick, and three children from his previous marriage: Robert D. Wallick, Jr., Jennifer Wallick Nelson, Jonathan R. Wallick (collectively the "Wallick Children"). In 2006, Ann Day Wallick died leaving her children from a previous marriage, Christopher L. Dodge and Jonathan F. Dodge (collectively the "Dodge Children") as heirs to her estate. On August 2, 2006, the Dodge Children filed the Complaint in the above-captioned action, seeking the benefits from the Class O Plan, the Cash or Deferred Plan and the Life Insurance Plan (collectively the "Plans") upon Mr. Wallick's death and the subsequent death of their mother. The Dodge Children allege that Ann Day Wallick's estate, and they individually, are entitled to the benefits from these Plans. On September 22, 2006, the Steptoe Defendants filed an answer and an interpleader counterclaim. The Steptoe Defendants, in support of their counterclaim, seek to join the Wallick Children, Peter Wellington in his capacity as both the Trustee of the 1999 Robert D. Wallick Marital Trust (the "1999 Trust") and the Personal Representative of the Estate of Robert D. Wallick, and Unum Life Insurance Company of America ("Unum"), the claims administrator for the Life Insurance Plan, as necessary parties in this action.

1.  The Plan Beneficiary Designations

In April 1991, Mr. Wallick executed a beneficiary form naming Ann Day Wallick as his primary beneficiary and the Wallick Children as equal contingent beneficiaries for "all of plans in which [Mr. Wallick] participate[d]." See April 1991 Designation, Ex. 5.[1] This designation applied only to the Life Insurance and Cash or Deferred Plans. The Class O Plan did not exist until January 1, 1992.

In February 1992, Mr. Wallick executed another beneficiary form which provided that his primary beneficiary for the Life Insurance and the Cash or Deferred Plans would be a marital trust created under Article 5 of his December 20, 1991 will, with "his issue" (i.e. the Wallick Children) as equal contingent beneficiaries. Although the Class O Plan had been created by this time, it was not reflected on the beneficiary designation form available in February 1992. See February 1992 Designation, Ex. 6. The February 1992 form also included a waiver of Ann Day Wallick's primary beneficiary rights, which was duly notarized, witnessed and signed by Ann Day Wallick.

The 1991 Will referred to in the February 1992 form was later revoked and replaced by Mr. Wallick's August 30, 1999 Will (the "1999 Will"). The 1999 Will created a new marital trust, the 1999 Trust, which provided Ann Day Wallick with the benefits of the Trust <u>during her lifetime only</u>, with the remainder of the benefits to be distributed to the surviving Wallick Children upon her death. See 1999 Will, Ex. 4, at 8-9. The original trustees of the 1999 Trust were Ann Day Wallick and Carol A. Rhees. Upon the death of Ann Day Wallick and the retirement of Ms. Rhees, Peter Wellington became the trustee of the marital trust and the personal representative of Mr. Wallick's Estate. Id. at 20.

---

[1] Unless otherwise noted, the exhibits referenced in this memorandum are attached to Defendants' Answer and Counterclaim in Interpleader.

In August 1999, Mr. Wallick and Ann Day Wallick executed a postnuptial agreement relinquishing the rights to each other's property and estate. See Postnuptial Agreement, Ex. 8, at 5-6. Mr. Wallick's Steptoe retirement accounts and life insurance benefit were listed as Exhibit A to the agreement, and thus were included in the assets to which Ann Day Wallick relinquished any rights. Id. at Ex. A.

In December 2000, Mr. Wallick signed and sent a memorandum to Kruse designating the 1999 Trust as the primary beneficiary under both the Cash or Deferred and Class O Plans and enclosing the 1999 Will. See Memo. from B. Wallick to P. Kruse, Ex. 4. This memorandum did not mention the Life Insurance Plan benefits. Further, upon information and belief, an unsigned 2000 beneficiary designation form was found in Mr. Wallick's personal effects after his death naming the trustees of the 1999 trust as the primary beneficiary and the surviving Wallick Children as equal contingent beneficiaries for the Cash or Deferred and Class O Plans, and specifying a fifty percent split of the Life Insurance Plan benefits between Ann Day Wallick and the Wallick Children. See December 2000 Declarations, Ex. 4.

The Dodge Children allege in their Complaint that in November 2005, following Mr. Wallick's death, Ann Day Wallick executed a Beneficiary Designation form naming them as her beneficiaries with respect to the Class O and Cash or Deferred Plans. The Dodge Children also allege that Ann Day Wallick filed a claim for Mr. Wallick's death benefits under the Life Insurance Plan.

DC1 30172980.1

2.   Benefit Distribution Under the Plans

The Plans provide that upon the participant's death, a death benefit will be paid to the beneficiary of the plan. See Cash or Deferred Plan at 34 § 10.5 at 44-45, Ex. 3; Class O Plan § 9.6, Ex. 2; Life Insurance SPD, Ex. 1.

Under Sections 3.1(c) and 9.7 of the Class O Plan, when a participant is legally married on the date of death, his beneficiary shall automatically be the surviving spouse unless he has filed a sufficient written election otherwise. In that election, the spouse must expressly waive her right to be a beneficiary before a plan representative witness or notary, and must agree to allow for other beneficiaries to be designated without her further consent. See Class O Plan, Ex. 2 at 5, 35.

Under Sections 10.5(a) and 10.9 of the Cash or Deferred Plan, the participant's spouse is the automatic beneficiary of the plan. Any designation of a non-spouse as the primary beneficiary is invalid, unless the spouse has provided written consent to the designation witnessed by either a notary public, the plan administrator or someone designated by the administrator. See Cash or Deferred Plan Ex. 3 at 44-45, 50.

The summary plan description for the Life Insurance Plan requires that the participant name a beneficiary on his/her enrollment form. The beneficiary can be changed at any time by filing a form approved by Unum with the Employer (i.e. Steptoe). The effective date of the designation is the date the form was signed. If a beneficiary is unnamed, or the named beneficiary is disqualified or survives the participant, then the death benefit is paid to the participant's estate. Under these circumstances, Unum reserves the right to distribute payment to the first surviving family members (in order of spouse and then children) instead of the participant's estate. See Life Ins. Plan SPD, Ex. 1.

2. <u>The Conflicting Claims for Plan Benefits</u>

a. <u>Ann Day Wallick and the Dodge Children's Claims</u>

In their Complaint, the Dodge Children allege that Mr. Wallick did not execute a sufficient written election waiving their mother's rights to benefits from the Class O and Cash or Deferred Plans (despite the existence of the February 1992 waiver). Compl. ¶¶ 19, 33. They assert that Ann Day Wallick (and upon her death, her estate) is the proper beneficiary of the Class O and Cash or Deferred Plans upon Mr. Wallick's death since both the Cash and Deferred Plans provide that the spouse is the automatic beneficiary in the absence of a valid waiver. In September 2005, Ann Day Wallick submitted a Beneficiary's Benefit Election Form, requesting benefits under the Cash or Deferred and Class O Plans. See Beneficiary's Benefit Election Form, Ex. 9. Ann Day Wallick indicated in the certification section that she was the "sole default beneficiary in the absence of a valid beneficiary designation." <u>Id</u>. at 2.

Plaintiffs also allege that they are individually (not just in the capacity as representative of her estate) entitled to the Cash or Deferred and Class O Plans, due to the alleged execution by Ann Day Wallick of a November 2005 beneficiary designation form that purportedly names the Dodge Children as beneficiaries of the Class O and Cash or Deferred Plans. Compl. ¶¶ 57-58, 65-66.

Finally, the Dodge Children claim that Ann Day Wallick's Estate is entitled to the Life Insurance Plan benefits as a primary beneficiary. Compl. ¶¶ 43-54.

      b.    The Claims of Wallick Children and the Estate of Robert D. Wallick/1999 Trust

The Wallick Children and Wellington (in his capacity as Trustee of the 1999 Trust and representative of the Wallick Estate) have also asserted claims for benefits from the Plans. In or around November 2005, a complaint was drafted in which Wellington asserted that the Wallick Children, and the Wallick Estate/1999 Trust, are entitled to the benefits under the Cash or Deferred and Class O Plans. See Draft Complaint, Ex. 10. The draft complaint asks the Superior Court for the District of Columbia (Probate Division) to issue instructions as to the distribution of the benefit funds. Id. at 10. The draft complaint was never filed. The Wallick Children and the Wallick Estate argue that the 1999 Trust is the proper beneficiary of the Class O and Cash or Deferred Plans based on two theories: 1) Ann Day Wallick waived her rights to the Plans by entering into the 1999 postnuptial agreement and; 2) the 1999 Will provides that all benefits from the Plan be forwarded to the Trust upon the death of Ann Day Wallick. Id. at 9 ¶ 27; Attachment to Email from J. Wallick to P. Wellington of 8/16/05, Ex. 11, at 4-5. However, there also appear to be claims raised by the Wallick Children that they are individually entitled to the plan benefits due to Ann Day Wallick's waiver of her beneficiary rights in the February 1992 designation form. See Letter from J. Nelson to P. Wellington of 8/30/05, Ex. 12. Thus, there not only are competing interests in the plan benefits between the Dodge Children and the Wallick Children, but also between the 1999 Trust and the Wallick Children. Despite these competing interests, Plaintiffs have failed to join Wellington and the Wallick Children as parties to their suit.

## ARGUMENT

The Wallick Children, Wellington and Unum must all be joined to this action under Federal Rule of Civil Procedure 19 for proper litigation and resolution of the interpleader

counterclaim raised in this lawsuit. "Interpleader allows a party exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding." Commercial Union Ins. Co. v. U.S., 999 F.2d 581 (D.C. Cir. 1993). "Where a party in control of contested property, the stakeholder, makes no claim on the property and is willing to release it to the rightful claimant, interpleader allows him 'to put the money or other property in dispute into the court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.'" Id.

"Rule 19(a) states that, if a person meets the threshold requirements for joinder and is found to be a necessary party . . . the person 'shall be joined as a party in the action . . . .' The language is mandatory, not discretionary." Bridges v. Blue Cross and Blue Shield Assoc., 889 F. Supp. 502, 504 (D.D.C. 1995). There are two "threshold requirements" to the application of Rule 19(a): (1) "the person to be joined must be subject to service of process" and (2) "joinder . . . must not deprive this Court of jurisdiction over the subject matter of the action." Id. at 503. Once these threshold requirements are met, the party is to be joined if: "1) complete relief cannot be achieved in its absence; or 2) the absentee's ability to protect its interests may be impaired by the disposition of the action; or 3) those already parties will be subject to a substantial risk of incurring inconsistent obligations because of the absence." Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Wash., 699 F.2d 1274, 1278 (D.C. Cir. 1983); Fed. R. Civ. P. 19(a). Only one of these factors is needed in order to establish that an absent party is necessary to the litigation.

Rule 19 is broad in its allowance of joinder. Burka v. Aetna Life Ins. Co., 87 F.3d 478, 480 (D.C. Cir. 1996) ("By its terms, Rule 19 is a much broader provision for the addition of parties to a law suit than is Rule 25"). See Raskauskas v. Temple Realty Co., 589 A.2d 17, 21

(D.C. 1991) ("Thus, given the explicit language of the Rule, we join the federal courts and interpret Rule 19 to require a trial judge to order joinder whenever possible); see also Hoheb v. Muriel, 753 F.2d 24, 26 (3d Cir. 1985) (quoting the Rule 19 Advisory Committee as finding that the "principal consideration is that 'persons materially interested in the subject of an action…should be joined as parties so that they may be heard and a complete disposition made.'").

I.  JOINDER OF UNUM, THE WALLICK CHILDREN AND WELLINGTON MEETS THE THRESHOLD REQUIREMENTS FOR JOINDER

Joinder of Unum, the Wallick Children and Wellington meets the threshold requirements under Rule 19(a) because they are all subject to service of process and their joinder will not destroy the Court's subject matter jurisdiction over the action.

First, the Wallick Children, Wellington and Unum are all subject to service of process under 28 U.S.C. § 1361, which provides for nationwide service of process for statutory interpleader actions. Second, joinder of the additional parties will not destroy the Court's subject matter jurisdiction. This Court has subject matter jurisdiction over the interpleader claim because it is a compulsory counterclaim. "If a counterclaim is compulsory, the federal court will have ancillary jurisdiction over it even though ordinarily it would be a matter for state court." Baker v. Gold Seal Liquors, 417 U.S. 467 (1974). "[F]ederal courts have long entertained compulsory counterclaims without requiring an independent basis of subject matter jurisdiction." Fiondella v. Tidwell, No. 95-535, 1996 U.S. Dist. LEXIS 17462 (D.D.C. Nov. 13, 1996) (citing Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978). See also Commercial Union Ins. Co. v. U.S., 999 F.2d 581 (D.C. Cir. 1993).

This Court also has supplemental jurisdiction over the claims in this counterclaim under 28 U.S.C. §§ 1367. In addition, this Court has subject matter jurisdiction over the claims in this

9

DC1 30172980.1

counterclaim under the federal interpleader statute, 28 U.S.C. § 1335 and under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. The addition of the Wallick Children, Wellington and Unum will destroy subject matter jurisdiction on any of these bases.

II.  RULE 19(a) MANDATES JOINDER OF THE WALLICK CHILDREN AND WELLINGTON AS NECESSARY PARTIES

The Wallick Children and Wellington must be joined as parties to this action because their joinder is necessary to protect their own interests in the benefits from the Plans and to avoid subjecting the Steptoe Defendants to multiple lawsuits or liability. Unum must be joined as a party to this lawsuit because complete relief cannot be obtained in Unum's absence.

    A.  Joinder Of The Wallick Children And Wellington Is Necessary To Protect Their Interests As Adverse Claimants.

Failure to join the Wallick Children and Wellington in this litigation will severely impair their ability to protect their interest in the benefits from the Plans. Both the Wallick children and Wellington have alleged that the Wallick Estate and/or the 1999 Trust, rather than the Dodge Children or Ann Day Wallick's estate, has a primary entitlement to the Plan funds at issue. They base these claims on two theories: 1) that the 1999 Will (which replaced the 1991 Will) required that all benefits from the Plans would revert to the Trust upon Ann Day Wallick's death; and 2) that the 1999 postnuptial agreement constituted a waiver of any rights Ann Day Wallick may have had in the Plans. Furthermore, the Wallick Children claim that they are entitled to the Plan funds at issue in their individual capacities because the February 1992 written election constituted a valid waiver of Ann Day Wallick's rights to the Plans, and thus reverted the benefits to them as contingent beneficiaries. If the Dodge Children were to win a judgment for payment of the monies from the Plans, the Wallick Children and Wellington could lose any interest that they may have had in the various funds. Therefore, joinder is necessary to ensure

DC1 30172980.1

that the Wallick Children have an opportunity to protect their alleged interest in the plan funds at issue.

### B. Failure To Join The Wallick Children And Wellington As Parties Will Lead To Multiple Vexation Against A Single Fund And Create Inconsistent Judgments.

The Wallick Children and Wellington must be joined as parties to this lawsuit because the Steptoe Defendants will be subjected to a substantial risk of incurring multiple and inconsistent obligations because in their absence. Because they are non-parties, the case at bar does not prohibit the Wallick Children and/or Wellington from bringing subsequent, independent suits against the Steptoe Defendants for these benefits. By failing to join the Wallick Children and Wellington the Steptoe Defendants would be forced to relitigate the same claims for the same benefits in either a different forum. Not only would this unfairly subject the Steptoe Defendants to thousands of dollars in unnecessary legal costs, but it would also expose them to multiple liability. The Steptoe Defendants could be forced to pay judgments to the Wallick Children, Wellington, and the Dodge Children. This result is extremely prejudicial to the Steptoe Defendants and inconsistent with the principles of judicial economy.

Further, the Steptoe Defendants, as ERISA fiduciaries, have an obligation to conserve the assets of the Plans. If the Court were to disallow the joinder, the Steptoe Defendants might be forced to use the Plans' assets to defend multiple lawsuits. Possibly the Steptoe Defendants would also have to fund multiple claims for benefits from the Plan assets. Certainly, this would be in no one's interests, including the potential beneficiaries'.

### C. Complete Relief Cannot Be Accorded Without The Joinder Of Unum

Unum must be joined as a party to this litigation because the claimants to the Life Insurance Plan benefits would not be able to receive complete relief for their claims without Unum's joinder. As Claims Administrator of the Life Insurance Plan benefit funds at issue,

Unum is the only entity authorized to distribute death benefits from the Life Insurance Plan. The summary plan description provides that a beneficiary cannot receive death benefits from the Life Insurance Plan without Unum's approval. See Life Ins. Plan SPD, Ex. 1. Importantly, Steptoe "[u]nder no circumstances" will be deemed an agent of Unum, and does not have the authority to approve or distribute death benefits from the Life Insurance Plan. Id. The monies from the Life Insurance Plan are held by Unum, not the Steptoe Defendants.

Thus, without Unum joined as a party, the claimants to the Life Insurance Plan benefits could not receive any relief (let alone complete relief) for their claims since the Steptoe Defendants cannot facilitate or authorize the distribution of death benefits from the Life Insurance Plan. Thus, Unum should be joined to this litigation as a necessary party under Rule 19.

## CONCLUSION

Accordingly, because joinder is both feasible and appropriate under Rule 19(a), this Court should join the Wallick Children, Wellington and Unum as parties to this action. For all the foregoing reasons, the Steptoe Defendants/Counterclaim-Plaintiffs respectfully request that their motion be granted.

>Respectfully submitted,
>
>STEPTOE & JOHNSON, LLP, STEPTOE & JOHNSON, LLP PROFIT SHARING PLAN FOR CLASS O EMPLOYEES, STEPTOE & JOHNSON, LLP CASH OR DEFERRED PROFIT SHARING PLAN, PAUL KRUSE, STEPTOE & JOHNSON, LLP GROUP LIFE INSURANCE PLAN
>
>By: _____/s/Karla Grossenbacher_____
>Karla Grossenbacher, DC Bar No. 442544
>Jessica R. Hughes, DC Bar No. 468853
>Eyana Smith, DC Bar No. 489466*
>SEYFARTH SHAW LLP
>815 Connecticut Avenue, N.W., Suite 500
>Washington, D.C. 20006-4004
>(202) 463-2400
>
>*U.S.D.D.C. admission pending
>
>Attorneys for Defendants

Dated: September 22, 2006

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing Defendants'/Counterclaim-Plaintiffs' Motion for Joinder of Additional Parties was served, by first-class mail, postage prepaid, this 22nd day of September, upon:

David E. Constine, III, Esquire
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
P. O. Box 1122
Richmond VA 23218-1122
Attorney for Unum Provident Life Insurance Company.

William E. Davis, Esquire
Ross, Marsh & Foster
2001 L Street, NW., Ste. 400
Washington, D. C. 20036
Attorney for Robert D. Wallick, Jr., Jennifer Wallick Nelson, Jonathan R. Wallick

Susan G. Blumenthal, Esquire
Williams Mullen
1666 K Street, Suite 1200
Washington D.C. 20036
Attorneys for Peter Wellington as Personal Representative of the Estate of Robert D. Wallick

/s/ Karla Grossenbacher
Karla Grossenbacher

DC1 30172980.1