# Exhibit 10

# Draft Complaint

# DRAFT

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
PROBATE DIVISION

PETER L. WELLINGTON,                            )
Personal Representative of the ESTATE OF        )
ROBERT D. WALLICK                               )
                                                )
            Complainant                         )
                                                )
v.                                              )     Case No. _____
                                                )
ANN DAY WALLICK                                 )
2101 Connecticut Avenue, N.W.                   )
Apartment 85                                    )
Washington, D.C.  20008                         )
                                                )
                                                )
and                                             )
                                                )
ROBERT D. WALLICK, JR.                          )
137 Vine Street                                 )
Everett, MA  02149                              )
                                                )
and                                             )
                                                )
JENNIFER WALLICK NELSON                         )
12687 Gibraltar Drive                           )
San Diego, CA  92128                            )
                                                )
and                                             )
                                                )
JONATHAN R. WALLICK                             )
96 Hargrove Circle                              )
Martinsburg, WV  25401                          )
                                                )
and                                             )
                                                )
JONATHAN F. DODGE                               )
310 Belvedere Avenue                            )
Cambridge, MD  21613                            )
                                                )
and                                             )
                                                )



CHRISTOPHER L. DODGE )
7214 Chestnut Street )
Chevy Chase, MD 20815 )
)
and )
)
UNUM LIFE INSURANCE COMPANY OF AMERICA )
t/a UNUM PROVIDENT )
)
    Serve:    CT Corporation System )
              1015 15th Street, N.W., Suite 1000 )
              Washington, D.C. 20005 )
)
and )
)
STEPTOE & JOHNSON LLP PROFIT SHARING PLAN )
FOR CLASS O EMPLOYEES, and )
STEPTOE & JOHNSON LLP CASH OR DEFERRED )
PROFIT SHARING PLAN )
)
    Serve:    Paul Kruse, Chief Operating Officer )
              Steptoe & Johnson LLP )
              1330 Connecticut Avenue, N.W. )
              Washington, D.C. 20036 )
)
              Respondents )

## COMPLAINT FOR INSTRUCTIONS

    Complainant Peter L. Wellington ("Complainant"), as Personal Representative of the

Estate of Robert D. Wallick, deceased ("Mr. Wallick"), hereby files his Complaint for

Instructions, and states as follows:

### Parties

    1.    Mr. Wallick died on December 26, 2004. Mr. Wallick's Last Will and Testament

dated August 30, 1999 (the "Will") was duly admitted to probate on April 25, 2005 in the

District of Columbia Superior Court, No. 20050406. A copy of the Will is attached as Exhibit A.

    2.    The Will names Carol Rhees, a former trusts and estates partner at Steptoe &

Johnson, LLP ("Rhees"), and Mr. Wallick's wife, Ann Day Wallick ("Mrs. Wallick"), as co-

2

Personal Representatives. Rhees resigned from her duties under the Will when she left private practice and she was replaced by Peter L. Wellington, pursuant to the terms of the Will. <u>See</u> Exhibit A. Due to Mrs. Wallick's potential conflict of interest in this matter, she has recused herself as a co-Personal Representative in the instant suit.

3.      Respondents Robert D. Wallick, Jr., Jennifer Wallick Nelson, and Jonathan R. Wallick are adult individuals and are Mr. Wallick's children from a prior marriage (collectively "the Wallick Children"). Respondents Jonathan Fisher Dodge and Christopher Lockwood Dodge are adult children and are Mrs. Wallick's children from a prior marriage (collectively "the Dodge Children"). See Exhibit A.

4.      Respondent Unum Life Insurance Company of America t/a Unum Provident ("Unum") is the underwriter of a life insurance policy held by Mr. Wallick. Upon information and belief, Unum is a Maine corporation with its principal offices located at 2211 Congress Street, Portland, Maine 04122.

5.      Respondents Steptoe & Johnson LLP Profit Sharing Plan for Class O Employees and Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan (collectively "Respondents Steptoe & Johnson Profit Sharing Plans") are profit sharing plans in which Mr. Wallick was a participant.

### D.C. Residence

6.      At the time of his death, Mr. Wallick and Mrs. Wallick (collectively the Wallicks) were the owners of 24 housing cooperative shares of 2101 Connecticut Avenue, Inc., by which they occupied unit number 85 and parking space 51 ("the D.C. Residence").

7.      The 1979 Stock Certificate for the D.C. Residence names "Robert Daniel and Ann Day Wallick" as the Shareholder. A copy of the Stock Certificate is attached as Exhibit B.

8.    The 2101 Connecticut Avenue Cooperative Apartments, Inc. Shareholder

Agreement dated November 1, 1979 for the D.C. Residence refers to "Robert Daniel and Ann

Day Wallick, as joint tenants" as the Shareholder.  A copy of the Shareholder Agreement is

attached as Exhibit C.

9.    Article FOURTH of the Will states in pertinent part as follows:

As of the writing of this Will, my wife and I own the following two residential properties
as tenants by the entireties:  a cooperative apartment (and the related proprietary lease and
shares of stock) at 2101 Connecticut Avenue, N.W., Apartment 85, Washington, D.C.
(hereinafter the "D.C. Residence"), and a residence at 10620 Frayne Drive, Windsor,
Vero Beach, Florida (hereinafter the "Florida Residence" (collectively, "the Residences").
It is our intention to retitle these properties as tenancies in common, so as to allow each of
us to control the disposition of our respective interests in the Residences.  If, at the time
of my death, either of the above Residences is still titled as a tenancy by the entireties, if
my wife shall not survive me, I give and devise all of my right, title and interest in such
Residence (including, in the case of the D.C. Residence, the related proprietary lease and
shares of stock). . . in equal shares to the following of my children and my wife's children
who shall survive me:  ROBERT D. WALLICK, JR., JENNIFER WALLICK NELSON,
JONATHAN R. WALLICK, JONATHAN FISHER DODGE and CHRISTOPHER
LOCKWOOD DODGE. . .

See Exhibit A.

10.    The law firm for 2101 Connecticut Avenue Cooperative, Inc., now known as

Pillsbury Winthrop Shaw Pittman LLP ("Shaw Pittman"), drafted the requisite forms for the

retitling of the D.C. Residence but has no record of receiving signed forms back from the

Wallicks.  Shaw Pittman also has an incomplete stock certificate "in the name of 'Robert Daniel

Wallick, 60% and Ann Day Wallick, 40%, as Tenants in Common' and dated 'this _____ day of

November, 2002.'"  See blank forms and stock certificate attached as Exhibit D.

11.    Paragraph 2 of the Wallicks' Postnuptial Agreement dated August 30, 1999 states

in pertinent part:

Waiver of Rights in Each Other's Estates:  Both parties waive and relinquish all their
respective dower, curtesy and homestead rights or interests, and any and all statutory
elective rights or interests of any kind arising upon the death of one or both of the parties,

4

> including any community property or quasi-community property rights, as widower or widow of the other, in and to property now owned or hereinafter acquired by the other, and whether provided under existing laws and statutes of the District of Columbia...

See copy of Postnuptial Agreement attached as Exhibit E.

12.    Exhibit A to the Postnuptial Agreement names the D.C. Residence under "Assets owned in the joint names of Robert D. Wallick and Ann Day Wallick". See Exhibit E.

13.    Complainant retained Arnold D. Spevack, Esquire of Lerch, Early & Brewer, Chtd., who specializes in ownership of cooperative interests, to render a legal opinion regarding the issue of title to the D.C. Residence. He has opined that a court would likely have a reasonable basis to reach any of the following three possible conclusions as to the ownership of the D.C. Residence: (1) that the apartment was owned by the Wallicks as joint tenants; (2) that the Wallicks took the necessary actions to sever the joint tenancy and create a tenancy in common; or (3) that the Wallicks unintentionally failed to implement a plan to create a tenancy in common such that a constructive trust should be imposed in order to effectuate that plan. See letter from Arnold D. Spevack, Esq. dated June 14, 2005 attached as Exhibit F. Mr. Spevack's letter refers to additional documents which arguably evidence Mr. Wallick's intent to retitle the D.C. Residence as tenants in common. See Exhibit F.

14.    Mrs. Wallick asserts that she is entitled to 100% of the interest in the D.C. Residence as the surviving joint tenant. The Wallick Children assert that the Estate of Robert D. Wallick is entitled to 60% of the interest in the D.C. Residence. Complainant needs instructions from the Court as to the lawful ownership of the cooperative stock in the D.C. Residence.

**Unum Life Insurance Policy**

15.    Prior to his death, Mr. Wallick was a partner with Steptoe & Johnson, LLP ("Steptoe & Johnson"). He was the insured of a life insurance policy underwritten by Unum.

The Unum Group Life Insurance Plan states in pertinent part the following with respect to

designation of beneficiaries:

> At the time you become insured, you should name a beneficiary on your enrollment form
> for your death benefits under your life insurance. You may change your beneficiary at
> any time by filing a form approved by Unum with your Employer. The new beneficiary
> designation will be effective as of the date you sign that form. . .
>
> If you do not name a beneficiary, or if all named beneficiaries do not survive you, or if
> your named beneficiary is disqualified, your death benefit will be paid to your estate.
>
> Instead of making a death payment to your estate, Unum has the right to make payment to
> the first surviving family members..in the order listed below:
>
> - spouse;
> - child or children;
> - mother or father; or
> - sisters or brothers.

See Page 6 of Unum Group Life Insurance Plan attached as Exhibit G.

16.    Mr. Wallick's most recent beneficiary designation form was executed in 1992 and

named "the trust created under Article Fifth of my Will, dated December 20, 1991, for the benefit

of my wife" as the primary beneficiary. See 1992 Beneficiary Designation Form attached as

Exhibit H. However, Mr. Wallick's December 1991 will was revoked by the August 30, 1999

Will. See Exhibit A. The 1992 Beneficiary Designation Form named Mr. Wallick's "issue, per

stirpes" as contingent beneficiaries. See Exhibit H.

17.    On November 2, 1999, Rhees sent Mr. Wallick a Memorandum with a new

beneficiary form for Mr. Wallick's Unum life insurance policy attached, which names "50% to

my wife and 50% to my issue who survive me, per stirpes." According to the Memorandum, it

was Ms. Rhees' understanding that the beneficiaries of Mr. Wallick's life insurance policy

should be "1/2 to Ann; 1/2 to your issue, per stirpes", consistent with the attached form. See

Memorandum and enclosures attached as Exhibit I.

6

18.     Steptoe & Johnson does not have an original or a signed copy of the new beneficiary form for Mr. Wallick's Unum life insurance policy, nor was such found among Mr. Wallick's personal papers.

19.     Steptoe & Johnson sought the legal advice of one of its partners, Thomas M. Barba, Esquire, who consulted with attorney W. Sheperdson Abell of Furey, Doolan & Abell, an attorney specializing in tax and estate issues.   Mr. Barba thereafter opined that a court may reasonably recognize Mr. Wallick's intent to have the policy proceeds be paid 50% to Mrs. Wallick and 50% to the Wallick Children.  Mr. Barba concluded that the final determination would have to be made by Unum but his recommendation would be to pay 50/50 to Mrs. Wallick and the Wallick Children.  See letter from Thomas M. Barba, Esq. dated June 27, 2005 attached as Exhibit J.

20.     Mrs. Wallick seeks 100% of the proceeds of the Unum life insurance policy.  The Wallick Children assert that the Estate of Robert D. Wallick is entitled to 100% of such proceeds.  Complainant needs instructions from the Court regarding the Estate of Robert D. Wallick's rights to the proceeds and Unum's obligations thereto.

**Profit Sharing Plan**

21.    As a partner with Steptoe & Johnson, LLP, Mr. Wallick participated in two profit

sharing plans: (1) Profit Sharing Plan for Class E or Class O Employees; and (2) Cash or

Deferred Profit Sharing Plan. See copy of Profit Sharing Plan for Class E or Class O Employees

("First Profit Sharing Plan") attached as Exhibit K. See copy of Cash or Deferred Profit Sharing

Plan ("Second Profit Sharing Plan") attached as Exhibit L. (The First and Second Profit Sharing

Plans are collectively referred to as "the Plans"). Section 9.7 of the First Profit Sharing Plan

provides that notwithstanding a participant's right to designate a beneficiary, the beneficiary of a

participant who is legally married at the date of death "shall be the surviving spouse" unless the

participant has filed a sufficient written election notarized or witnessed under which such spouse

has expressly waived the right to be the beneficiary. See Exhibit K. Sections 10.5 and 10.9 of

the Second Profit Sharing Plan provide that distribution of benefits shall be made to the surviving

spouse of the participant unless the spouse consents in writing, and before a witness, to the

designation of a person other than the spouse as the primary beneficiary. See Exhibit L.

22.    Mr. Wallick's most recent beneficiary designation form for the Second Profit

Sharing Plan was executed in 1992 and named "the trust created under Article Fifth of my Will,

dated December 20, 1991, for the benefit of my wife" as the primary beneficiary ("The 1992

Beneficiary Designation Form"). See Exhibit H. As set forth above, the December 1991 will

was revoked by the August 30, 1999 Will. See Exhibit A. The 1992 Beneficiary Designation

Form named Wallick's "issue, per stirpes" as contingent beneficiaries. See Exhibit H. The First

Profit Sharing Plan had not yet been created in 1992, and so no beneficiary designation was

included on the Beneficiary Designation Form at that time.

8

23.    The November 2, 1999 Memorandum from Rhees (Exhibit I) states Rhees' understanding that the beneficiaries of both the First and Second Profit Sharing Plans should be "Marital trust; contingent = issue, per stirpes." The new beneficiary form for the Plans, which is attached to the Memorandum, names "the Trustees of the marital trust created for the benefit of my wife under my Will dated August 30, 1999" as the primary beneficiary; the form named the contingent beneficiaries as "My issue who survive me, per stirpes." See beneficiary designation form for Plans attached as Exhibit M.

24.    Steptoe & Johnson does not have an original or copy of the new beneficiary designation form for the Plans signed by Mr. Wallick, nor was such found among Mr. Wallick's personal papers.

25.    Mr. Wallick signed a Memorandum to Paul Kruse, a Steptoe & Johnson administrative official stating, "I have named a Marital Trust under my Will as beneficiary of these two plans." See copy of Memorandum dated December 14, 2000 attached as Exhibit N. Mr. Wallick also signed an Attachment to Beneficiary Designation dated December 14, 2000 attaching a copy of his Will, attached as Exhibit O.

26.    Mr. Barba opined that the proceeds of the Plans should be paid to Mrs. Wallick pursuant to the Plans' default provisions. See Exhibit J.

27.    Mrs. Wallick seeks 100% of the proceeds of the Plans. The Wallick Children assert that the Estate of Robert D. Wallick is entitled to 100% of such proceeds. Complainant needs instructions from the Court regarding the Estate of Robert D. Wallick's rights to the proceeds of the Plans.


WHEREFORE, Complainant respectfully requests the following:


9

(1)     That the Court issue a judgment declaring its instructions with respect to the

following matters:

(a)     Who are the lawful owners of the cooperative stock in the D.C. Residence,

and therefore, the extent to which the Estate of Robert D. Wallick is entitled to an interest in the

D.C. Residence;

(b)     the extent to which the Estate of Robert D. Wallick is entitled to proceeds

of the Unum Life Insurance Policy and Unum's obligations to the Estate of Robert D. Wallick;

(c)     the extent to which the Estate of Robert D. Wallick is entitled to proceeds

of the Plans and the Steptoe & Johnson Profit Sharing Plans' obligations to the Estate of Robert

D. Wallick; and

(d)     any additional matters that any party may request;

(2)     This Court grant Complainant its costs and attorney's fees incurred herein; and

(3)     This Court provide such other and further relief to Complainant as the nature of

the cause may allow.

Respectfully submitted,

PETER L. WELLINGTON,
Personal Representative of ESTATE OF
ROBERT D. WALLICK

# DRAFT

By: _____
James P. Head (#453130)
Karen A. Doner (#158626)
Williams Mullen, A Professional Corp.
8270 Greensboro Drive, Suite 700
McLean, VA  22102
703.760.5200
703.748-0244 (FAX)

Susan G. Blumenthal (#412398)
Williams Mullen, A Professional Corp.
1666 K Street, N.W., Suite 1200
Washington, D.C.  20036
(202) 833-9200
(202) 293-5939 (FAX)

1198705v1