IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER L. DODGE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.  1:06CV01368 |
| ) | Judge:  Reggie B. Walton |
| STEPTOE & JOHNSON, LLP PROFIT ) | |
| SHARING PLAN FOR CLASS O ) | |
| EMPLOYEES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFFS
CHRISTOPHER L. DODGE AND JONATHAN F. DODGE IN OPPOSITION TO
DEFENDANTS' MOTION FOR JOINDER OF ADDITIONAL PARTIES**

COME NOW Christopher L. Dodge and Jonathan F. Dodge (hereinafter sometimes as the "Plaintiffs" or the "Dodges"), by and through the undersigned counsel, and submit their memorandum of law in opposition to the Defendants' Motion for Joinder of Additional Parties (hereinafter "Motion").  The Motion is without merit and should be denied.

This action is a claim for benefits under ERISA pursuant to Title 29 U.S.C. Section 1132(a)(1)(B).  The Plaintiffs are beneficiaries of three ERISA plans named in the Complaint (hereinafter the "Plans"), by virtue of their successor-in-interest status to their mother, the late Ann Day Wallick.  Prior to her death earlier this year, Ann Day Wallick, as the surviving spouse of Robert D. Wallick, applied for benefits pursuant to the requirements of the three Plans. In the year since her claim for benefits in September 2005, none of the three Plans has taken any action with respect to her claims.

The three Plans named in the Complaint, as well as their plan administrators (hereinafter the "Steptoe Defendants") have filed the Motion to have this Court join other parties with respect to the Counterclaim in Interpleader. Memorandum of Points and Authorities in Support of Defendants'/Counterclaim-Plaintiffs' Motion for Joinder of Additional Parties at p. 2 (hereinafter "Joinder Memorandum"). The Counterclaim in Interpleader was filed September 22, 2006, by the plan administrators of the Plans, being Paul Kruse and Steptoe & Johnson, LLP.

1.  **JOINDER OF PARTIES TO THE COUNTERCLAIM IN INTERPLEADER WOULD BE IMPROPER AS THE COUNTERCLAIM LACKS SUBJECT MATTER JURISDICTION.**

Joinder of additional parties to the Counterclaim is improper, as such Counterclaim fails for lack of subject matter jurisdiction. As is more fully described in the Memorandum of Law in Support of the Plaintiffs' Motion to Dismiss the Counterclaim, subject matter jurisdiction does not exist as the purported interpleader counterclaim does not seek to "enforce" the terms of the plan under Title 29 U.S.C. Section 1132(a)(3)(B)(ii). The Counterclaim does not seek to compel any party to take any action or refrain from taking any action. The ERISA claims that are before the Court brought by the Plaintiffs are claims that could have been, and should have been, decided administratively by the plan administrators. The plan administrators failed to take the actions required of them under their fiduciary obligations under ERISA, which leaves it to this Court to decide those claims on a *de novo* basis in the absence of a timely determination of the plan administrators.

The Motion to Join Parties to the Interpleader Counterclaim should be dismissed for lack of subject matter jurisdiction. The Plaintiffs respectfully incorporate by reference their entire

memorandum of law filed herewith in support of their motion to dismiss the counterclaim in interpleader.

## 2. EVEN IF JURISDICTION EXISTED WITH RESPECT TO THE COUNTERCLAIM, RULE 19 JOINDER IS INAPPROPRIATE.

As is more thoroughly discussed in the memorandum of law supporting Plaintiffs' motion to dismiss the counterclaim, the law of ERISA exists in a strict structural framework. ERISA is a highly technical statute, and it is the Court's job to apply it as precisely as it can, rather than to make adjustments according to a sense of equities in a particular case. *Systems Council EM-3 International Brotherhood of Electrical Workers, AFL-CIO v. AT&T Corp.*, 972 F. Supp. 21, 27 (D.D.C. 1997) (Kessler, J.). As Judge Kessler said, "Rhetorical or emotional arguments...simply cannot substitute for rigorous analysis of the pertinent statutory provisions." *Id*.

Subsidiary to the statutory structure is a set of highly detailed regulations. In the area of determination of claims for ERISA benefits, these regulations control the timing of claims determinations by the plan administrators, the contents of the claim denial letter, and the procedures by which determinations of the administrative appeal are made. *See* 29 C.F.R. 2560.503-1. This highly structured system of non-judicial decision-making is consistent with the doctrine of exhaustion of administrative remedies applicable to ERISA, the practical effect of which is to minimize court involvement with the millions of ERISA benefit claims decided every year.

This statutory and regulatory structure places the burden on plan administrators to decide claims for benefits made under ERISA plans. The regulations provide a deadline for the notification of the benefit determination by the plan administrator. 29 C.F.R. 2560.503-1(f). The

regulations also dictate the content of the notification of the benefit denial, 29 C.F.R. 2560.503-1(g), the manner in which claim denials are appealed, 29 C.F.R. 2560.503-1(h), and the timing of notification of the benefit determination on review, 29 C.F.R. 2560.503-1(i).

In deciding claims, plan administrators review the facts before them, including facts provided by the plan participant, and make a decision consistent with the provisions of the plan documents. The determination on appeal functions in much the same way as does a motion for reconsideration. In all, plan administrators serve a function akin to an administrative law judge or a trial judge with respect to the benefits claims before them.

It should be noted that in this highly structured administrative process, there are no provisions equivalent to joinder of parties under Rule 19. The plan administrator simply makes a decision based on the claim before it, granting the meritorious claims and denying those without merit. Only after the initial claim is decided by the plan administrator, and the plan participant (or beneficiary) has negotiated at least one level of administrative review, is the case ready for adjudication in the courts.

In this sense, the trial courts function more like an appellate court. The adjudication by the trial court in benefits claims is usually made on the administrative record, and typically is resolved by cross motions for summary judgment, rather than trial. The trial court also acts more like an appellate court in that, in most cases, the trial court is required to give deference to the decision made by the plan administrator. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57 (1989) (where the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits, the court will apply an arbitrary and capricious standard of review; otherwise, the review is *de novo*). A rare exception to this

granting of deference would be a situation where, like here, the plan administrator has failed to make a determination of the claim within the requisite time limits. *See Jebian v. Hewlett-Packard Co.*, 310 F.3d 1173, 1179-80 (9th Cir. 2002) (deemed denials of claims through inaction by the plan administrator are not exercises of discretion, and a *de novo* standard of review applies in the courts).

The Plaintiffs respectfully submit that many of the procedural aspects of non-ERISA litigation in the courts are not necessarily applicable to determination of ERISA claims for benefits. For example, none of the Rule 19 cases cited by the counterclaimants herein relates to an ERISA claim.

The Plaintiffs further submit that Rule 19 should not be automatically applicable to ERISA claims in court because of the protections built in to the administrative procedure for ERISA claims determination. As long as the claimants, the plan administrator, and the plan are before the Court, then all parties needed for an adjudication are present. With respect to the possibility of inconsistent or conflicting judgments, the plan administrators have the benefit of being the parties who actually determine benefit claims at the initial level and at at least one further level of administrative appeal (depending upon the terms of the plan). Any chance that a trial court might overturn one of their decisions and subject them to inconsistent judgments is greatly minimized by the deference that is afforded the decisions of the plan administrator by the trial court assuming, of course, that the plan administrator has acted timely and within the bounds of the claims regulations. In the practical sense, there is a much smaller need for the protections afforded by Rule 19 in an ERISA context than in non-ERISA cases.

**3.     CONCLUSION.**

For all the above reasons, and for such other and further reasons as the Court may deem just and proper, the Plaintiffs request that the Motion be denied, and that they have such other and further relief as the Court may deem just and proper.

                    Respectfully submitted,

                    BORING & PILGER, P.C.


                     /s/ Karl W. Pilger
                    Karl W. Pilger (Bar #941955)
                    307 Maple Avenue West, Suite D
                    Vienna, Virginia   22180-4307
                    Phone: (703) 281-2161
                    Fax:    (703) 281-9464
                    *Counsel for Christopher L. Dodge,*
                    *Personal Representative of the Estate of*
                    *Ann Day Wallick, and individually;*
                    *Counsel for Jonathan F. Dodge*


**REQUEST FOR HEARING**

   Plaintiffs Christopher L. Dodge and Jonathan F. Dodge respectfully request oral argument with respect to this motion.


                     /s/ Karl W. Pilger
                    Karl W. Pilger

## CERTIFICATE OF SERVICE

    I hereby certify that on October 3, 2006, a true and accurate copy of the foregoing Memorandum of Points and Authorities of Plaintiffs Christopher L. Dodge and Jonathan F. Dodge in Opposition to Defendants' Motion for Joinder of Additional Parties was served via electronic transmission upon:

Karla Grossenbacher, Esq.
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC  20006-4004

and via first-class mail, postage prepaid, upon:

David E. Constine, III, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA  23218-1122

William E. Davis, Esq.
Ross, Marsh & Foster
2001 L Street, NW, Suite 400
Washington, DC  20036

Susan G. Blumenthal, Esq.
Williams Mullen
1666 K Street, Suite 1200
Washington, DC  20036

                                                          /s/ Karl W. Pilger
                                                        Karl W. Pilger