## L. Amendment or Termination of Plan

### L-1. Can the Firm amend or terminate the Plan?

Although the Firm intends to continue the Plan indefinitely, it reserves the right to amend or terminate the Plan. No amendment to the Plan can reduce your Employer Account. Upon termination or partial termination of the Plan, your rights under the Plan will remain vested and nonforfeitable.

### L-2. Are benefits under the Plan insured?

The benefits under the Plan are not insured by the Pension Benefit Guaranty Corporation under Title IV of the Employee Retirement Income Security Act of 1974, because the Plan is a defined contribution plan to which that law does not apply. Such insurance is not necessary because the Plan benefits are always fully funded.

## M. Claims Procedure

### M-1. How can I make a claim for benefits under the Plan?

Any claim for benefits under the Plan shall be filed with the Administrator. If a claim is wholly or partially denied, the Administrator will notify you or your authorized representative within a reasonable period of time, but no later than 90 days following receipt of the claim. If special circumstances require more time to evaluate your claim, the Administrator may take up to 90 additional days (180 total), provided you are notified of the delay, the reason more time is needed, and the date by which the Plan expects to make a decision prior to the end of the initial 90-day period.

If all or part of your claim for benefits is denied, you will receive written or electronic notification explaining (1) the specific reason or reasons for the denial, (2) specific references to pertinent Plan provisions on which the denial is based, (3) a description of any additional material or information necessary to perfect the claim and why such material or information is necessary, (4) appropriate information about the steps to be taken if you wish to submit the claim for review and (5) a statement of your

13


PLAINTIFF'S EXHIBIT 2

right to bring a civil action under § 502(a) of ERISA following a denial on review. If notice of the denial of a claim is not furnished within the 90/180 day period, the claim is considered denied and you must be permitted to proceed to the review stage.

You (or your duly authorized representative) have 60 days after receipt of a claim denial in which to appeal the denied claim in writing to the Administrator and to receive a full and fair review of the claim. You have the right to submit for review, written comments, documents, records and other information relating to the claim for benefits. You also have the right to request, and be provided, free of charge, reasonable access to, and copies of, all documents, records and other information (1) that the Administrator relied on in making the determination, (2) submitted, considered or generated in the course of making the benefit determination or (3) that demonstrates compliance with the administrative processes and safeguards required in making the determination. You have the right to a review that takes into account all comments, documents, records, and other information submitted by you, without regard to whether such information was submitted or considered in the initial claim decision.

Within a reasonable period of time, but not later than 60 days after receipt of your request for review, the Administrator will review and respond to your request in writing or electronically. If the decision will take longer than the 60-day maximum period, you will be notified of the delay, the reason why more time is needed and the date by which the Plan expects to make a decision prior to the end of the initial 60-day period. The extension may not exceed 60 days. The decision on review will be written in clear and understandable language and will include (1) specific reasons for the decision, (2) specific references to the pertinent Plan provisions on which the decision is based, (3) a statement that you are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information (a) that the Administrator relied on in making the determination, (b) submitted, considered or generated in the course of making the benefit determination or (c) that demonstrates compliance with the administrative processes and safeguards required in making the determination relevant to the claim and (4) a statement of your right to bring a civil action under § 502(a) of ERISA. If the decision on