IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER L. DODGE, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STEPTOE & JOHNSON, LLP PROFIT SHARING )<br>PLAN FOR CLASS O EMPLOYEES, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 06-01368 (RBW) |

### REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'/COUNTERCLAIM-PLAINTIFFS' MOTION FOR JOINDER OF ADDITIONAL PARTIES

Defendants Steptoe & Johnson LLP ("Steptoe"), Steptoe & Johnson LLP Profit Sharing Plan for Class O Employees ("Class O Plan"), Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan ("Cash or Deferred Plan"), Paul Kruse ("Kruse"), and Steptoe & Johnson LLP Group Life Insurance Plan ("Life Insurance Plan") (collectively "Defendants" or the "Counterclaim-Plaintiffs"), by and through their undersigned attorneys and pursuant to Rule 19 of the Federal Rules of Civil Procedure, hereby submit this reply memorandum of points and authorities in support of their motion for joinder of the following nonparties to this litigation: Robert D. Wallick, Jr., Jennifer Wallick Nelson, Jonathan R. Wallick (the "Wallick Children"), Peter Wellington, in his capacity as both the Trustee of the 1999 Robert D. Wallick Marital Trust and the Personal Representative of the Estate of Robert D. Wallick ("Wellington"), and Unum Life Insurance Company of America ("Unum").

## INTRODUCTION

The bulk of Plaintiffs' Opposition Defendants' motion for joinder of additional parties appears to be a primer on the administrative claims procedure for employee benefit plans. Once this portion the brief is set aside, very little is left. Plaintiffs essentially make two arguments: First, in what is essentially an abbreviated version of the argument Plaintiffs make in their motion to dismiss the interpleader counterclaim filed by Defendants, Plaintiffs claim that the requested joinder is improper because this Court does not have subject matter jurisdiction over the interpleader counterclaim. Second, Plaintiffs make the novel argument that the Federal Rules of Civil Procedure do not apply to this case because it is filed pursuant to ERISA, and therefore, Rule 19 is inapplicable. Plaintiffs do not even bother to address in their Opposition the criteria this Court must consider under Rule 19 to determine whether joinder is appropriate. Therefore, one can only conclude that Plaintiffs are conceding the point that, if the Court has subject matter jurisdiction over the interpleader counterclaim (which it does) and if Rule 19 applies to lawsuits filed in federal court under ERISA (which it does), joinder of the requested additional parties under Rule 19 is proper because Plaintiffs make no arguments to the contrary.

For the reasons set forth in more detail below, the arguments made in Plaintiffs' Opposition have no basis in law. This Court has subject matter jurisdiction over the interpleader counterclaim filed by Defendants on at least four separate bases. In addition, Rule 19 has been applied time and again by federal courts in ERISA actions. Notably, it is only Plaintiffs who are objecting to the joinder of the additional claimants to the funds (the Wallick Children and Wellington) and the stakeholder of the life insurance proceeds (Unum). The Wallick Children, Wellington and Unum do not oppose being joined as parties to this action.

For these reasons, and those stated in their opening memorandum, Defendants respectfully request that their motion be granted.

## ARGUMENT

I.  THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE INTERPLEADER COUNTERCLAIM

This Court has subject matter jurisdiction over the interpleader counterclaim filed by Defendants on four separates bases.  First, Plaintiffs have filed claims before the Court for benefits under Section 1132 (a)(1)(B) of ERISA, and this Court has federal question jurisdiction over those claims.  Defendants were required to file any compulsory counterclaims arising out of "the transaction or occurrence that is the subject matter of the opposing party's claims" under Federal Rule of Civil Procedure 13(a).  This Court automatically has subject matter jurisdiction over a compulsory counterclaim.  "If a counterclaim is compulsory, the federal court will have ancillary jurisdiction over it . . ." Baker v. Gold Seal Liquors, 417 U.S. 467 (1974).  "[F]ederal courts have long entertained compulsory counterclaims without requiring an independent basis of subject matter jurisdiction." Fiondella v. Tidwell, No. 95-535, 1996 U.S. Dist. LEXIS 17462 (D.D.C. Nov. 13, 1996) (citing Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978)).  This rule has been applied in the context of defensive interpleader where additional adverse claimants are being joined to the action.  See e.g., Bauer v. Uniroyal Tire Co., 630 F.2d 1287 (8th Cir. 1980) (exercising ancillary jurisdiction over interpleader counterclaim); Lodge on the Green Associates v. Comfed Savings Bank, 121 F.R.D. 3 (D.Mass. 1988) (same); Ciechanowicz v. The Bowery Savings Bank, 19 F.R.D. 367 (S.D.N.Y. 1956).

Second, this Court can also exercise supplemental jurisdiction over the interpleader counterclaim under 28 U.S.C. § 1367.  Section 1367 provides that courts can exercise supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy" and that "such supplemental jurisdiction shall include claims that involve the joinder or intervention of

3

additional parties." The Court already has subject matter jurisdiction over Plaintiffs' claims under ERISA and can exercise supplemental jurisdiction over the interpleader counterclaim.

Third, the Court can exercise original jurisdiction over the interpleader counterclaim under 28 U.S.C. § 1335. Section 1335 provides that "[t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm or corporation, association or society having in his or its custody or possession money or property of the value of $500 or more . . . ." All that is required is that "two or more adverse claimants of diverse citizenship . . . are claiming to be entitled to such money" and stakeholder is willing to deposit the funds with or give a bond to the Court. Id. Here, the adverse claimants are diverse, and Defendants are willing to deposit the funds at issue with the Court or post a bond. Counterclaim ¶¶ 10-11, 36, 42.

As for Plaintiffs' arguments regarding the availability of interpleader under ERISA, these arguments are irrelevant in light of the alternative bases for subject matter jurisdiction set forth above. Moreover, for the reasons set forth in Defendants' memorandum of points and authorities in opposition to Plaintiffs' motion to dismiss the interpleader counterclaim, Plaintiffs are simply incorrect in their assertion that interpleader is not available under ERISA. Defendants incorporate by reference as if fully set forth herein the contents of their memorandum of points and authorities in oppositions to Plaintiffs' motion to dismiss the interpleader counterclaim.

Accordingly, this Court has subject matter jurisdiction over the claims for which it is necessary to join the additional parties, and thus, joinder is not improper based on lack of subject matter jurisdiction over the interpleader counterclaim.

II.     RULE 19 APPLIES TO THIS LAWSUIT

Plaintiffs cite no authority for their incredible argument that the Federal Rules of Civil Procedure are somehow suspended in a federal court action in which a claim under ERISA is asserted. Indeed, there are numerous cases in which Rule 19 has been considered and used to join additional parties to ERISA actions. See e.g., Belcher v. Prudential Ins. Co. of America, 158 F. Supp.2d 777 (S.D. Ohio 2001) (adding additional adverse claimants to an interpleader counterclaim filed in an ERISA action); Lester v. Framatome, ANP, Inc., No. 6:06cv00015, 2006 U.S. Dist. LEXIS 70987 (W.D. Va. 2006) (joining employee benefit plan as necessary party to ERISA claim); Primax Recoveries, Inc. v. Lee, 260 F. Supp.2d 43 (D.D.C. 2003) (considering request for Rule 19 joinder in ERISA case but ultimately finding party not indispensable); Hite v. Leeds Weld Equity Partners, IV, LP, 429 F. Supp.2d. 110 (D.D.C. 2006) (same); Marshall v. Snyder, 572 F.2d 894 (2d Cir. 1978) (joining employee benefit plans to ERISA claim under Rule 19).

Plaintiffs argue that one reason that Rule 19 should be inapplicable in ERISA lawsuits is because there is no chance of inconsistent or conflicting judgments because "the plan administrators have the benefit of being the parties who actually determine benefit claims" and that any chance of inconsistent judgments "is greatly minimized by the deference that is afforded the decisions of the plan administrator." Opp. at 5. This argument entirely misses the point.

To begin, this argument focuses on only one of the grounds for finding a party is necessary for joinder. As set forth in detail in Defendants' opening memorandum, a party must be joined under Rule 19 if "1) complete relief cannot be achieved in its absence; or 2) the absentee's ability to protect its interests may be impaired by the disposition of the action; or 3) those already parties will be subject to a substantial risk of incurring inconsistent obligations

5

because of the absence." Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Wash., 699 F.2d 1274, 1278 (D.C. Cir. 1983); Fed. R. Civ. P. 19(a). Only one of these factors is needed in order to establish that an absent party is necessary to the litigation.

Thus, Plaintiffs' argument that there is no possibility of inconsistent judgments does not address, for example, the potential joinder of Unum, which is premised on the fact that Plaintiffs cannot obtain complete relief without the joinder of Unum. It also does not address the potential joinder of the Wallick Children and Wellington on the grounds that their interests in the funds at issue in this case need to be protected. Moreover, the deference that is, under certain circumstances, accorded to determinations made by a plan administrator during the administrative claims procedure does not prevent Defendants from being subjected to potential inconsistent judgments by other claimants to the funds in this case.

Indeed, the case of Belcher v. Prudential Ins. Co. of America, 158 F. Supp.2d 777 (S.D. Ohio 2001) is exactly on point. In Belcher, plaintiff was the decedent's first wife suing under ERISA on behalf of the decedent's two children from his first marriage as beneficiaries to proceeds from the decedent's life insurance policy. The defendant life insurance companies filed interpleader counterclaims. The court concluded that the decedent's second wife, Sharon Belcher, was a necessary party under Rule 19 and ordered that she be joined to the lawsuit as an adverse claimant to the life insurance proceeds under Rule 19. In so doing, the Belcher court held:

> An absent claimant to a limited fund, such as the proceeds of an insurance policy, is ordinarily considered to be an indispensable party to litigation. Obviously, were this Court to make a determination in favor of the plaintiffs and award them the proceeds of whichever insurance policies are deemed to be available, and should Sharon Belcher file a competing action and obtain a declaration from another court that she is the proper beneficiary, the defendants would be subject to inconsistent obligations arising out of both the plaintiffs' and Sharon Belcher's interest in the insurance proceeds.

> Despite this rather obvious conclusion, plaintiffs argue that there is not a significant risk of inconsistent adjudications. They contend that if the Court . . . awards the insurance proceeds to them, the defendants would be beneficiaries of a "judicial finding" on the issue and would thereby be protected from any claims by Sharon Belcher. That argument ignores the fact that Sharon Belcher, who is not currently a party to this action, would not be bound by such an adjudication, and that the defendants could not assert it as res judicata in any action which Sharon might subsequently file. In fact, there is a significant risk of multiple or inconsistent obligations here, and that makes Sharon Belcher a party who ought to be joined.

Belcher, 158 F. Supp.2d at 779-780 (citations omitted). The Belcher court's reasoning underscores the importance of Rule 19 in ERISA cases, especially those involving interpleader, and is fully applicable to the joinder of additional parties in this case.

As Plaintiffs state in their Opposition, "[a]s long as the claimants, the Plan Administrator and the Plan are before the Court, then all parties needed for an adjudication are present." Opp. at 5. In making this statement, however, Plaintiffs fail to acknowledge that, in the lawsuit as they filed it, all of the claimants were not "present." In addition, the shareholder of the life insurance proceeds was not "present." Defendants are simply trying to make sure that all claimants to the funds at issue in this case are parties to this action and that the entities holding the funds at issue are parties to the action. The joinder of the Wallick Children, Wellington and Unum meet the requirements of Rule 19 and, under the mandatory language of the rule, their joinder is required.

7

## CONCLUSION

For these reasons, the Wallick Children, Wellington and Unum must be added as necessary parties to the litigation, and Defendants/Counterclaim-Plaintiffs respectfully request that their motion be granted.

        Respectfully submitted,

        STEPTOE & JOHNSON, LLP, STEPTOE & JOHNSON, LLP PROFIT SHARING PLAN FOR CLASS O EMPLOYEES, STEPTOE & JOHNSON, LLP CASH OR DEFERRED PROFIT SHARING PLAN, PAUL KRUSE, STEPTOE & JOHNSON, LLP GROUP LIFE INSURANCE PLAN

        By:_____/s/_____
           Karla Grossenbacher, DC Bar No. 442544
           Jessica R. Hughes, DC Bar No. 468853
           Eyana Smith, DC Bar No. 489466
           SEYFARTH SHAW LLP
           815 Connecticut Avenue, N.W., Suite 500
           Washington, D.C. 20006-4004
           (202) 463-2400

        Attorneys for Defendants

Dated: October 10, 2006

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendants'/Counterclaim-Plaintiffs' Motion for Joinder of Additional Parties was served, by first-class mail, postage prepaid, this 10th day of October, upon:

David E. Constine, III, Esquire
A. Tevis Marshall, Esquire
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
P. O. Box 1122
Richmond VA 23218-1122
Attorneys for Unum Provident Life Insurance Company.

William E. Davis, Esquire
Ross, Marsh & Foster
2001 L Street, NW., Ste. 400
Washington, D. C. 20036
Attorneys for Robert D. Wallick, Jr., Jennifer Wallick Nelson, Jonathan R. Wallick

Susan G. Blumenthal, Esquire
Williams Mullen
1666 K Street, Suite 1200
Washington D.C. 20036
Attorneys for Peter Wellington as Personal Representative of the Estate of Robert D. Wallick

/s/_____
Karla Grossenbacher