IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER L. DODGE, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 06-01368 (RBW) ) |
| STEPTOE & JOHNSON, LLP PROFIT SHARING PLAN FOR CLASS O EMPLOYEES, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM IN INTERPLEADER

Defendants, Steptoe & Johnson LLP, Steptoe & Johnson LLP Profit Sharing Plan for Class O Employees, Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan, Paul Kruse, and Steptoe & Johnson LLP Group Life Insurance Plan, by and through their undersigned attorneys, hereby submit this memorandum of points and authorities in opposition to Plaintiff's Motion to Dismiss Defendants' Counterclaim in Interpleader.

### INTRODUCTION

In their motion to dismiss, Plaintiffs' primary argument is that this Court does not have subject matter jurisdiction over the counterclaim in interpleader under ERISA because it is not "equitable relief" designed to "enforce" the terms of the Plans. In addition to this argument, Plaintiffs pepper their motion to dismiss with a variety of other arguments in a half-hearted attempt to throw the kitchen sink at Defendants' counterclaim. However, none of these other arguments provides an adequate basis under Federal Rule of Civil Procedure 12(b) for dismissing Defendants' counterclaim. For these reasons, and those set forth in detail below, Defendants respectfully request that Plaintiffs' motion be denied.

DC1 30174267.1

## ARGUMENT

I. THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THE INTERPLEADER COUNTERCLAIM UNDER ERISA

The Supreme Court has emphasized that interpleader is a remedial device which is to be applied liberally. State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). "Interpleader allows a party exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding." Commercial Union Ins. Co. v. U.S., 999 F.2d 581, 583 (D.C. Cir. 1993). "Where a party in control of contested property, the stakeholder, makes no claim on the property and is willing to release it to the rightful claimant, interpleader allows him to put the money or other property in dispute into court, withdraw from the proceeding and leave the claimants to litigate between themselves the ownership of the fund in court." Id. As the Ninth Circuit has noted

> [i]nterpleader is a valuable procedural device for ERISA plans who are confronted with plans who are confronted with conflicting multiple claims upon the proceeds of an individual's benefit plan. A plan in this position risks defending against multiple lawsuits brought by the adverse claimants. Interpleader allows a way out of this quandary, allowing the plan to petition the court to sort out the conflicting claims.

Trustees of the Directors Guild of America v. Tise, 234 F.3d 415, 427 (9th Cir. 2000), reh'g en banc denied, 2001 U.S. App. LEXIS 14141 (9th Cir. June 22, 2001).

Plaintiffs assert in their motion to dismiss that "[t]he proposed interpleader action has no jurisdictional basis under Section 1132 [of ERISA] because it does not constitute appropriate equitable relief to enforce any terms of the ERISA plans involved," and therefore, does not fall into one of the enumerated causes of action by fiduciaries that are authorized by ERISA. Motion at 5. Plaintiffs maintain that, while this Court has subject matter jurisdiction over their claims for benefits against Defendants under Section 502 of ERISA, it does not have subject matter jurisdiction over Defendants' request to interplead another claim for the same benefits under

ERISA by another set of claimants.

What Plaintiffs fail to recognize, however, is that the clear view of federal courts is that district courts have subject matter jurisdiction over interpleader actions if any of the interpleader defendants/claimants can assert a claim arising under federal law for the funds or property at issue. See e.g., Commercial Union Ins. Co. v. U.S., 999 F.2d 581, 585 (D.C. Cir. 1993); General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 706 n.6 (7th Cir. 1991); Morongo Band of Mission Indians v. California State Board of Equalization, 858 F.2d 1376, 1384 (9th Cir.), cert. denied, 488 U.S. 1006 (1988); Bell & Beckwith v. U.S., 766 F.2d 910, 912-13 (6th Cir. 1985).

In other words, if this Court has jurisdiction over Plaintiffs' claims for benefits under ERISA (which Plaintiffs do not dispute is the case), then this Court has subject matter jurisdiction over Defendants' counterclaim in interpleader under ERISA. Indeed, the arguments made by Plaintiffs in their motion are foreclosed by the D.C. Circuit's decision in Commercial Union Ins. Co. v. U.S., 999 F.2d 581 (D.C. Cir. 1993).

In that case, Commercial Union had filed a complaint for interpleader in the district court to allow the court to determine the disposition of the proceeds of an insurance fund among two adverse claimants. Commercial Union, 999 F.2d at 583. Both claimants asserted entitlement to the insurance funds under the Federal Medical Care Recovery Act, 28 U.S.C. 1653. Id. In analyzing the issue of subject matter jurisdiction over the interpleader action, the Court noted that "at first glance, a claim of federal question jurisdiction in an interpleader seemingly runs afoul of the 'well-pleaded complaint rule' [because] an action arises under federal law only if that law creates the cause of action [and] the federal law element must appear on the fact of

3

plaintiff's well-pleaded complaint." Id. at 585.[1]  The Court further noted that "a stakeholder's interpleader claim is typically one seeking discharge and is difficult to characterize as asserting either federal or state rights." Id.

However, deciding that interpleader actions should be treated in the same fashion as requests for declaratory judgment, the D.C. Circuit held that the district court had subject matter jurisdiction over the interpleader action under the FMCRA:

> Both interpleader actions and declaratory judgment actions enable a defendant to precipitate a plaintiff's suit in order to avoid multiple liability or other inconvenience.  In such cases, although the [interpleader] plaintiff's claim does not raise a federal question, it may stake the federal court's jurisdiction on a defense to a claim that would raise a federal question and that [the interpleader] defendant could have asserted in a coercive action.  Thus, in both interpleader and declaratory judgment actions, federal question jurisdiction exists if such jurisdiction would have existed in a coercive action by the defendant.

Id. (citations omitted).  Thus, the court found it had subject matter over the interpleader action brought by Commercial Union because "federal question jurisdiction would have existed in a coercive action brought by [one of the claimants]." Id.

Therefore, this Court has jurisdiction over Defendants' counterclaim in interpleader under ERISA because it has jurisdiction under ERISA over the coercive claim for benefits being brought by Plaintiffs under 29 U.S.C. 1132(a)(1)(B).  Plaintiffs' arguments to the contrary are simply not viable under the D.C. Circuit's holding in Commercial Union.  Thus, although Plaintiffs express "concern" about what would happen in a possible appeal in this case if "the Court of Appeals were to adopt the Gulf Life reasoning [disallowing a declaratory judgment

---

[1] The complaint in interpleader filed by Commercial Union had asserted jurisdiction under the Federal Interpleader Act, 28 U.S.C. 1335, and 28 U.S.C. 1332 (federal diversity jurisdiction). However, the court had no subject matter jurisdiction on these grounds because the United States cannot be sued in diversity as it is not the citizen of any state.  Since both the Federal Interpleader Act and 28 U.S.C. 1332 require diversity of citizenship, neither could support subject matter jurisdiction for the interpleader complaint.  Id. at 584.

4

action based on ERISA]" and find this Court lacked subject matter jurisdiction over the interpleader counterclaim, based on the D.C. Circuit's holding in Commercial Union, there is no question that the D.C. Circuit would find this Court has subject matter jurisdiction over Defendants' counterclaim in interpleader. Therefore, Plaintiffs' concerns are simply unfounded.

Accordingly, this Court has subject matter jurisdiction over Defendants' Counterclaim in Interpleader, and Plaintiffs' motion to dismiss must be denied.[2]

---

[2] Based on the foregoing, this Court need not address Plaintiffs' argument that the Court does not have subject matter jurisdiction over Defendants' counterclaim in interpleader because it does not constitute appropriate equitable relief to enforce the terms of the Plans under ERISA. However, should the Court decide to address the issue, Plaintiffs' argument must fail. Plaintiffs rely on only three cases in support of their argument that interpleader does not constitute appropriate equitable relief to enforce the terms of the Plan. The only case that Plaintiffs cite that actually holds interpleader actions are not available under ERISA is Woods v. Twyman, 93 C 6373, 1993 WL 462849 (N.D.Il. 1993), which is an unpublished decision that has never been cited by any court in any jurisdiction for any purpose. Thus, there is virtually no legal support for Plaintiffs' argument.

By contrast, federal courts throughout the country have permitted interpleader in ERISA actions. See e.g., Reliance Standard Life Ins. Co. v. Matini, No. 05-01101, 2006 U.S. Dist. LEXIS 46889 (D.D.C. July 12, 2006); Teamsters Local 639 Employer's Pension Trust v Johnson, No. 91-1545, 1992 U.S. Dist. LEXIS 11248 (D.D.C July 28, 1992); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001); Metropolitan Life Ins. Co. v. Bigelow, 283 F.3d 436, 439-440 (2nd Cir. 2002); Connecticut General Life Ins. Co. v. Riner, 351 F. Supp.2d 492 (W.D.Va. 2005); Metropolitan Life Ins. Co. v. Valdepena, No. SA-05-CA-140-XR, 2005 U.S. Dist. LEXIS 17454 at *7-*8 (W.D. Tex. Aug. 17, 2005); Metropolitan Life Ins. Co. v. Bryan, 2005 U.S. Dist. LEXIS 6575 at *4 (N.D. Ind. April 13, 2005); Asbestos Workers Local No. 23 Pension Fund v. U.S., 303 F. Supp.2d 551 (M.D.Penn.), recon. denied, 2004 U.S. Dist. LEXIS 6412 (M.D. Pa. Mar. 11, 2004); Metropolitan Life Ins. Co. v. Minnick, No. 01-CV-6189, 2002 U.S. Dist. LEXIS 11148 (W.D.N.Y. 2002); Belcher v. Prudential Ins. Co. of America, 158 F. Supp. 2d 777 (S.D.N.Y. 2001); Aetna Life Ins. Co. v. Hager, 930 F. Supp. 343, 345 (E.D. Wis. 1996); Metropolitan Life Ins. Co. v. Northern Trust Co. of Chicago, No. 94 C 2850, 1996 U.S. Dist. LEXIS 3694 at *12 (W.D.Tex. March 27, 1996); Employee Savings Plan of Mobil Oil Corp. v. Vickery, 99 F.R.D. 138 (S.D.N.Y. 1983).

To the extent Plaintiffs' motion suggests that Marsh and Bayona are the only cases in which courts have allowed interpleader actions under ERISA, it is obviously misleading. Even if Plaintiff is correct that some of the above cited courts did not specifically address the issue of whether or not interpleader is an equitable remedy designed to enforce the terms of the plan and may have allowed subject matter jurisdiction on other grounds, the sheer number of courts that have allowed interpleader in ERISA actions weighs heavily against Plaintiffs' arguments that

5

II.  THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE INTERPLEADER COUNTERCLAIM ON OTHER GROUNDS

Even if this Court were to determine that it did not have federal question jurisdiction over Defendants' counterclaim under ERISA, this Court can exercise subject matter jurisdiction over the counterclaim in interpleader on a number of other grounds.  Plaintiffs' arguments that subject matter jurisdiction does not exist on these other bases are unavailing.  For example, Plaintiffs argue that this Court cannot exercise supplemental jurisdiction over the interpleader counterclaim because the application of 28 U.S.C. 1367 is somehow restricted to state law claims, despite the plain language of the statute.  Section 1367 plainly states that courts can exercise supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy" and that "such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  Thus, because the Court already has subject matter jurisdiction over Plaintiffs' claims under ERISA, it can exercise supplemental jurisdiction over the interpleader counterclaim.

Plaintiffs do not even address in their motion to dismiss the fact that this Court automatically has subject matter jurisdiction over Defendants' counterclaim because it is a compulsory counterclaim.  "If a counterclaim is compulsory, the federal court will have ancillary jurisdiction over it . . ." <u>Baker v. Gold Seal Liquors</u>, 417 U.S. 467 (1974).  "[F]ederal courts have long entertained compulsory counterclaims without requiring an independent basis of subject

---

this Court does not have subject matter jurisdiction over the interpleader counterclaim under ERISA, even if they were not foreclosed under <u>Commercial Union</u>.

matter jurisdiction." Fiondella v. Tidwell, No. 95-535, 1996 U.S. Dist. LEXIS 17462 (D.D.C. Nov. 13, 1996) (citing Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978)). This rule has been applied in the context of defensive interpleader where additional adverse claimants are being joined to the action. See e.g., Bauer v. Uniroyal Tire Co., 630 F.2d 1287 (8th Cir. 1980) (exercising ancillary jurisdiction over interpleader counterclaim); Lodge on the Green Associates v. Comfed Savings Bank, 121 F.R.D. 3 (D.Mass. 1988) (same); Ciechanowicz v. The Bowery Savings Bank, 19 F.R.D. 367 (S.D.N.Y. 1956).

Moreover, Plaintiffs do not explain in their motion why this Court would not have original jurisdiction over the interpleader counterclaim under 28 U.S.C. § 1335. Section 1335 provides that "[t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm or corporation, association or society having in his or its custody or possession money or property of the value of $500 or more . . . ." All that is required is that "two or more adverse claimants of diverse citizenship . . . are claiming to be entitled to such money" and stakeholder is willing to deposit the funds with or give a bond to the Court. Id. Here, the adverse claimants are diverse, and Defendants are willing to deposit the funds at issue with the Court or post a bond. Counterclaim ¶¶ 10-11, 36, 42.

Plaintiffs do not cite any cases in support of their contention that the other asserted bases for subject matter jurisdiction are insufficient. Plaintiffs simply state they are "not aware of any decisions that have sustained subject matter jurisdiction in ERISA matters solely upon another federal basis, such as the federal interpleader statute." Motion at 13. However, such cases do exist in the ERISA context. In Asbestos Workers Local No. 23 Pension Fund v. U.S., 303 F. Supp.2d 551 (M.D.Penn. 2004), the court considered exercising subject matter jurisdiction under 28 U.S.C. 1335 in an ERISA interpleader action, but ultimately found it had federal question

jurisdiction under ERISA because the interpleader statute requires diversity and the United States is not a citizen of any state. In Connecticut General Life Ins. Co. v. Riner, 351 F. Supp.2d 492 (W.D.Va. 2005), the court exercised subject matter jurisdiction over interpleader in an ERISA action based on diversity of citizenship under 28 U.S.C. 1332.

Accordingly, this Court has subject matter jurisdiction over the interpleader counterclaim on a number of grounds, and Plaintiffs' motion to dismiss must be denied.

III. PLAINTIFFS' OTHER ARGUMENTS DO NOT ESTABLISH A BASIS ON WHICH THIS COURT CAN DISMISS DEFENDANTS' COUNTERCLAIM

The rest of the arguments made in Plaintiffs' motion to dismiss (i.e., those other than the assertion that this Court lacks subject matter jurisdiction over Defendants' counterclaim) are not proper grounds under Federal Rule of Civil Procedure 12 on which a party can move to dismiss another party's claim. For example, Plaintiffs assert that their claims can be fully resolved without the joinder of additional parties and that the joinder of additional parties will only complicate matters and cause delays. Plaintiffs also claim that asserting interpleader is inconsistent with a fiduciary's obligations because it is not in the interest of the Plans. Not only do these arguments not provide an adequate basis on which to dismiss Defendants' counterclaim, they are factually flawed.

To begin, there is no evidence that joining the Wallick children and Wellington as additional claimants will complicate or delay this litigation. The sole issue before the Court remains the same: who is the beneficiary of Mr. Wallick's death benefits? As for their argument about fiduciary obligations, Plaintiffs cite no caselaw for this novel argument and it defies common sense. Defendants are not acting in their own interests. They want Mr. Wallick's death benefits to go to the proper beneficiary and are also trying to protect plan assets against the risk of depletion due to multiple litigation regarding the benefits at issue in this case. Even if

Plaintiffs are correct that in the event other claims are asserted, they will not be successful, there are still substantial costs associated with defending against unmeritorious lawsuits. Interpleader is a method of avoiding such unwarranted depletion of plan assets. "A stakeholder, acting in good faith, may maintain a suit in interpleader to avoid the vexation and expense of resisting adverse claims, even though he believes only one of them to be meritorious." New York Life Ins. v. Sanders, 297 F.2d 787, 790 (D.C. Cir. 1961). See e.g., First Interstate Bank of Oregon v. U.S., 891 F. Supp. 543 (D.Oregon 1995) (quoting Sotheby's, Inc. v. Garcia, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992)) (a party requesting interpleader "need only have a good faith concern about duplicitous litigation and multiple liability if it responds to the requests of certain claimants and not to others");

In any event, these other arguments made by Plaintiffs in their motion to dismiss do not constitute proper grounds under Federal Rule of Civil Procedure 12(b) for dismissal of Defendants' counterclaim. The only arguments that Plaintiffs make that even bear on the requirements for an interpleader is that (1) the Wallick children and Wellington are not proper adverse claimants because they have not actually filed a claim for benefits; and (2) Unum is not actually a stakeholder because Defendants have "full discretion and full power" to cause the disbursement of the life insurance proceeds. Motion at 4, 15-16.

A.  The Wallick Children and Wellington Are Adverse Claimants

Both the Wallick children and Wellington are adverse claimants for purposes of the interpleader counterclaim regardless of whether or not they have already filed a claim. Indeed, one need look no further than the interpleader statute itself to know that it is not necessary for the Wallick children or Wellington to have actually asserted a claim to be adverse claimants for purposes of the interpleader. The statute requires only that "[t]wo or more adverse claimants

9

[who] are claiming *or may claim* to be entitled to such money or property" be present. 28 U.S.C. 1335(b) (emphasis added). Accordingly, "[i]nterpleader relief is not limited to adverse claimants who are presently claiming a right to the fund or property in question, but includes claimants who may make such a claim." Federal Procedure, Lawyer's Edition, 21 Fed. Proc. L. Ed. 49:4. This rule makes sense because interpleader does not protect only against multiple liability but also multiple vexation. See e.g., Metropolitan Life Ins. Co. v. Minnick, No. 01-CV-6189, 2002 U.S. Dist. LEXIS 11148 at * 10. ("the mere threat of future litigation is a sufficient basis for interpleader"); A/S Kreditt Pank v. The Chase Manhattan Bank, 155 F. Supp. 30 (S.D.N.Y. 1957), appeal dismissed, 303 F.2d 648 (2d Cir. 1962) (same).

Accordingly, the fact that the Wallick children and Wellington may not have filed a formal claim for Mr. Wallick's death benefits is neither here nor there. They are adverse claimants because they have potential claims to the benefits.

B.  Unum is the Stakeholder of the Life Insurance Benefits

It is unclear why Plaintiffs are bent on maintaining that Defendants are the stakeholder of the life insurance benefits when both Defendants and Unum state otherwise. It should make no difference to Plaintiffs who makes the life insurance proceeds available as long as they are made available. Plaintiffs focus on the fact that Steptoe & Johnson LLP is the plan administrator for the life insurance plan. Defendants do not dispute this. However, as set forth in the counterclaim in interpleader and in their Motion for Joinder of Additional Parties, Unum is the only entity authorized to distribute death benefits from the Life Insurance Plan in response to claims from beneficiaries. Indeed, the very language from the SPD cited by Plaintiff supports

10

this. On page 23 of the SPD Plaintiffs attach to their motion,[3] it states that "the Plan, the Plan Administrator, and any designee *(which shall include Unum as a claims fiduciary)* will have the broadest discretion permissible . . . and its decisions will constitute final review of your claim by the Plan." The "Claim Information" section of the SPD provides that all information regarding claims goes to Unum. See Ex. 1 to Answer and Counterclaim in Interpleader at Life-Clm-1 and 2 and ERISA-3. The SPD states that [u]nder no circumstances will [Steptoe] be deemed an agent of Unum. Id. at Employee-3. Clearly, Unum is the claims administrator of the Plan and is the party with the authority to disburse the proceeds of Mr. Wallick's Life Insurance policy. Thus, Unum is properly a stakeholder for purposes of the interpleader counterclaim.

## CONCLUSION

For these reasons, Defendants respectfully request that Plaintiffs' motion be denied.

Respectfully submitted,

STEPTOE & JOHNSON, LLP, et al.

By: /s/_____
Karla Grossenbacher, DC Bar No. 442544
Jessica R. Hughes, DC Bar No. 468853
Eyana Smith, DC Bar No. 489466
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006-4004
(202) 463-2400

Attorneys for Defendants

Dated: October 16, 2006

---

[3] Defendants note that Plaintiffs attached the 2001 version of the SPD to their motion. The proper version, which was in effect at the time of Mr. Wallick's death is the 2004 SPD, excerpts from which were attached to the counterclaim in interpleader as Exhibit 1. However, the provision quoted herein is the same in both SPDs.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Dismiss Counterclaim in Interpleader was served, by first-class mail, postage prepaid, this 16th day of October, upon:

David E. Constine, III, Esquire
A. Tevis Marshall, Esquire
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
P. O. Box 1122
Richmond VA 23218-1122
Attorneys for Unum Provident Life Insurance Company.

William E. Davis, Esquire
Ross, Marsh & Foster
2001 L Street, NW., Ste. 400
Washington, D. C. 20036
Attorneys for Robert D. Wallick, Jr., Jennifer Wallick Nelson, Jonathan R. Wallick

Susan G. Blumenthal, Esquire
Williams Mullen
1666 K Street, Suite 1200
Washington D.C. 20036
Attorneys for Peter Wellington as Personal Representative of the Estate of Robert D. Wallick

/s/
Karla Grossenbacher