IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER L. DODGE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.  1:06CV01368 |
| ) | Judge:  Reggie B. Walton |
| STEPTOE & JOHNSON, LLP PROFIT ) | |
| SHARING PLAN FOR CLASS O ) | |
| EMPLOYEES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFFS
IN REPLY TO DEFENDANTS' OPPOSITION TO
<u>MOTION TO DISMISS COUNTERCLAIM IN INTERPLEADER</u>**

Plaintiffs Christopher L. Dodge and Jonathan F. Dodge, by and through the undersigned counsel, hereby make their reply to the opposition filed by the defendants to Plaintiffs' Motion to Dismiss the Counterclaim in Interpleader.  Plaintiffs' Motion to Dismiss should be granted.

**I.    THE OPPOSITION FILED ON BEHALF OF THE STEPTOE DEFENDANTS
        DOES NOT CHALLENGE ANY OF PLAINTIFFS' CENTRAL ARGUMENTS.**

The Steptoe Defendants do not challenge any of the material factual assertions upon which Plaintiffs' Motion to Dismiss the Counterclaim are based.  The defendants have not asserted that any other party has filed an ERISA claim with the plan administrator of any of the three ERISA plans involved in this lawsuit.  The defendants do not challenge Plaintiffs' assertions that Mrs. Wallick filed ERISA claims with all three plans more than one year ago and that the plan administrators have failed to act on those claims within the requisite time frame.  Indeed, the defendants offer no explanation or excuse for their failure to take any action as ERISA fiduciaries on such claims.

Likewise, the Steptoe Defendants do not challenge the primary legal arguments made by Plaintiffs in support of their Motion to Dismiss the Interpleader Counterclaim. The defendants cite to no authority to contradict the long-established principal that only those remedies found within Section 1132, ERISA's civil enforcement statute, are permitted in ERISA cases. *See Massachusetts Life Insurance Co. v. Russell*, 473 U.S. 134, 146-47, 105 S.Ct. 3085 (1985). Although the defendants list in a footnote several courts that have permitted interpleader in ERISA contexts, Opposition Memorandum at p. 5, the jurisdictional analyses by the two appellate courts cited are limited to references to *Aetna Insurance Co. v. Bayona*, 223 F.3d 1030 (9th Cir. 2000) or *Metropolitan Life Insurance Co. v. Marsh*, 119 F.3d 415 (6th Cir. 1997). The trial court opinions cited do not examine interpleader in the context of the full wording of Section 1132(a)(3)(B)(ii), requiring the action be brought to "enforce" the terms of the plans. Some of these opinions, like that in *Marsh*, end their analysis when they determine that interpleader is an equitable remedy, without discussing the remainder of the statute that defines what actions can be brought by fiduciaries under ERISA.

The Steptoe Defendants do not controvert the Plaintiffs' criticism of the opinions in *Marsh* and *Bayona*. The assertion by the Dodge Plaintiffs that the reasoning of *Gulf Life Insurance v. Arnold*, 809 F.2d 1520 (11th Cir. 1987) is superior to that of *Marsh* and *Bayona* with regard to Section 1132 goes unchallenged by the Steptoe Defendants.

Rather than argue the merits of those decisions that discuss the remedies that are available under Section 1132, and the limitations thereon, the Steptoe Defendants primarily support their argument with non-ERISA cases. While the use of non-ERISA cases in an attempt to expand the

jurisdiction and remedies available in ERISA is a time-honored tactic of litigants, it must fail here as it so often does in other contexts.

## II.     THE NON-ERISA OPINION IN *COMMERCIAL UNION* IS NOT THE CONTROLLING LAW IN THIS CASE.

The main thrust of the Steptoe Defendants' brief is that the decision in *Commercial Union Insurance Co. v. U.S.*, 999 F.2d 581 (D.C. Cir. 1993) compels the result they seek: that the interpleader counterclaim be permitted. Opposition Memorandum at pp. 2-5. The defendants argue that the Plaintiffs' arguments "are foreclosed" by *Commercial Union*, Opposition Memorandum at p. 3, and that such arguments "are simply not viable" because of *Commercial Union*, *id*. at p. 4. The obvious and insurmountable problem with defendants' reliance on *Commercial Union* is that it is not an ERISA case. The decision does not seek to harmonize the use of interpleader by federal courts with the more restrictive civil remedies enumerated in 29 U.S.C. Section 1132; the opinion does not even mention ERISA.

The Plaintiffs do not disagree with the many cases that have found interpleader to be a useful procedural device under the appropriate circumstances. However, a finding in this matter that interpleader would be useful does not address the central question presented by the Plaintiffs' Motion to Dismiss, which is: Does ERISA's civil enforcement scheme, as set forth in Section 1132, provide a jurisdictional basis for interpleader?

Interpleader does not stand alone as a useful aspect of civil litigation that is unavailable under ERISA. No one would argue against the idea that the award of compensatory damages is the driving force behind, and ultimate objective of, most civil litigation. Notwithstanding this, the award of compensatory damages in ERISA is all but nonexistent. *See, e.g.*, *Mertens v. Hewitt*

*Associates*, 508 U.S. 248, 113 S.Ct. 2063 (1993) and *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 221, 122 S.Ct. 708 (2002). Similarly, state law causes of action, such as breach of contract and bad-faith insurance tort, would be eminently useful to plan participants in litigation under ERISA, but such causes of action are completely foreclosed by ERISA's sweeping preemption provision, 29 U.S.C. Section 1144(a).

Thus, the question of whether interpleader is useful or beneficial is not the issue. The question properly is whether interpleader is a remedy that is authorized under ERISA's civil enforcement statute. No reference is made to interpleader in Section 1132(a)(3), and its availability is not implied by the statute, as it is not needed to enforce the terms of an employee benefit plan under Section 1132(a)(3)(B)(ii). The disposition of Mrs. Wallick's claims for benefits under the three plans could have been – but was not – fully resolved by action of the plan administrators of those plans. Interpleader is not needed to "enforce" the terms of the benefit plans at issue here; in the absence of a determination of Mrs. Wallick's claims by the plan fiduciaries, the Court should evaluate the claims submitted by Mrs. Wallick against the terms of the various plans and render a decision as to her entitlement to benefits.

**III.    THE OTHER CASES CITED BY THE STEPTOE DEFENDANTS TO ASSERT INTERPLEADER JURISDICTION UNDER SECTION 1132 ARE NOT PERSUASIVE.**

The other cases cited by the Steptoe Defendants at pages 2-5 of the text of their Opposition Memorandum do not support their argument that interpleader jurisdiction arises under Section 1132. Of the remaining cases cited in the defendants' first argument, only one, *Trustees of the Directors Guild of America v. Tise*, 234 F.3d 415 (9th Cir. 2000), is an ERISA case. The *Tise* court, in *dicta*, notes the usefulness of interpleader in its discussion of an award

4

of attorneys' fees, and it cites to *Aetna Life Insurance Co. v. Bayona*, 223 F.3d 1030 (9th Cir. 2000). The opinion in *Tise* makes no attempt to analyze how the interpleader action is needed to enforce the terms of the plan; the opinion does not indicate that the question of subject matter litigation under Section 1132 was in issue. Since the *Tise* decision does not deal with the question of subject matter jurisdiction, it is of less value to the Steptoe Defendants than even *Marsh* or *Bayona*.

As noted above, in addition to the cases cited by the Steptoe Defendants in their argument, there is a lengthy string cite of cases found in a footnote on page 5 of the Opposition Memorandum. While the cases cited in the footnote permitted interpleader in ERISA cases, few of them provide any detailed analysis of the jurisdictional question. The Plaintiffs submit that those cases that have proceeded with interpleader, but that have not decided the appropriateness of interpleader in the context of Section 1132, do not provide precedent or even persuasive authority. The Plaintiffs respectfully reject the assertion of the Steptoe Defendants that these cases, taken either singly or as a whole, "weigh[ ] heavily" against the position of the Plaintiffs in this matter.

**IV.    THE DEFENDANTS FAIL TO ADDRESS THE REQUIREMENT OF EXHAUSTION OF ADMINISTRATIVE REMEDIES.**

The Plaintiffs at page 11 of their memorandum in support of their Motion to Dismiss the Counterclaim in Interpleader raised the issue of the well-recognized requirement that ERISA claimants exhaust their administrative remedies before a court will address the dispute. The Steptoe Defendants have no answer to the question of how the exhaustion requirement can be

harmonized with their request to have this Court determine the rights of parties who have not filed ERISA claims, much less exhausted administrative remedies.

In fact, interpleader is inconsistent with the judicial doctrine of exhaustion of administrative remedies in ERISA cases.  If interpleader were allowed, then parties would be before the Court on purported ERISA claims where exhaustion of administrative remedies has not occurred.  This is yet another reason why Section 1132(a) cannot be read to imply a cause of action for interpleader as part of those causes of action set out by the ERISA enforcement statute.

V.     **THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE INTERPLEADER COUNTERCLAIM ON NON-ERISA GROUNDS.**

At pages 6-8 of the Opposition Memorandum of the Steptoe Defendants, they argue that their interpleader action can rest on non-ERISA jurisdictional grounds.  They might well be correct if their counterclaim did not relate to ERISA plans; the defendants overlook long-standing precedent that states that ERISA's civil enforcement provisions are the exclusive means by which ERISA disputes are resolved.  *See Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 52, 107 S.Ct. 1549 (1987) (holding that the civil enforcement provisions of Section 1132 were intended to be exclusive remedies in ERISA actions) and *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1250-51 (10th Cir. 2004).

A recent decision of the Fourth Circuit Court of Appeals succinctly summarizes the nature of ERISA enforcement and the limited relief that it provides.  In that case, *LaRue v. DeWolff, Boberg & Associates, Inc.*, 450 F.3d 570 (4th Cir. 2006), the court dealt with a plan participant's claim against plan fiduciaries for breach of duty with respect to investment strategies.  In affirming the defendant's motion for judgment on the pleadings, the court stated:

> A salient feature of this effort [enacting ERISA] was the careful delineation of civil remedies available to litigants seeking to enforce their rights under such plans. [citation omitted]  Congress broadly preempted previously available state-law causes of action, *see* 29 U.S.C. Section 1144(a), and set forth in a single section of ERISA the *exclusive* list of civil actions available to parties aggrieved by statutory violation [citations omitted] (emphasis supplied).

*Id*. at 572.  The court went on to note that the civil enforcement section of ERISA "stops short of providing ERISA complainants with a full arsenal of relief."  *Id*. at 573.  The court said:

> Interpretation of § 1132(a) is therefore no easy task.  As the Supreme Court's ERISA decisions have repeatedly cautioned, "vague notions of a statute's 'basic purpose' are...inadequate to overcome the words of its text regarding the specific issue under consideration." [quoting *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 220, 122 S.Ct. 708 (2002)].

*Id*.  Given that interpretation of Section 1132(a) is "no easy task", it is not surprising that a few courts have strayed from the overwhelming number of cases that have found the remedies under Section 1132 to be exclusive.  Parties suing on an ERISA claim must find their cause of action set forth in the text of Section 1132, or they have no remedy at all.

As quoted in the Plaintiffs' memorandum in support of its Motion to Dismiss at pages 6-7, the Supreme Court in *Massachusetts Life Insurance Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085 (1985) stated that the civil enforcement provisions of Section 1132 "provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."  Even *Aetna Life Insurance v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000) correctly observed that "Section 502(a) [29 U.S.C. § 1132(a)] of ERISA defines and limits federal jurisdiction over ERISA-related matters."

Under this limiting structure, a claimant for ERISA benefits could not bring his or her claim under a breach of contract theory supported by diversity jurisdiction, and by doing so evade

the requirement of exhaustion of administrative remedies. Likewise, a plan administrator cannot go outside of the ERISA civil remedies structure in a lawsuit that directly relates to ERISA benefits.

The courts interpreting ERISA have long recognized that, despite the courts' inclination to provide a remedy to all who deserve it, the restrictive nature of Section 1132 denies remedies in many instances to meritorious claims. In *Millsap v. McDonnell Douglas Corp.*, *supra*, the plaintiffs sued under ERISA's anti-discrimination provision after they were laid off by their employer. 368 F.3d 1246 at 1248. They sought back pay and related damages for the violation of ERISA Section 510, but the circuit court, in answering a certified issue from the district court, held that such remedy was not available under ERISA. *Id*. at 1260. In stating that the legal relief sought was precluded by Section 1132's plain terms, the court stated that if exceptions to those terms are to be made, it is for Congress to undertake that task. *Id*.

In *Calhoun v. Trans World Airlines, Inc.*, 400 F.3d 593 (8th Cir. 2005), the plaintiffs sought damages for uninsured medical bills. The plaintiffs made a claim against an ERISA plan fiduciary for failure of the fiduciary to keep their medical coverage in place. *Id*. at 595-96. The Eighth Circuit affirmed the lower court's dismissal of the claim for "restitution" of the medical bills and costs plaintiffs incurred. The court found this was a claim for monetary relief that is precluded under ERISA. *Id*. at 596. The plaintiffs argued that the lack of an award of damages would leave them without any remedy. *Id*. at 598. The court noted the Supreme Court's pronouncement that the judicial branch "may not expand the remedial scheme prescribed in ERISA based on vague notions of policy, particularly when the text of the statute and the Supreme Court's interpretation of the text are specific about available remedies." *Id*.

Unless one is prepared to completely reject the ERISA statute as the exclusive means by which ERISA disputes are resolved, then the claim brought must fit somewhere within the enumerated causes of action set forth in Section 1132(a).  Whether the Steptoe Defendants style their counterclaim as a compulsory counterclaim, or arising under pendent or supplemental jurisdiction, or arising under the interpleader statute, their counterclaim is neither a claim upon which relief can be granted nor a counterclaim with subject matter jurisdiction.

In their Opposition Memorandum, the Steptoe Defendants cite to two district court cases that have found federal jurisdiction for interpleader actions outside of ERISA's civil enforcement statute.  It appears that in both cases the jurisdictional issue was not disputed, but was raised *sua sponte* by the court and was not contested by the parties.  Neither case cites to or analyzes the above-cited Supreme Court cases with respect to Section 1132.

## VI. INTERPLEADING OTHER PURPORTED CLAIMANTS WILL INCREASE COSTS OF THIS LITIGATION.

Although the Steptoe Defendants disagree in their Opposition Memorandum, common sense leads to the inevitable result that adding additional parties with additional claims to this litigation will, in fact, cause the Dodge Plaintiffs to expend additional funds in attorneys' fees and costs.  For example, it is likely that the Dodge Plaintiffs would have to engage in discovery to learn the exact nature of any ERISA claims being made by any of the other purported claimants.  The expenditure of time and money on such an enterprise would be completely unnecessary if this case were to be properly limited to the analysis of Ann Day Wallick's claims as they relate to the language of the ERISA plans.  It would certainly seem probable to the Dodge Plaintiffs that, in any dispositive motions that may be filed in this matter, they would have to not

only address the issues surrounding Mrs. Wallick's claims, but also the claims of any other persons who might be interpleaded.

Moreover, the granting of interpleader in this case would put into question the ability of the Dodge Plaintiffs to recover their attorneys' fees and costs under Section1132(g).  The Steptoe Defendants are the parties who should properly bear all of such attorneys' fees awards in this case, since they forced the plaintiffs to file this action by not making a decision on Mrs. Wallick's claims.  The Steptoe Defendants should not be excused from this litigation should interpleader be granted, but should remain available for the award of attorneys' fees, no matter how much greater those fees could become due to any participation of other parties in this litigation.

## VII.  PERMITTING INTERPLEADER IS NOT REQUIRED SIMPLY TO MAKE UNUM A PARTY HERETO.

At pages 10-11 of their Opposition Memorandum, the Steptoe Defendants assert that they are not authorized to distribute death benefits from the life insurance plan insured by Unum.  The plaintiffs observe that the quoted language from the summary plan description at page 11 of the Opposition Memorandum does not negate the power of the Steptoe Defendants to provide the relief sought by the plaintiffs in their claim for life insurance proceeds.  In fact, the language quoted by the Steptoe Defendants at page 11 indicates that the plan and its plan administrators (defendants herein) "have the broadest discretion permissible."  In other words, the life insurance plan and its plan administrator (neither of which are Unum) have the ultimate power to administer the plan.  The fact that Unum may also have substantial power, and may in fact

administer claims decisions, does not negate the power of the defendants already named in this action.

The plaintiffs oppose the adding of Unum if it is intended by the defendants simply as a make-weight for their interpleader counterclaim.  If in fact the Court finds that complete relief cannot be afforded to the plaintiffs due to the lack of authority of the existing defendants to pay over the life insurance benefits, then the plaintiffs have no objection to adding Unum as an additional party on the Dodge Plaintiffs' claim concerning the life insurance benefits (Count III).  If the Court finds that Unum is a needed party for that purpose, then the participation of Unum is independent of the proposed interpleader counterclaim.

For all the above reasons, and for such other and further reasons as may be made apparent to the Court, plaintiffs Christopher L. Dodge and Jonathan F. Dodge respectfully request that the counterclaim in interpleader be dismissed, and that they have such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

                BORING & PILGER, P.C.

                /s/ Karl W. Pilger
                Karl W. Pilger (Bar #941955)
                307 Maple Avenue West, Suite D
                Vienna, Virginia   22180-4307
                Phone: (703) 281-2161
                Fax:    (703) 281-9464
                *Counsel for Christopher L. Dodge,*
                *Personal Representative of the Estate of*
                *Ann Day Wallick, and individually;*
                *Counsel for Jonathan F. Dodge*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2006, a true and accurate copy of the foregoing *Memorandum of Points and Authorities of Plaintiffs in Reply to Defendants' Opposition to Motion to Dismiss Counterclaim in Interpleader* was served via electronic transmission upon:

Karla Grossenbacher, Esq.
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC   20006-4004

and via first-class mail, postage prepaid, upon:

David E. Constine, III, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA   23218-1122

William E. Davis, Esq.
Ross, Marsh & Foster
2001 L Street, NW, Suite 400
Washington, DC   20036

Susan G. Blumenthal, Esq.
Williams Mullen
1666 K Street, Suite 1200
Washington, DC   20036

   /s/ Karl W. Pilger
Karl W. Pilger