IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER L. DODGE, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 06-01368 |
| ) | Judge: Reggie B. Walton |
| STEPTOE & JOHNSON, LLP PROFIT SHARING ) | |
| PLAN FOR CLASS O EMPLOYEES, *et al.*, ) | |
| ) | |
| Defendants ) | |
| ) | |
| ROBERT D. WALLICK JR. ) | |
| 137 Vine Street ) | |
| Everett, Massachusetts 02149 ) | |
| ) | |
| JENNIFER WALLICK NELSON ) | |
| 12687 Gibraltar Drive ) | |
| San Diego, California 92128 ) | |
| ) | |
| JONATHAN R. WALLICK ) | |
| 96 Hargrove Circle ) | |
| Martinsburg, West Virginia    25403 ) | |
| ) | |
| Applicants for Intervention ) | |

**MOTION OF ROBERT D. WALLICK, JR., JENNIFER WALLICK NELSON, AND
JONATHAN R. WALLICK, (THE "WALLICK CHILDREN")
<u>TO INTERVENE AS PARTY PLAINTIFFS</u>**

Robert D. Wallick, Jr., Jennifer Wallick Nelson, and Jonathan R. Wallick, (the "Wallick Children") by and through their Counsel, Ross, Marsh & Foster, and William E. Davis, Esq., respectfully move this Court to grant them leave to intervene as additional parties plaintiff in the above captioned cause, pursuant to Rule 24 of the Federal Rules of Civil Procedure, in order to assert their claims against the Defendants set forth in their proposed Complaint, a copy of which is attached

hereto.

This case involves competing claims for benefits to be distributed from the various pension and life insurance plans in which the Decedent, Robert D. Wallick ("Mr. Wallick"), was a participant while a partner at the law firm of Steptoe & Johnson, LLP. The claims made by the Plaintiffs, Christopher L. Dodge and Jonathan F. Dodge (the "Dodge Children"), in their Complaint filed herein, are derivative in nature, based on the claims to the various plan benefits made by their mother, Ann Day Wallick ("Mrs. Wallick"), the surviving spouse of Mr. Wallick. Mrs. Wallick died on May 15, 2006, prior to the resolution, by the plan administrators, of competing claims made to the plan benefits made by Mrs. Wallick and the Wallick Children. The Wallick Children are the biological children of Mr. Wallick from a previous marriage. The Dodge children are the children of Mrs. Wallick from a previous marriage.

WHEREFORE, the Wallick Children respectfully move this Court to grant their Motion to Intervene as Party Plaintiffs and in support of their motion, submit the accompanying memorandum of points and authorities.

                              Respectfully submitted,

                              ROSS, MARSH & FOSTER

                              By /s/ William E. Davis
                              William E. Davis, 187914
                              2001 L Street, NW, Ste. 400
                              Washington, D. C. 20036
                              (202) 822-8888
                              Counsel for Robert D. Wallick, Jr., Jennifer
                              Wallick Nelson and Jonathan R. Wallick ( the
                              "Wallick Children")

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER L. DODGE, *et al.*,  )<br>)<br>Plaintiffs  )<br>)<br>)<br>v.  )<br>)<br>STEPTOE & JOHNSON, LLP PROFIT SHARING )<br>PLAN FOR CLASS O EMPLOYEES, *et al.*,  )<br>)<br>Defendants  )<br>)<br>)<br>ROBERT D. WALLICK JR.  )<br>137 Vine Street  )<br>Everett, Massachusetts 02149  )<br>)<br>JENNIFER WALLICK NELSON  )<br>12687 Gibraltar Drive  )<br>San Diego, California 92128  )<br>)<br>JONATHAN R. WALLICK  )<br>96 Hargrove Circle  )<br>Martinsburg, West Virginia   25403  )<br>)<br>Applicants for Intervention  ) | Civil Action No. 06-01368<br>Judge: Reggie B. Walton |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION OF ROBERT D. WALLICK, JR., JENNIFER WALLICK NELSON, AND
JONATHAN R. WALLICK (THE "WALLICK CHILDREN"),
<u>TO INTERVENE AS PARTY PLAINTIFFS</u>**

<u>THE FACTS</u>

1.  Defendants, Steptoe & Johnson, LLP ("Steptoe"), *et al.*, has filed a Motion for Joinder of Additional Parties in this matter requesting the Court to join Robert D. Wallick, Jr., Jennifer Wallick Nelson and Jonathan R. Wallick (the "Wallick Children"), the Applicants for Intervention herein, as necessary and indispensable parties to a full resolution of the claims brought

in the complaint and in the Steptoe Defendants' Counterclaim in Interpleader.

2. This case involves a determination of the proper beneficiary of various employee benefit plans in which Robert D. Wallick ("Mr. Wallick"), now deceased, participated while a partner at Steptoe & Johnson, LLP.

3. Mr. Wallick died on December 26, 2004, survived by his Wife, Ann Day Wallick ("Mrs. Wallick). Mrs. Wallick died on May 15, 2006, prior to the resolution of the competing claims made by the Wallick Children and by Mrs. Wallick, to the various Employee Benefit Plans.

4. The Wallick children are the children of Mr. Wallick from his previous marriage.

5. Christopher L. Dodge, individually and as Personal Representative of the Estate of Ann Day Wallick, and Jonathan Dodge, (the "Dodge Children"), filed the Complaint herein claiming the benefits from the Steptoe and Johnson Profit Sharing Plan for Class O Employees ("Class O Plan"), the Steptoe & Johnson LLP Cash or Deferred Profit Sharing Plan ("Cash or Deferred Plan") and the Steptoe and Johnson LLP Group Life Insurance Plan ("Life Insurance Plan"), (collectively the "Employee Benefit Plans").

6. The Dodge Children are the children of Mrs. Wallick from her previous marriage and the stepchildren of Mr. Wallick.

7. In February, 1992, Mr. Wallick executed a beneficiary designation form naming the trustees of a marital trust created by his 1991 Will the primary beneficiaries "For Life Insurance Plan, Accidental Death & Dismemberment Plan, and Cash or Deferred Profit Sharing Plan. Mr. Wallick's surviving issue, the Wallick Children herein, were named the Contingent beneficiaries *per stirpes*. Mrs. Wallick executed the spousal consent to the beneficiary designation and waived her rights as primary beneficiary under the plans referenced in the beneficiary designation.

8. Mr. Wallick executed a new Will on August 30, 1999, which in effect, incorporated and restated the marital trust created by his 1991 Will, specifically making provision for the payout of distributions from the Marital Trust to Mrs. Wallick of annual distributions from any IRA made to the Marital Trust in the event he died either before or after having reached his required beginning date for distributions.

9. The Wallick Children, as the remainder beneficiaries of the Marital Trust created under both the 1991 and 1999 Last Wills and Testament of Mr. Wallick, and as the Contingent beneficiaries named in the 1992 beneficiary designation form have an immediate and compelling interest in the property and in the transaction which is the subject of the Complaint filed herein. Disposition of claims stated in the Complaint without their intervention will impede their ability to protect their individual interests and their interests in the trusts created by Mr. Wallick's Will.

## ARGUMENT

**Intervention of Right**:

Rule 24(a) of the Federal Rules of Civil Procedure permits *intervention of right* upon timely application "... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." In the instant case, the Wallick Children, applicants for intervention, (i) are making a timely application to intervene; (ii) are claiming an interest in the subject matter of the pending litigation; (iii) are so situated that absent intervention their interests will be impaired or impeded; and (iv) the existing parties to the pending action do not adequately represent their interest.

(i) <u>The application for intervention is timely.</u> The Complaint was filed herein on or about August 2, 2006; the Answer and Counterclaim for Interpleader was filed on or about September 22, 2006. This Motion To Intervene is being filed promptly after the filing of the Answer and Counterclaim.

(ii) <u>The applicants for intervention are claiming an interest in the subject matter of the pending litigation.</u> In their proposed Complaint attached to this Motion, the Wallick children seek a determination by the Court that they, either as contingent beneficiaries or as vested remainder beneficiaries of the marital trust created under their father's wills, are entitled to receive the distributions from the various employee benefit plans in which their father, Mr. Wallick, was a participant while a partner a Steptoe and Johnson, LLP.

(iii) <u>The Wallick Children are so situated that absent intervention their interests will be impaired or impeded.</u> The competing claims of the Wallick Children to the distributions from the various employee benefit plans will be significantly impaired if the instant case is decided without their participation. Depending upon the disposition of the pending litigation they could be prevented from future attempts to establish their claims to the distributions from their father's employee benefit plans. Furthermore, the Defendants herein, in acknowledgment of the potential effects a disposition of the instant case may have upon the claims of the Wallick children, has filed a Counterclaim in Interpleader seeking to have them interplead their claims to the employee benefit plans. Defendants have filed a Motion requesting the Court to join the Wallick Children as necessary parties to the litigation as they are necessary and indispensable to a full resolution of the claims made in the complaint and in the Defendants' Counterclaim in Interpleader.

(iv) <u>The existing parties to the pending action do not adequately represent their interest.</u>

The interest of the Wallick Children in the subject matter of the litigation is not represented by either the Plaintiffs or the Defendants.

**Permissive Intervention:**

In the event this Court should deny the Wallick Children permission to intervene in this action as a matter of right, the Court should grant the Wallick Children *permissive intervention* under Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b) provides that upon timely application, "anyone shall be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common." The claims of the Wallick Children and the claims asserted by the Plaintiffs in their Complaint filed herein, have questions of law and fact in common; namely, the proper beneficiaries of Mr. Wallick's employee benefit plans. In granting permissive intervention in this case, the adjudication of the rights of the original parties will not be unduly delayed or prejudiced. The Motion to Intervene is being filed promptly after the filing of the Answer and Counterclaim of the Defendant.

## CONCLUSION

The claims of the Wallick Children present both questions of law and of fact which are common to the claims presented in the Complaint and intervention by the Wallick Children in this proceeding will enable the Court to dispose of the claims asserted in the Complaint in an efficient manner compatible with ensuring due process.

This Motion to Intervene is timely filed and will not unduly delay or prejudice the adjudication of the rights of the original parties. The Complaint herein was filed on or about August 2, 2006; the Answer and Counterclaimed were filed on or about September 22, 2006,

Wherefore, the Wallick Children respectfully request this Court to grant their Motion to

Intervene as party Plaintiffs.

          Respectfully submitted,

          ROSS, MARSH & FOSTER

By _____
          William E. Davis, 187914
          2001 L Street, NW, Ste. 400
          Washington, D. C.  20036
          (202) 822-8888
          Counsel for Robert D. Wallick, Jr., Jennifer
          Wallick Nelson and Jonathan R. Wallick ( the
          "Wallick Children")

CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing Motion of Robert D. Wallick, Jr., Jennifer Wallick Nelson, and Jonathan R. Wallick, to Intervene as Party Plaintiffs, the accompanying Memorandum on Points and Authorities and a copy of their proposed Complaint filed therewith, was mailed, first class postage prepaid, this 26th day of October, 2006, to:

Karl W. Pilger, Esq.
Boring & Pilger, P.C.
307 Maple Avenue West, Suite D
Vienna, Virginia 22180-4307

Karla Grossenbacher, Esq.
Seyfarth Shaw, LLP
815 Connecticut Avenue, NW., Ste. 500
Washington, D. C. 20006-4004

David E. Constine, III, Esq.
Troutman Sanders LLP
P. O. Box 1122
Richmond, VA 23218-1122

Susan G. Blumenthal, Esq.
Williams Mullen
1666 K Street, N.W., Suite 1200
Washington, D. C. 20036

_____
William E. Davis