IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT D. WALLICK JR.                    )
137 Vine Street                          )
Everett, Massachusetts 02149             )
                                         )
JENNIFER WALLICK NELSON                  )
12687 Gibraltar Drive                    )
San Diego, California 92128              )
                                         )
JONATHAN R. WALLICK                      )
96 Hargrove Circle                       )
Martinsburg, West Virginia  25403        )
                                         )
          Plaintiffs/Intervenors         )
                                         )
     v.                                  )     Civil Action No. 06-01368
                                         )     Judge: Reggie B. Walton
STEPTOE & JOHNSON LLP PROFIT             )
SHARING PLAN FOR CLASS O                 )
EMPLOYEES                                )
1330 Connecticut Avenue, NW              )
Washington, D. C.  20036                 )
                                         )
SERVE:     PAUL KRUSE, Administrator     )
           Steptoe & Johnson, LLP Profit )
           Sharing Plan for Class O Employees )
           1330 Connecticut Avenue, NW   )
           Washington, D. C. 20036       )
                                         )
and                                      )
                                         )
STEPTOE & JOHNSON LLP CASH OR            )
DEFERRED PROFIT SHARING PLAN             )
1330 Connecticut Avenue, NW              )
Washington, D. C.  20036                 )
                                         )
SERVE:     PAUL KRUSE, Administrator     )
           Steptoe & Johnson, LLP Cash or )
           Deferred Profit Sharing Plant )
           Sharing Plan                  )
           1330 Connecticut Avenue, NW   )
           Washington, D. C. 20036       )
                                         )

and                                              )
                                                 )
STEPTOE & JOHNSON, LLP GROUP                     )
LIFE INSURANCE PLAN                              )
1330 Connecticut Avenue, N.W.                    )
Washington, D. C. 20036                          )
                                                 )
    SERVE:      STEPTOE & JOHNSON, LLP,          )
                Plan Administrator               )
                1330 Connecticut Avenue, N.W.    )
                Washington, D. C. 20036          )
                                                 )
and                                              )
                                                 )
STEPTOE & JOHNSON LLP,                           )
Plan Administrator of the Steptoe & Joihnson,    )
LLP Group Life Insurance Plan                    )
1330 Connecticut Avenue, NW                      )
Washington, D. C. 20036                          )
                                                 )
    SERVE:      DAVID ROLL, Registered Agent     )
                1330 Connecticut Avenue, NW      )
                Washington, D. C. 20036          )
                                                 )
                                Defendants       )


## **COMPLAINT**

Plaintiffs/Intervenors, Robert D. Wallick, Jr., Jennifer Wallick Nelson and Jonathan R.

Wallick, by and through their undersigned counsel, Ross, Marsh & Foster and William E. Davis, Esq.,

as and for their complaint against the Defendants, represent to this Honorable Court as follows:

    1.    Plaintiff/ Intervenor Robert D. Wallick, Jr., is a citizen of the State of

Massachusetts; Plaintiff/ Intervenor Jennifer Wallick Nelson is a citizen of the State of California; and

Plaintiff/ Intervenor Jonathan R. Wallick is a citizen of the State of West Virginia.

    2.    Defendant Steptoe & Johnson, LLP Profit Sharing Plan for Class O Employees

Page -2-

(the "Class O Plan") is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), Title 29 U.S.C., §§ 1001 *et seq.*

3.      Defendant Steptoe & Johnson, LLP Cash or Deferred Profit Sharing Plan ("Cash or Deferred Plan") is an employee benefit plan as defined by ERISA.

4.      Defendant Steptoe & Johnson, LLP Group Life Insurance Plan ("Life Insurance Plan") is an employee benefit plan as defined by ERISA.

5.      Defendant Steptoe & Johnson, LLP ( "Steptoe & Johnson") is a District of Columbia limited liability partnership that serves as plan administrator of the Life Insurance Plan. Steptoe & Johnson is an ERISA fiduciary with respect to said plan.

## Jurisdiction And Venue

6.      This Court has jurisdiction of this matter under Title 29 U.S.C. §§ 1132(e) and (f) and Title 28 U.S.C. § 1331.

7.      This Court is the proper venue for this action under Title 29 U.S.C. § 1332(e)(2).

## Facts

8.      Robert D. Wallick ("Mr. Wallick") died on December 26, 2004, in the District of Columbia.  At the time of his death, and, on information and belief prior to his marriage to Ann Day Wallick ("Mrs. Wallick"), Mr. Wallick was a partner at Steptoe & Johnson, a law firm with offices in Washington, D. C.

9.      At the time of his death, Mr. Wallick was a plan participant in the Class O Plan, the Cash or Deferred Plan, and the Life Insurance Plan.

10.     At the time of his death, Mr. Wallick had vested benefits in the Class O Plan and the Cash or Deferred Plan, and was entitled to certain death benefits under the Life Insurance Plan.

11.    At the time of his death, Mr. Wallick was married to Mrs. Wallick.

12.    Mrs. Wallick died on or about May 15, 2006.

13.    Robert D. Wallick, Jr., Jennifer Wallick Nelson and Jonathan R. Wallick, (the "Wallick Children") are the children of Mr. Wallick from a prior marriage.

14.    On February 6, 1992, Mr. Wallick executed a Steptoe & Johnson Beneficiary Designation Form for his "Life Insurance Plan", "Accidental Death & Dismemberment" plan and "Cash or Deferred Profit Sharing Plan" in which he *designated*, as an attachment also signed by him on February 6, 1992, ". . .the *Trustees* (emphasis added) of the trust created under Article Fifth of my Will, dated December 20, 1991, for the benefit of my wife", the Primary beneficiary.  Mr. Wallick's issue who survived him were the designated Contingent beneficiaries. *See* EXHIBIT 1.

15.    The trust created under the Mr. Wallick's 1991 Will was a marital trust for the benefit of Mrs. Wallick during her lifetime.  Upon Mrs. Wallick's death the trust terminated and the Trustee was directed to pay the principal remaining, after payment of death taxes attributable to the value of the trust property includible in Mrs. Wallick's gross estate, to Mr. Wallick's surviving issue, *per stirpes*.

16.    Mrs. Wallick executed a spousal consent to the beneficiary designation on February 11, 1992,  and waived her rights as a primary beneficiary under the plans indicated on the Beneficiary Designation Form. *See* EXHIBIT 1.

17.    Mr. Wallick and Mrs. Wallick entered into a Postnuptial Agreement dated August 30th, 1999, in which each of them,  waived and relinquished all their respective dower, curtesy and homestead rights or interests, and all statutory elective rights or interests which either may have, as the widower or widow of the other,  in the estate of the other. Except as otherwise provided in that

Page -4-

agreement the parties further agreed in Paragraph 3, Pages 6 & 7, that each would have full power

and separate control of his or her property acquired in his or her name alone and that each would

execute and deliver any and all such other and further assurances, whether in writing or otherwise,

as either of them should reasonably require for the purpose of giving full effect to the Agreement. *See*

EXHIBIT 2.

18.     On Exhibit A of the Postnuptial Agreement, under <u>Assets owed in the sole name of</u>

<u>Robert D. Wallick</u>, the following assets are listed:

| | |
|---|---|
| Steptoe & Johnson LLP retirement accounts | $2,660,200 |
| IRA's | 30,000 |
| Annuities received from Steptoe & Johnson LLP | |
|     Retirement plans | 102,000/yr |
| Life Insurance | 423,513 |

19.     On August 30th, 1999, Mr. Wallick also executed a new Will which referenced the

Postnuptial Agreement executed "by my wife and me on this same day prior to the execution of this

Will". *See* EXHIBIT 3.

20.     The Will executed by Mr. Wallick on August 30, 1999, revoked all prior Wills and

Codicils executed by him, but incorporated and restated the provisions of the Marital Trust contained

in the 1991 Will. If Mrs. Wallick survived, the Trustees of the marital trust were to pay or apply the

entire net income earned on the trust property to Mrs. Wallick, at least quarterly, for her lifetime and

were authorized to pay to or apply for her benefit such sums from the principal of the trust as the

Trustees deemed necessary for her health, support and maintenance in accordance with her

accustomed standard of living. Upon Mrs. Wallick's death the trust terminated and the Trustees were

directed to pay the principal remaining, after payment of death taxes attributable to the value of the

trust property includible in Mrs. Wallick's gross estate, to Mr. Wallick's surviving issue, *per stirpes*.

21.     Following Mr. Wallick's death in 2004, a Memorandum dated December 14, 2000,

prepared by his estate planning attorneys, Carol Rhees and Mary Ann Mancini, which referenced

"Beneficiary Designation for New IRA" was found among Mr. Wallick's personal files in his home.

The Memorandum noted that Mr. Wallick had named "the marital trust as the beneficiary under the

firm's cash or deferred profit sharing plan and profit sharing plan for Class O employees" and that the

IRS regulations required that a copy of the Will be provided to the plan administrator.  Attached to

the Memorandum were unexecuted beneficiary designation forms for the "Life Insurance Plan"; the

" 'Partners' Death Benefit Plan' and the 'Partners' Defined Benefit Plan'"; the "'Profit Sharing Plan

for Class E or Class O Employees' and the 'Cash or Deferred Profit Sharing Plan'"; and the

"'Accidental Death & Dismemberment' and the 'Voluntary Accidental Death & Dismemberment'".

*See* EXHIBIT 4.

22.     The Primary Beneficiary of the "Profit Sharing Plan for Class E or Class O

Employees and the Cash or Deferred Profit Sharing Plan" designated on the unexecuted Steptoe &

Johnson Beneficiary Designation Form was the Trustees of the "marital trust created for the benefit

of my wife under my Will dated August 30, 1999", if Mrs. Wallick survived, language almost

identical to the language included in the 1992 Beneficiary Designation form for the Cash or Deferred

Profit Sharing Plan except for the date of the Will in which that trust was included. Mr. Wallick's

issue who survived him were the designated contingent beneficiaries.

23.     In a Memorandum to Paul Kruse, the plan administrator,  from Bob Wallick, *bearing*

*the same December 14, 2000, date, as the Memorandum prepared by his estate planning attorneys,*

and signed "Robert D. Wallick" in substantial, or full compliance with ERISA regulations, Mr.

Wallick advised that he had named a marital trust under his Will as the beneficiary of his Cash or Deferred Profit Sharing Plan and Profit Sharing Plan for Class O Employees and that he was providing a copy of his current will, (the 1999 Will) requesting that it be kept in a confidential place. *See* EXHIBIT 5.

24.    Following their father's death on December 26, 2004, the Wallick Children asserted claims to the various plan benefits (1) in an August, 2005 email from Robert Wallick, Jr., based upon the 1999 Postnuptial Agreement and the 1999 Will in which they were the vested remainder beneficiaries of the Marital Trust created in that Will and (2) alternatively, in a August 30, 2005, letter to Peter Wellington from Jennifer Wallick Nelson, as the contingent beneficiaries named in the February, 1992 Beneficiary Designation Form.

25.    In a letter dated October 7, 2005, to Thomas M. Barba, Esq., from counsel for the Wallick Children, Steptoe & Johnson was advised of claims of the Wallick Children to the various plan benefits. *See* EXHIBIT 6.

26.    On November 11, 2005, Mrs. Wallick, co-personal representative of Mr. Wallick's estate and a co-trustee of the trusts created under Mr. Wallick's 1999 Will, in response to the claims made by the Wallick Children and in anticipation of the litigation of those claims, executed a Recusal Statement, to which the Wallick Children consented, recusing herself from participation in a suit for judicial instructions concerning the ownership of certain assets of the estate and/or trust including judicial instructions regarding the proper beneficiary of Mr. Wallick's various retirement plans. *See* EXHIBIT 7.

**First Claim for Relief**
**Claim for ERISA Benefits**
**(Life Insurance Plan and Cash or Deferred Profit Sharing Plan)**

27.     Plaintiffs/Intervenors reallege and incorporate Paragraphs 1 -26 *supra* as if fully set forth herein.

28.     Mrs. Wallick executed a spousal consent and waived her rights as primary beneficiary under the Life Insurance Plan and the Cash or Deferred Profit Sharing Plan on February 11, 1992, and consented to the designation of the marital trust created under Article Fifth of Mr. Wallick's 1991 Will as the beneficiary of the Life Insurance Plan and the Cash or deferred Profit Sharing Plan.  The marital trust in the 1999 Will is the same trust created in the 1991 Will.

29.     The 1999 Will simply restated and incorporated the marital trust created in the 1991 Will in the 1999 Will and included it in the same Article Fifth in which it was included in the 1991 Will.

30.     As the vested remainder beneficiaries of the Marital Trust created in the 1991 Will of Mr. Wallick and restated and incorporated in the 1999 Will of Mr. Wallick, the Wallick Children, following the death of Mrs. Wallick, are the proper beneficiaries of the Life Insurance Plan and the Cash or Deferred Profit Sharing Plan and have put the Plan Administrator on notice of their claim.

WHEREFORE, the Wallick Children, as the vested remainder beneficiaries of the Marital Trust designated as the Primary Beneficiary on the Steptoe and Johnson Beneficiary Designation Form executed by Mr. Wallick, pray that they be awarded the benefits due under the Steptoe and Johnson Life Insurance Plan and Cash or Deferred Profit Sharing Plan in which Robert D. Wallick was a participant at the time of his death and such other and further relief as to this Court may seem just and proper.

**Second Claim For Relief**
**Alternative Claim for ERISA Benefits**
**(Life Insurance Plan and Cash or Deferred Profit Sharing Plan)**

31.    Plaintiffs/Intervenors reallege and incorporate Paragraphs 1-30 *supra* as if fully set forth herein.

32.    The Wallick children are the designated Contingent beneficiaries in the 1992 Beneficiary Designation Form to which Mrs. Wallick consented and waived her rights as primary beneficiary.  Although the designation of the Trustees of the Marital Trust created in the 1991 Will as the Primary beneficiary is, on its face,  conditioned on the survivorship of Mrs. Wallick, if the Court determines that the 1999 Will effectively revoked the trust created under the 1991 Will with the result that there is no trust beneficiary to take, the designation of the Primary beneficiary fails and Plaintiffs/Intervenors herein claim to be the proper beneficiaries of the various retirement plans as the designated Contingent beneficiaries.

33.    As the Contingent beneficiaries designated on the Beneficiary Designation Form executed by Mr. Wallick on February 6, 1992 and consented to by Mrs. Wallick on February 11, 1992, the Wallick Children, as the surviving issue of Mr. Wallick,  are the proper beneficiaries of the Life Insurance Plan and the Cash or Deferred Profit Sharing Plan and have put the Plan Administrator on notice of their claim.

WHEREFORE, the Wallick Children, as the Contingent beneficiaries designated on the Steptoe and Johnson Beneficiary Designation Form executed by Mr. Wallick, pray that they be awarded the benefits due under the Steptoe and Johnson Life Insurance Plan and Cash or Deferred Profit Sharing Plan in which Robert D. Wallick was a participant at the time of his death and such other and further relief as to this Court may seem just and proper.

Page -9-

**Third Claim for Relief**
**Claim for ERISA Benefits**
**(Life Insurance Plan, Profit Sharing Plan for Class O Employees and Cash or Deferred**
**Profit Sharing Plan)**

34.     Plaintiffs/Intervenors reallege and incorporate Paragraphs 1-33 *supra* as if fully set

forth herein.

35.     In the Postnuptial Agreement executed by Mrs. Wallick on August 30, 1999,

immediately prior to the execution by Mr. and Mrs. Wallick of their 1999 Will, the parties to the

Agreement contracted that each party to the agreement would have full power and separate control

of his or her property acquired in his or her name alone.  The "Steptoe & Johnson LLP retirement

accounts", the IRA's, and the "Annuities received from Steptoe and Johnson LLP retirement

accounts", were scheduled on Exhibit A of the Agreement as "Assets owned in the sole name of

Robert D. Wallick".  Furthermore, the Agreement provided that each of the parties would execute

and deliver any and all such other and further assurances, whether in writing or otherwise, as either

of said parties shall reasonably require for the purpose of giving full effect to this Agreement.

36.     In order to ensure that Mr. Wallick's 1991 estate plan revised in his 1999 Will would

not affect the 1991 beneficiary designation of his retirement plans, Mr. Wallick's estate planning

counsel prepared Steptoe & Johnson LLP Beneficiary Designation Forms designating the Trustees

of the marital trust created under the August 30, 1999 Will as the primary beneficiary of the "Profit

Sharing Plan for Class E or Class O Employees" and the "Cash or Deferred Profit Sharing Plan".

Beneficiary Designation forms were also prepared designating Mr. Wallick's estate as the beneficiary

of his Accidental Death and Dismemberment and Voluntary Accidental Death & Dismemberment

Plans. Mrs. Wallick had not signed the spousal consent on either form and the Plaintiffs/Intervenors

allege that Mrs. Wallick refused to execute the forms as requested by Mr. Wallick, despite the provision of the executed Postnuptial Agreement requiring her to do so.

37.    In the Memorandum to Paul Kruse, the Plan Administrator, dated December 14, 2000, Mr. Wallick forwarded a copy of his 1999 Will, which included the marital trust, advising Mr. Kruse that the marital trust under his Will was the beneficiary of the two plans referenced in the memorandum, namely, the Cash or deferred Profit Sharing Plan and the Profit Sharing Plan for Class O Employees.

38.    Mrs. Wallick effectively waived her interest in Mr. Wallick's separate property scheduled on Exhibit A of the Postnuptial Agreement, including his various Steptoe and Johnson retirement plan benefits, when she executed the Postnuptial Agreement, and Mr. Wallick's December 4, 2000 Memorandum to the Plan Administrator, constituted a valid and enforceable beneficiary designation of the Plans referenced therein.

39.    As the vested remainder beneficiaries of the Marital Trust restated and incorporated in the 1999 Will the Wallick Children, following the death of Mrs. Wallick, are the proper beneficiaries of the Profit Sharing Plan for Class O Employees and the Cash or Deferred Profit Sharing Plan and have put the Plan Administrator on notice of their claim.

40.    Mrs. Wallick also effectively waived her interest in Mr. Wallick's life insurance scheduled on Exhibit A of the Postnuptial Agreement. In the absence of valid beneficiary designation for that insurance, Mr. Wallick's estate, and through his estate the Marital Trust, is the proper beneficiary of those life insurance proceeds.

WHEREFORE, the Wallick Children, as the vested remainder beneficiaries of the Marital Trust created under the Last Will and Testament of Mr. Wallick, pray that they be awarded the

benefits due under the Steptoe and Johnson Life Insurance Plan, Profit Sharing Plan for Class O

Employees and Cash or Deferred Profit Sharing Plan in which Robert D. Wallick was a participant

at the time of his death and such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

Robert D. Wallick Jr., Jennifer
Wallick Nelson and Jonathan R.
Wallick (The Wallick Children)

By _____

William E. Davis 187914
ROSS, MARSH & FOSTER
2001 L Street, NW., Ste. 400
Washington, D. C. 20036
(202) 822-8888