# EXHIBIT 6

2005 Letter from Counsel for Wallick Children to Thomas M. Barba, Esq.

LAW OFFICES

# ROSS, MARSH & FOSTER

2001 L STREET, N. W.
SUITE 400
WASHINGTON, D. C. 20036

(202) 822-8888
(202) 775-9330 (TELECOPIER)

WILLIAM C. DAVIS
Also Admitted in Maryland and North Carolina

WRITER'S DIRECT DIAL
(202) 721-5520
wdavis@rossmarshfoster.com

October 7, 2005

Thomas M. Barba, Esq.
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

<u>VIA First Class Mail and Fax No. (202) 261-9838</u>

                Re:    <u>The Estate of Robert D. Wallick</u>

Dear Mr. Barba:

    I have been engaged by Rob Wallick, Jr., Jon Wallick and Jennifer Wallick Nelson to represent their interests in the estate of their father, Robert D. Wallick. As you are aware, there are disagreements between the Wallick children and Mr. Wallick's surviving spouse, Ann Day Wallick, regarding the proper beneficiary and the property transfer of certain assets Mr. Wallick held at the time of his death.

    One of those disagreements relates to the beneficiary to receive the proceeds payable from Mr. Wallick's Life Insurance Plan and from his Deferred Profit Sharing Plan at Steptoe. I have been provided a copy of your June 27, 2005, letter to Susan Blumenthal, Counsel for the Personal Representatives, in which you wrote that in the absence of a valid beneficiary designation with respect to the cash or deferred profit sharing plan and the profit sharing plan for Class O employees, it was the conclusion of Steptoe that the proceeds of both plans would be payable to the surviving spouse in accordance with the plan default rule. My clients strongly disagree with that position and contend that there is a valid beneficiary designation pursuant to the Beneficiary Designation Form executed by Mr. Wallick on February 6, 1992, to which Mrs. Wallick consented as evidenced by her signature dated February 11, 1992, as well as other beneficiary designation documentation.

    In her letter to the Interested Persons of the estate dated September 6, 2005, Ms. Blumenthal wrote that the Estate "will be filing a 'suit for judicial instructions' with the Superior Court of the District of Columbia. The purpose of the suit will be to . . . to have the Court make an objective determination . . . who the proper beneficiary or beneficiaries are of the Steptoe profit-sharing plans and life insurance policy." Relying upon Ms. Blumenthal's representations that the Estate will initiate a proceeding to determine the proper beneficiary of the profit-sharing plans, the Wallick children have deferred initiating any legal action seeking to enforce their claims.

Thomas M. Barba, Esq.
Steptoe & Johnson
October 7, 2005
Page Two

The purpose of this letter is merely to put Steptoe on notice regarding the claims the Wallick children will make to Mr. Wallick's Deferred Profit Sharing Plan at Steptoe and to advise Steptoe against approving any distribution under the Plan to the surviving spouse absent a judicial determination regarding the proper beneficiary of the Plan.

Sincerely yours,

*William E. Davis*

William E. Davis

WED/d
cc: Susan G. Blumenthal, Esq.
    Mr. Robert D. Wallick, Jr.
    Mr. Jonathan R. Wallick
    Ms. Jennifer Wallick Nelson