IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER L. DODGE, *et al.*,           )
                                          )
      Plaintiffs,                      )
                                          )
v.                                        )    Civil Action No.  1:06CV01368
                                          )    Judge:  Reggie B. Walton
STEPTOE & JOHNSON, LLP PROFIT             )
SHARING PLAN FOR CLASS O                  )
EMPLOYEES, *et al.*,                      )
                                          )
      Defendants.                      )

**MEMORANDUM OF PLAINTIFFS CHRISTOPHER L. DODGE AND
JONATHAN F. DODGE IN OPPOSITION TO MOTION OF
THE WALLICK CHILDREN TO INTERVENE AS PARTIES PLAINTIFF**

COME NOW plaintiffs Christopher L. Dodge and Jonathan F. Dodge (hereinafter

sometimes as the "Plaintiffs"), by and through the undersigned counsel, and  oppose the motion

of Robert D. Wallick, Jr., Jennifer Wallick Nelson, and Jonathan R. Wallick (the "Wallick

Children" or "Intervenors") to intervene as parties plaintiff.  The Motion to Intervene is without

merit and should be denied.

The complaint filed on behalf of the Wallick Children (hereinafter "Complaint in

Intervention") is not focused on why the ERISA claims of the Plaintiffs, Christopher and

Jonathan Dodge, should be granted or denied.  Instead, the Complaint in Intervention deals

exclusively with new ERISA claims for benefits by the Intervenors.  Indeed, the Motion to

Intervene at page 1 states that intervention by the Wallick Children is sought "in order to assert

*their* claims against the Defendants..." (emphasis supplied).  Each cause of action in the

Complaint in Intervention is described as a "Claim for ERISA Benefits" and, while there is no

assertion of the statutory basis for the claims, it appears clear that the Intervenors are proceeding

under Title 29 U.S.C. Section 1132(a)(1)(B) (an action "to recover benefits due to him under the

terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

benefits under the terms of the plan").

While the Complaint in Intervention asserts that the Wallick Children have "asserted

claims to the various plan benefits", a fair reading of the pleading shows that such ERISA claims

have never been filed with the plan administrators.  *See* Complaint in Intervention at ¶¶ 24 and

25.  There is certainly no allegation that any plan administrator has acted upon their "asserted

claims" or that the Intervenors have exhausted their administrative remedies under ERISA.

The Complaint in Intervention shows on its face that the Wallick Children do not have

standing to bring the ERISA claims they have pled.  They only assert that they are "vested

remainder beneficiaries" of certain marital trusts under the last will and testament of the late

Robert Wallick.  Their interests are therefore attenuated; the proper ERISA claimants would

therefore be Mr. Wallick's estate fiduciaries.

The application to intervene should be denied as the Intervenors are making claims upon

which relief cannot be granted and because they lack standing to even bring such claims.

I.      **THE INTERVENORS HAVE FAILED TO EXHAUST ADMINISTRATIVE
        REMEDIES AS REQUIRED UNDER ERISA.**

It is well established that, barring exceptional circumstances, plaintiffs seeking a

determination pursuant to ERISA of rights under ERISA plans must exhaust available

administrative remedies under those plans before they may bring suit in federal court.

*Communications Workers of America v. AT&T*, 40 F.3d 426, 431 (D.C. Cir. 1994), and cases

cited therein at 431-32. The general rule in the District of Columbia Circuit is that exhaustion requirement may be waived only in the most exceptional circumstances. *Id*. at p. 432. No such "exceptional circumstances" are involved in this matter.

There are no allegations within the Motion or the Complaint in Intervention that administrative remedies have been exhausted with respect to the claims put forth by the Intervenors. Upon closer examination of the allegations of the Complaint in Intervention at paragraphs 24 and 25, it does not even appear that ERISA claims have been served upon the appropriate plan administrators of the three plans involved in this litigation.

In paragraph 25 of the Complaint in Intervention, the Intervenors refer to a letter attached as Exhibit 6, and they allege in that letter that Steptoe & Johnson "was advised of claims of the Wallick Children to the various plan benefits." A review of the letter shows that it is not a "claim" in accordance with the provisions of the summary plan descriptions of any of the plans. Rather than being directed to a plan administrator, it is directed to an attorney at Steptoe & Johnson. Furthermore, it merely advises Steptoe & Johnson that the Wallick Children will make a claim in the future with respect to one of the profit sharing plans. *See* Exhibit 6 to Complaint in Intervention at p. 2.

In paragraph 24 of the Complaint in Intervention, Intervenors reference an e-mail and a letter that are not attached to the Complaint in Intervention. If the Plaintiffs have correctly identified the e-mail and letter referenced in paragraph 24, such communications do not constitute ERISA claims, as they are not addressed to the appropriate plan administrators and are not assertions of an actual claim. Regardless of whether these written communications are considered ERISA "claims", it is without dispute that the Intervenors have failed to exhaust

administrative remedies, as there are no allegations that any claims have been acted upon by the plan administrators.

The Plaintiffs' objection to the Intervenors' failure to exhaust administrative remedies is not simply a technical nicety, because such failure affects substantive rights.  By avoiding making an ERISA claim with the plan administrators, the Intervenors are attempting to avoid the deferential standard on review that would be applied by this Court if the plan administrators considered and denied the benefits claims being asserted by the Intervenors now.

Where the ERISA plans give the plan administrators discretion, as these plans do, then determinations of claims by the plan administrators are reviewed under an abuse-of-discretion or arbitrary and capricious standard.  *See, e.g., Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111, 109 S.Ct. 948 (1989) and *Clapp v. CitiBank, N.A. Disability Plan*, 262 F.3d 820, 826-28 (8th Cir. 2001).  Without a decision by a plan administrator, the Court would have no alternative but to apply the *de novo* standard for evaluating the claims, a standard that is much more advantageous to claimants.

A fair reading of Exhibit 6 to the Complaint in Intervention, the letter dated October 7, 2005, from William E. Davis to Thomas M. Barba, shows that the Intervenors would expect a negative ruling from the plan administrators with regard to two of the benefit plans at issue here.  The second paragraph on the first page refers to "the conclusion of Steptoe that the proceeds of both [profit sharing] plans would be payable to the surviving spouse [Ann Day Wallick] in accordance with the plan default rule."  The letter goes on to assert that the Intervenors "strongly disagree with that position."  It therefore appears likely that the Intervenors made the tactical choice not to bring their ERISA claims to the plan administrators for a decision.

Rather than attempting to intervene for the limited purpose of opposing the claims for benefits being made by the Plaintiffs herein, the Intervenors are seeking to have the Court rule upon their own claims for benefits as stated in the Complaint in Intervention. Such tactic runs afoul of the well-established rule concerning the exhaustion of administrative remedies under ERISA. Since the Complaint in Intervention would have to be dismissed at the outset because of this defect, the motion to permit these new claims of the Intervenors is futile and should be denied.

## II.    THE INTERVENORS LACK STANDING AS TO ALL CLAIMS MADE BY THEM.

Civil actions for ERISA benefits may only be brought by participants or beneficiaries. Title 29 U.S.C. § 1132(a)(1). It is without dispute that the Intervenors are not participants; the participant in all three plans was Robert D. Wallick.

Likewise, the Intervenors are not ERISA beneficiaries. In their First and Third Claims for Relief, the Intervenors assert that they are "vested remainder beneficiaries of the Marital Trust." Complaint in Intervention at ¶¶ 30 and 39. With respect to their Second Claim for Relief, the Intervenors contend that they are contingent beneficiaries under the beneficiary designation form attached to the Complaint in Intervention as Exhibit 1. Complaint in Intervention at ¶¶ 33 and 14. None of these allegations makes the Intervenors ERISA beneficiaries with standing to sue.

The Intervenors are two steps removed from being ERISA beneficiaries with standing to sue. They allege, with respect to their First and Third Claims for Relief, that they are vested remainder beneficiaries of a trust. Any assets would necessarily pass through the hands of the trustee before being distributed to any remaindermen. Prior to that, the executor of

Mr. Wallick's estate would make distributions to the trustee in accordance with the terms of the last will and testament. The terms of the last will and testament and the trust would have to be observed before the remaindermen would be entitled to any distribution. The Intervenors simply wish to circumvent that process. It is the executor or personal representative of a deceased participant's estate that is the proper claimant. *See, e.g., Geissal v. Moore Medical Corp.*, 338 F.3d 926, 931 (8th Cir. 2003).

The claim of the Intervenors under the Second Claim for Relief fares no better. In that claim, the Intervenors assert that they are contingent beneficiaries designated on the beneficiary designation form attached to the Complaint in Intervention as Exhibit 1. As that beneficiary designation form shows, the Intervenors, Robert Wallick's "issue who shall survive me", take as contingent beneficiaries only if Ann Day Wallick does not survive Robert Wallick. It is uncontested that Ann Day Wallick survived Robert Wallick by several months. Given those facts, the beneficiary designation would require that the proceeds go to the trustee of the trust created under a 1991 will, and not directly to the Intervenors here.[1]

The Intervenors do not have standing under ERISA to bring the claims set forth in the Complaint in Intervention. Since the filing of the Complaint in Intervention would be futile, the motion of the Intervenors should be denied.

---

[1] The Plaintiffs do not concede the applicability or enforceability of the beneficiary designation form. Plaintiffs assume, for purposes of argument and without conceding, that it is applicable to the claims of the Intervenors because they have asserted their interest is based upon such document.

### III.    THE PROPOSED INTERVENTION IS UNTIMELY.

If the proposed intervention were for the limited purpose of opposing the claims made by the Plaintiffs herein (which it is not), then the Plaintiffs would concede that the Motion to Intervene is timely made.  However, it is clear from the motion and the Complaint in Intervention that the purpose of the intervention is to have this Court rule upon separate and distinct ERISA claims brought by the Intervenors.  The application for intervention is therefore untimely and will cause substantial delay if permitted.

As set forth above, independent claims of these Intervenors are subject to the doctrine of exhaustion of administrative remedies.  In order for the Complaint in Intervention to be timely made at this point, the Intervenors must have (1) made appropriate claims to the plan administrators in accordance with the provisions of the summary plan descriptions, (2) had those claims denied by the plan administrators, and (3) exhausted all administrative appeals as set forth in the plans' documents.  The Intervenors' claims would then be ripe for adjudication and would not delay these proceedings.

Instead, the Intervenors have done nothing to advance their claims administratively.  This unexplained failure is a waiver of any right of the Intervenors to join these proceedings.  Even if the Intervenors were ERISA beneficiaries with standing, they now would necessarily have to proceed through the administrative claims process which, at a minimum, would take several months.  It is unfair and prejudicial to the Plaintiffs to delay these proceedings any further, especially where the Intervenors have not shown any diligence with respect to the claims they now wish to assert.

For all the above reasons, and for such other and further reasons as may be made apparent to the Court, Plaintiffs Christopher L. Dodge and Jonathan F. Dodge request that the Motion to Intervene brought by the Wallick Children be denied, and that the Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BORING & PILGER, P.C.

/s/ Karl W. Pilger

_____
Karl W. Pilger (Bar #941955)
307 Maple Avenue West, Suite D
Vienna, Virginia   22180-4307
Phone: (703) 281-2161
Fax:    (703) 281-9464
*Counsel for Christopher L. Dodge,*
*Personal Representative of the Estate of*
*Ann Day Wallick, and individually;*
*Counsel for Jonathan F. Dodge*

## REQUEST FOR HEARING

Plaintiffs Christopher L. Dodge and Jonathan F. Dodge respectfully request oral argument concerning the Motion to Intervene.

 /s/ Karl W. Pilger

_____
Karl W. Pilger

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2006, a true and accurate copy of the foregoing Memorandum of Plaintiffs Christopher L. Dodge and Jonathan F. Dodge in Opposition to Motion of the Wallick Children to Intervene as Parties Plaintiff was served via electronic transmission upon:

Karla Grossenbacher, Esq.<br>
Seyfarth Shaw LLP<br>
815 Connecticut Avenue, N.W., Suite 500<br>
Washington, DC   20006-4004

William E. Davis, Esq.<br>
Ross, Marsh & Foster<br>
2001 L Street, NW, Suite 400<br>
Washington, DC   20036

and via first-class mail, postage prepaid, upon:

David E. Constine, III, Esq.<br>
Troutman Sanders LLP<br>
P.O. Box 1122<br>
Richmond, VA   23218-1122

Susan G. Blumenthal, Esq.<br>
Williams Mullen<br>
1666 K Street, Suite 1200<br>
Washington, DC   20036

/s/ Karl W. Pilger

_____

Karl W. Pilger